# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; BH PARTNERSHIP LP, a California limited partnership; ESHW, LLC, a Delaware limited liability company,<br><br>                                Plaintiffs,<br><br>v.<br><br>UNITE HERE LOCAL 30; BRIGETTE BROWNING, an individual; SAN DIEGO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO; TOM LEMMON, an individual; and DOES 1-10, inclusive,<br><br>                                Defendants. | Case No.: 18-cv-2763-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Reconsideration of Order Granting Defendants' Motions to Dismiss Amended Complaint (ECF No. 61) and the Motion for Leave to File Second Amended Complaint (ECF No. 62) filed by Plaintiffs Evans Hotels, LLC, BH Partnership LP, and ESHW, LLC.

## I. BACKGROUND

On December 7, 2018, Plaintiffs Evans Hotels, LLC ("Evans Hotels"), BH Partnership LP, and ESHW, LLC, filed a Complaint against Defendants UNITE HERE Local 30 ("Local 30"), Brigette Browning, San Diego County Building and Construction Trades Council, AFL-CIO ("Building Trades"), and Tom Lemmon. (ECF No. 1). Plaintiffs amended the Complaint on March 7, 2019. (ECF No. 19). In the Amended Complaint, Plaintiffs brought claims against Local 30 and Building Trades for unlawful secondary boycott in violation of section 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 187(a), and claims against all Defendants for attempted monopolization and conspiracy to monopolize in violation of section 2 of the Sherman Act, for violation of 18 U.S.C. § 1692(e) and conspiring to violate § 1692(a)-(c) under the Racketeer Influenced Corrupt Organizations Act ("RICO"), and for interference with contract and attempted extortion.

On March 15, 2019, Defendants filed Motions to Dismiss the Amended Complaint. (ECF Nos. 29, 31). On January 7, 2020, the Court issued an Order dismissing Plaintiffs' Amended Complaint without prejudice and with leave to file a motion for leave to amend. (ECF No. 60). The Court determined that Defendants' activities as alleged in the Amended Complaint were protected by the *Noerr-Pennnington* doctrine. The Court determined that Plaintiffs failed to meet their burden to allege facts that support an inference that Defendants engaged in non-petitioning activity or that Defendants' petitioning conduct was a sham.

On February 4, 2020, Plaintiffs filed a Motion for Reconsideration of Order Granting Defendants' Motions to Dismiss Amended Complaint. (ECF No. 61). On February 6, 2020, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. (ECF No. 62). On March 9, 2020, Defendants filed an Opposition to Plaintiff's Motion for Reconsideration (ECF No. 69) and Oppositions to Plaintiff's Motion for Leave to File Second Amended Complaint (ECF Nos. 70-71). On March 23, 2020, Plaintiffs filed Replies. (ECF Nos. 72-74).

## II. MOTION FOR LEAVE TO AMEND

Plaintiffs move the Court for leave to file a Second Amended Complaint ("SAC") to remove the RICO claims for conspiracy to violate 18 U.S.C. § 1962(a)-(b), to add a claim for unfair competition in violation of sections 17200, *et seq.*, of the California Business and Professions Code, and to add factual allegations related to Defendants communications with City Councilmembers, threats to Sea World, and opposition to projects by entities other than Plaintiffs. Plaintiffs contend that leave to amend is warranted because the facts alleged in the proposed SAC demonstrate conduct by Defendants that falls outside the scope of the *Noerr-Pennington* doctrine. Plaintiffs contend that the facts alleged in the proposed SAC demonstrate that Defendants employed unlawful means of communicating with, and coordinating votes by, members of the City Council. Plaintiffs contend that the facts alleged in the proposed SAC demonstrate conduct by Defendants that meets the serial sham petitioning exception to the *Noerr-Pennington* doctrine. Plaintiffs contend that the facts alleged in the SAC demonstrate that Defendants made direct threats to Plaintiffs that were about conduct unrelated to petitioning activity.

Defendants contend that leave to amend would be futile. Defendants contend that the allegations in the proposed SAC fail to cure the deficiencies that the Court identified in its Order dismissing the Amended Complaint. Defendants contend that the facts alleged in the proposed SAC fail to demonstrate conduct by Defendants that falls outside of the *Noerr-Pennington* doctrine or that Defendants' petitioning conduct was a sham. Defendants contend that the new factual allegations in the proposed SAC regarding serial litigation are futile, because the Court determined that Defendants' petitioning activities related to entities other than Plaintiffs are irrelevant under the *Noerr-Pennington* analysis. Defendants contend that SAC fails to state a claim upon which relief can be granted.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

In this case, Defendants do not contend that the SAC would impose undue prejudice or that Plaintiffs have exhibited undue delay or bad faith. Defendants' sole argument against granting leave to amend is futility. "'[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense.'" *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

Defendants contend that leave to amend would be futile because the SAC fails to state a claim on which relief can be granted. However, "the sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Brier v. N. Cal. Bowling Proprieters' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). The Court will defer consideration of Defendants' challenges to the

merits of the proposed SAC until after the amended pleading is filed. *See Netbula*, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 U.S. Dist. LEXIS 82148, at *6 (N.D. Cal. Oct. 31, 2006) (Defendant's challenges to the merits of a proposed amended pleading "should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). Upon consideration of the *Foman* factors, the Court finds that leave to amend should be granted pursuant to Rule 15(a).[1]

### III.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 62) is granted. Plaintiffs shall file the proposed SAC attached to the Motion for Leave to Amend (ECF No. 62-2) within five (5) days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration of Order Granting Defendants' Motions to Dismiss Amended Complaint (ECF No. 61) is denied as moot.

Dated:  April 20, 2020

Hon. William Q. Hayes
United States District Court

---

[1] Defendants Local 30 and Brigette Browning request that the Court take judicial notice of the May 16, 2013, City of San Diego Percentage Lease By and Between the City of San Diego and BH Partnership. (ECF No. 70-1). Judicial notice of the requested documents is unnecessary for this Order. Local 30 and Brigette Browning's request for judicial notice is denied. *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").