UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; BH PARTNERSHIP LP, a California limited partnership; EHSW, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HERE! LOCAL 30; BRIGETTE BROWNING; SAN DIEGO COUNTY BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO; TOM LEMMON, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No.: 3:18-cv-02763-LL-AHG<br><br>**ORDER DENYING DEFENDANTS':**<br><br>(1) **MOTION FOR RECONSIDERATION and**<br><br>(2) **REQUEST FOR ORAL ARGUMENT**<br><br>**[ECF Nos. 100, 111, 112]** |

**I.    INTRODUCTION**

Plaintiff EVANS HOTEL, LLC, a California limited liability company; BH PARTNERSHIP LP, a California limited partnership; and EHSW, LLC, a Delaware limited liability company (collectively, "Plaintiffs") bring this action against Defendants UNITED HERE! LOCAL 30 ("Unite Here!"); BRIGETTE BROWNING ("Browning"); SAN DIEGO COUNTY BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO ("SDCBCTC"); and TOM LEMMON, an individual ("Lennon") (collectively,

-1-

"Defendants") along with DOES 1 through 10,[1] alleging that Plaintiffs engaged in conduct qualifying as unfair labor practices in violation of the Labor Management Relations Act, 29 U.S.C. § 187(a) (the "LMRA").

Before the Court are Defendants' (1) Motion for Reconsideration, ECF No. 100, and (2) Request for Oral Argument, ECF No. 111. The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 110. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** the motions.

## II. BACKGROUND

### A. Statement of Facts

The Court incorporates the detailed factual history from its August 26, 2021 order denying the motions to dismiss and strike in this matter set forth in ECF No. 93.

### B. Procedural History

On December 7, 2018, Plaintiffs filed their complaint in this matter, alleging, (1) unlawful secondary boycott; (2) attempted monopolization in violation of Section 2 of the

---

[1] The Federal Rules of Civil Procedure ("FRCP") neither authorize nor prohibit the use of fictitious parties; however, FRCP 10 requires a plaintiff to include the names of all parties in his complaint. *See Keavney v. Cty. of San Diego*, No. 3:19-cv-01947-AJB-BGS, 2020 WL 4192286, at *4-5 (S.D. Cal. July 21, 2020) (Battaglia, J.). Plaintiffs' complaint includes allegations against Does 1 through 10. Naming doe defendants also implicates FRCP 4, requiring service of the complaint. *Id.* (noting that "it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant"). "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Keavney*, 2020 WL 4192286 at *4-5. Where a plaintiff fails to link any alleged wrongful act to a specific doe defendant, the court must dismiss those individuals, especially when they have not been served. *See, e.g.*, Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also* S.D. Cal. Civ. R. 41.1(a); *Keavney*, 2020 WL 4192286 at *4-5 (dismissing a plaintiff's first amended complaint). Thus, all doe defendants are dismissed *without prejudice* for want of prosecution pursuant to FRCP 4(m).

Sherman Act; (3) conspiracy to monopolize in violation of Section 2 of the Sherman Act; (4) violation of the Racketeer Influenced and Corrupt Organizations Act (the "RICO Act"), 18 U.S.C. § 1962; (5) violation of the RICO Act, 18 U.S.C. § 1962(d), by conspiring to violate 18 U.S.C. § 1962(c); (6) violation of the RICO Act, 18 U.S.C. § 1962(d), by conspiring to violate 18 U.S.C. § 1962(a); (7) violation of the RICO Act, 18 U.S.C. § 1962(d), by conspiring to violate 18 U.S.C. § 1962(b); (8) interference with prospective economic advantage; and (9) attempted extortion. ECF No. 1.

On February 15, 2019, Defendants timely filed motions to dismiss pursuant to FRCP 12(b)(6) and special motions to strike under California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute, CAL. CIV. PROC. CODE § 425.16. ECF Nos. 15, 16, 17, 18. However, on March 7, 2019, these motions were mooted by Plaintiffs' filing of a First Amended Complaint (the "FAC"), alleging essentially the same claims as in their original complaint aside from adding SDCBCTC to the First Claim for Relief. *See* ECF Nos. 19, 24.

On April 15, 2019, Defendants again filed motions to dismiss the FAC, *see* ECF Nos. 29, 31, while Browning and Unite Here! Moved to strike Plaintiffs' eighth and ninth claims for relief, ECF No. 32.

On January 7, 2020, the Court granted Defendants' motions to dismiss, dismissing the FAC *without prejudice* and denying the pending motion to strike as moot. ECF No. 60. The Hon. William Q. Hayes found that Plaintiffs had failed to allege specific facts showing that Defendants' conduct was not protected under the *Noerr-Pennington* doctrine.[2] *Id.* The Court granted Plaintiffs thirty days to request leave to amend. *Id.* On

---

[2] The *Noerr–Pennington* Doctrine provides immunity to private entities from liability under federal or state antitrust laws for conduct related to petitioning any branch of government in an attempt to influence the passage or enforcement of laws that might have anticompetitive effects. *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1047 (9th Cir. 2015); *Sosa v. DIRECTTV, Inc.*, 437 F.3d 923, 942 (9th Cir. 2006). The doctrine arises out of the belief that antitrust laws should not be applied in the political arena, and that the First Amendment protects political speech. *See Microsoft*, 795 F.3d at 1047 ("The doctrine originated in two Supreme Court antitrust cases holding that the Petition Clause of the First

February 4, 2020, Plaintiffs filed a motion for reconsideration of the Court's order granting the Defendants' motions to dismiss. ECF No. 61. Two days later, on February 6, 2020, Plaintiffs also filed a motion for leave to file a Second Amended Complaint (the "SAC"). ECF No. 62. On April 20, 2020, the Court granted Plaintiffs' motion for leave to file the SAC while denying Plaintiffs' motion for reconsideration of the Court's order granting Defendants' motions to dismiss. ECF No. 76.

On April 21, 2020, Plaintiffs filed the operative SAC, which removed the sixth and seventh claims for relief for violation of RICO by conspiracy to violate 18 U.S.C. §§ 1962(a)–(b) and added a new claim for unfair competition pursuant to California's Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200 *et seq.* (the "UCL"), against all Defendants. ECF No. 76. On May 19, 2020, Defendants again moved to dismiss and strike the complaint. ECF Nos. 79, 80, 81.

On August 26, 2021, the Hon. Todd W. Robinson granted-in-part Defendants' motions to dismiss based on the *Noerr-Pennington* Doctrine and for failure to state a claim, while denying in part the SDCBCTC's anti-SLAPP motion. ECF No. 93. Judge Robinson dismissed all claims for relief except for Plaintiffs' First Claim for Relief for secondary boycott, and granted Plaintiffs "one final opportunity to amend their complaint" by allowing them to file a Third Amended Complaint ("TAC") within fourteen (14) days of the order. ECF No. 93 at 61.

On September 3, 2021, Plaintiffs filed a motion for extension of time to file their TAC due to, *inter alia*, Defendants notifying Plaintiffs they intended to file a motion for reconsideration of the Court's order, ECF No. 94 at 2,[3] which the Court granted on

---

Amendment prohibits imposing liability under the Sherman Act for 'attempt[ing] to persuade the legislature or the executive to take particular action.'"); *see also E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 136 (1961); *United Mine Workers of Am. v. Pennington,* 381 U.S. 657, 670 (1965). Courts have expanded the doctrine "to ensure that 'those who petition any department of the government,' including the courts, 'are immune from . . . liability for their petitioning conduct.'" *Microsoft*, 795 F.3d at 1047.

[3] Unless otherwise indicated, all page number references are to the ECF-generated

September 8, 2021, ECF No. 95.

On September 23, 2021, Defendants filed the instant Motion for Reconsideration, arguing, *inter alia*, that "Judge Robinson's Order [dismissing the SAC] contradicted Judge Hayes' legal reasoning [in the order dismissing the FAC] without explanation or justification on key points." ECF Nos. 100, 111. On December 15, 2021, Plaintiffs opposed. ECF No. 107. On December 29, 2021, Defendants replied. ECF No. 108.

On January 4, 2022, the case was transferred to the Hon. Linda Lopez, who vacated the hearing on this matter, advising that if the hearing was not reset, it would be submitted on the papers. ECF No. 110. On January 7, 2022, Defendants requested oral argument on this matter. ECF No. 111. On January 12, 2022, Plaintiffs responded to that request, advising that they did not oppose Defendants' request so long as it did not interfere with the Court's prompt resolution of the motion. ECF No. 112.

### III. LEGAL STANDARD

Under the FRCP, there are no "motions for reconsideration." Rather, Rule 59 of the FRCP sets forth the procedures for filing "[a] motion to alter or amend a judgment [which] must be filed no later than 28 days after the entry of judgment," while FRCP 60 governs "Relief from a Judgment or Order," and must be filed no more than one year after the entry of the judgment or order. "[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001); *see also Arrieta v. Cty. of Kern*, 161 F. Supp. 3d 919, 931 (E.D. Cal. 2016) (treating a motion filed "well after the ten day deadline" as a FRCP 60(b) motion); *Harvest v. Castro*, 531 F.3d 737, 745-46 (9th Cir. 2008) (noting that "[n]omenclature is not important" as "[t]he label or description that a party puts on its motion does not control whether the party should be granted or denied relief"); *In re Montano*, 501 B.R. 96, 112 (B.A.P. 9th Cir. 2013) ("Because Montano's

page number contained in the header of each ECF-filed document.

motion for reconsideration was filed within fourteen days after entry of the Summary Judgment Order, the motion should be treated as one to alter or amend the Summary Judgment Order under Rule 9023, which incorporates Civil Rule 59(e).").

Reconsideration under FRCP 59(e) is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It may be appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (internal citation(s?) omitted). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A] Rule 59(e) motion may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016).

Where a motion is filed later than ten days, as is the case here, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks*, 248 F.3d at 898-99. The moving party seeking relief under FRCP 60(b) "is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Id.* (citing Fed. R. Civ. P. 60(b)). With respect to "other reason[s] justifying relief," courts have held that "[i]n civil cases, a motion to reconsider must set forth 'some valid reason why the court should reconsider its prior decision' and set 'forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision.'" *United States v. Kauwe*, 467 F. Supp. 3d 940, 945 (D. Nev. 2020). "[A] motion for reconsideration is not an avenue to re-litigate the same issues and arguments

upon which the court already has ruled." *Id.*

Further, Local Rule 7.1(i)(1) requires an affidavit to be filed along with any motion pursuant to Rule 59 or 60 of the FRCP:

> Whenever any motion . . . for any order or other relief has been made to any judge and has been refused in whole or in part . . . and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness . . . setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

S.D. Cal. Civ. R. 7.1(i)(2) further provides that "[e]xcept as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

## IV.   DISCUSSION

Defendants state that they move for reconsideration on the below grounds:

> Defendants move for reconsideration on the grounds that five aspects of the Order were manifest error and contrary to settled precedent: (1) the conclusion the Second Amended Complaint ("SAC") sufficiently alleges that Local 30's February 28 and May 11, 2018 letters constituted "sham petitioning"; (2) the conclusion that the SAC adequately alleges that Defendants alleged threats against SeaWorld constituted "sham petitioning"; (3) the legal conclusion that otherwise protected or non-coercive conduct may violate National Labor Relations Act ("NLRA") Section 8(b)(4)(ii) if it threatens "ruin or substantial economic loss"; (4) the conclusion that the SAC sufficiently alleged that the Building Trades Defendants had the "object" of obtaining an agreement that would violate NLRA Section 8(e); and (5) the conclusion that the SAC alleges facts sufficient to preclude dismissal of the Sherman Act claims on the basis of the non-

statutory labor exemption.
ECF No. 100 at 3:8-19.

In their opposition, Plaintiffs point out that "Defendants present no new facts, no change in law, and no clear error to justify their request for reconsideration." ECF No. 107 at 9:3-4. Plaintiffs also point out that Defendants fail to submit the required affidavits required by the Southern District's Local Rule 7.1(i)(2). *Id.* at 9:4-9. Plaintiffs contend that Defendants' motion "does nothing more than seek an improper second bite at the apple, accuse this Court of manifest error without justification, invite the application of erroneous legal standards, and unnecessarily delay to the resolution of the merits of the case." *Id.* at 9:24-27. In their reply brief, Defendants argue that the Court should not deny the motion solely due to their failing to attach the affidavit and attach the missing affidavit to the brief. *See* ECF No. 108 at 3:10-16; *see also* Rule 7.1 Affidavit of Paul L. More in Support of Motion for Reconsideration, ECF No. 108-1 at 2-4. Defendants also argue that grounds exist for the motion because the Court committed a manifest error. *Id.* at 4:17-23.

First, the Court finds that the motion should be denied due to Defendants' failure to follow the local rules by filing the required affidavit. *See* S.D. Cal. Civ. 7.1(i)(2). To the extent Defendants submitted the affidavit in their reply brief, the Court notes that a moving party may not raise new arguments or evidence in a reply brief. *See*, *e.g.*, *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (noting that "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers"); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-95 (1990). Where a party presents new evidence in a reply brief, the district court should decline consideration of the new evidence unless it provides the non-moving party an opportunity to respond to such evidence. *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) ("Understanding the potential for unfairness inherent in an unusual submission of new factual matter, the practice rules contemplate relief for the opposing party, but such relief is not limited to simply striking the new matter from consideration."). Here, because the Court finds that Defendants' substantive motion lacks

merit, it finds that allowing Plaintiffs an opportunity to respond to the affidavit, which would be the only way the Court could properly consider it, would prove to be an exercise in futility and would not serve the interests of judicial economy.

Second, as to the merits of this motion, the Court notes that Defendants argue their motion is proper because the Court committed a manifest error. *See* ECF No. 108 at 4:17-23. The manifest error standard for a motion for reconsideration only applies to FRCP 59(e) motions to alter or amend a judgment, which must be filed within ten days of the order or judgment of which a party seeks reconsideration. *See, e.g.*, *Arrieta*, 161 F. Supp. 3d at 931 (treating a motion filed "well after the ten day deadline" as a FRCP 60(b) motion). Here, the order Defendants ask the Court to reconsider, *see* ECF No. 93, was filed on August 26, 2021, and Defendants filed their motion for reconsideration exactly 28 days later, or on September 23, 2021. Thus, the Court treats the motion as FRCP 60(b) motion rather than a motion pursuant to FRCP 59(e). While motions for reconsideration pursuant FRCP 59(e) allow for reconsideration if, *inter alia*, "the district court committed clear error or made an initial decision that was manifestly unjust," *Spectrum*, 555 F.3d at 780, motions for reconsideration pursuant to FRCP 60(b) have no such ground for relief. Rather, the moving party must show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Am. Ironworks*, 248 F.3d at 898-99 (citing Fed. R. Civ. P. 60(b)). Here, Defendants do not argue for relief on the basis of (1) any party or the Court making a mistake or was subject to inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by Plaintiffs; or (4) the order or judgment being void.[4] As to the final ground, "any other reason justifying relief from the operation of the judgment," the Court finds Defendants' arguments unconvincing. Instead, the Court

---

[4] In fact, the judgment cannot be void because Plaintiffs were granted leave to amend, meaning the case is still pending, and no final judgment has been entered.

echoes the sentiments of two other judges in this District that "motions for reconsideration should not be used as merely as an intermediate 'appeal' before taking a disputed ruling to the Ninth Circuit":

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.
>
> This is not to say that a motion for reconsideration is never well-taken. A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way. On this basis, motions for reconsideration should be few, far between, and narrowly focused. When this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Holtz v. Powazek*, No. 3:21-cv-01401-CAB-JLB, 2021 WL 5448981, at *2 (S.D. Cal. Nov. 22, 2021) (Bencivengo, J.) (quoting *Strobel v. Morgan Stanley Dean Witter*, No. 3:04-cv-01069-BEN-BLM, 2007 1053454, at *3-4 (S.D. Cal. Apr. 10, 2007). Here, Defendants'

motion does not meet the description of a proper motion for reconsideration as outlined in *Strobel*. This Court considered the entirety of the SAC as well as all the arguments Defendants reiterate in their motion when Judge Robinson granted Defendants' motion to dismiss and is not persuaded that his order was incorrect. Accordingly, Defendants' motion is **DENIED**.[5]

## V.   CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. All doe defendants are dismissed *without prejudice*.
2. Defendants' Motion for Reconsideration, ECF No. 100, is **DENIED**.
3. Defendants' Request for Oral Argument, ECF No. 111, is **DENIED** as moot given this order provides a decision on the issue on which Defendants seek oral argument. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (noting "that an issue is moot when deciding it would have no effect within the confines of the case itself").
4. Plaintiffs must file their Third Amended Complaint within ten (10) days of this order. Absent a motion demonstrating good cause, that complaint must not contain any new claims for relief.
5. The parties are cautioned against filing further motions for reconsideration that a lack a meritorious basis under the law.

**IT IS SO ORDERED.**

DATED:   January 28, 2022

**HON. LINDA LOPEZ**
United States District Judge

---

[5] Tangentially, the Court notes that Defendants' request for reconsideration is odd and potentially moot for two reasons: First, Defendants were the prevailing party—save for one undismissed claim for relief—with respect to the order of which the seek reconsideration. Second, because Plaintiffs were granted leave to amend, Defendants may move still to dismiss that remaining claim provided they belief a good faith basis for doing so exists. Thus, reconsideration of the order seems to be an improper remedy to secure the relief Defendants seek (*i.e.*, dismissal of the entire case).