1  Richard G. McCracken, SBN 62058
2  Paul L. More, SBN 228589
   Luke Dowling, SBN 328014
3  McCRACKEN, STEMERMAN & HOLSBERRY, LLP
4  595 Market Street, Suite 800
   San Francisco, CA 94105
5  Tel:    415-597-7200
6  Fax:    415-597-7201
7  Email:  rmccracken@msh.law
           pmore@msh.law
8          ldowling@msh.law
9  *Attorneys for Defendants UNITE HERE Local 30 and Brigette Browning*
10 Stacey Monica Leyton, SBN 203827
11 ALTSHULER BERZON LLP
   177 Post Street, Suite 300
12 San Francisco, CA 94108
13 Tel:    415-421-7151
   Fax:    415-362-8064
14 Email:  sleyton@altshulerberzon.com
15 *Attorneys for Defendants Tom Lemmon and San Diego Building and*
16 *Construction Trades Council*
17 Steven Todd Coopersmith, SBN 184646
18 Philippa S. Grumbley, SBN 265135
   THE COOPERSMITH LAW FIRM
19 555 W Beech St., Suite 230
20 San Diego, CA 92101
   Tel:    619-238-7360
21 Fax:    619-785-3357
22 Email:  stc@stevecoopersmithlaw.com
           psg@stevecoopersmithlaw.com
23
   *Attorneys for Defendant Tom Lemmon*
24 ///
25 ///
26 ///
27 ///
28 ///

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES          CASE NO. 18-cv-02763-LL-AHG

1

2

### IN THE UNITED STATES DISTRICT COURT

3

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

4

5

EVANS HOTELS, LLC, a California
limited liability company; BH
PARTNERSHIP LP, a California limited
partnership; EHSW, LLC, a Delaware
limited liability company,

6

7

8

        Plaintiffs,

9

10

v.

11

UNITE HERE LOCAL 30; BRIGETTE
BROWNING, an individual; SAN DIEGO
COUNTY BUILDING and
CONSTRUCTION TRADES COUNCIL,
AFL-CIO; TOM LEMMON, an
individual; and DOES 1-10,

12

13

14

15

16

        Defendants.

17

18

19

20

CASE NO. 18-cv-02763-LL-AHG

**DEFENDANTS' MEMORANDUM
OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS'
MOTION FOR ATTORNEYS' FEES
AND COSTS PURSUANT TO
CALIFORNIA CODE OF CIVIL
PROCEDURE § 425.16.**

The Honorable Linda Lopez

Hearing Date: Tuesday, May 10, 2022

**PER CHAMBERS RULES, NO
ORAL ARGUMENT UNLESS
SEPARATELY ORDERED BY THE
COURT**

21

22

23

24

25

26

27

28

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES        CASE NO. 18-cv-02763-LL-AHG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................1

PLEADINGS AND PROCEDURAL HISTORY ........................................1

ARGUMENT ........................................................................................4

I.   Plaintiffs' state-law claims were within the ambit of the anti-SLAPP statute.5

A.   As the Court recognized, Plaintiffs' state law claims arose from Defendants' speech and petitioning in connection with public issues. 6

1. SeaWorld's and the Bahia Resort's expansion and SeaWorld's treatment of animals are issues of public interest. ................................7

2. Defendants lobbied against the Bahia Resort's lease amendment while it was under consideration by the City Council. .........................9

3. Plaintiffs' likely counter-arguments are unavailing.......................10

B.   The Court dismissed Plaintiffs' state law claims, so Plaintiffs cannot demonstrate that their claims have a probability of prevailing...........13

II.   As the "prevailing party," Defendants are entitled to attorneys' fees because Plaintiffs voluntarily dropped their state law causes of action. ....................14

III.   Defendants' requested lodestar is reasonable.................................................16

A.   The Court should use the lodestar method to calculate the fee award.16

B.   The hourly rates requested are reasonable. .........................................18

C.   The number of hours expended is reasonable and fully supported by the evidence.........................................................................................21

i

1. Researching and drafting the anti-SLAPP motions and defending against Plaintiffs' state law claims.......................................................23

2. The time incurred to prepare the instant fee motion. ......................24

D.    Summary ............................................................................25

CONCLUSION ............................................................................25

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES              CASE NO. 18-cv-02763-LL-AHG

# TABLE OF AUTHORITIES

**Cases**            **Page(s)**

*Animal Legal Def. Fund v. Wasden*,
  878 F.3d 1184 (9th Cir. 2018) ...................................................... 8

*Baral v. Schnitt*,
  1 Cal. 5th 376, 396 (2016) ........................................ 6, 11, 12, 13

*Beaver v. Tarsadia Hotels*,
  2017 WL 4310707 (S.D. Cal. Sept. 28, 2017)............................. 19

*Bonni v. St. Joseph Health Sys.*,
  11 Cal. 5th 995, 1010 (2021) ................................................ 5, 6, 8

*Bradbury v. Superior Court*,
  49 Cal.App.4th 1108 (1996) ......................................................... 5

*Briggs v. Eden Council for Hope & Opportunity*,
  19 Cal.4th 1106 (1999) ..................................................... 5, 9, 11

*Caccamise v. Credit One Bank*,
  2020 WL 804741 (S.D. Cal. Feb. 18, 2020)................................. 18

*Center for Biological Diversity v. County of San Bernardin*o,
  188 Cal. App. 4th 603 (2010) ..................................................... 19

*Chacon v. Litke*,
  181 Cal. App. 4th 1234 (2010) ................................................... 19

*Chaikin v. Lululemon USA Inc.*,
  2014 WL 1245461 (S.D. Cal. Mar. 17, 2014) ............................. 19

*Chalmers v. City of Los Angeles*,
  796 F.2d 1205 (9th Cir. 1986) ............................................... 19, 22

*Church of Scientology v. Wollersheim*,
  42 Cal. App. 4th 628 (1996) ....................................................... 22

*Coltrain v. Shewalter*,
  66 Cal.App.4th 94 (1998) .................................................. 4, 14, 15

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES      CASE NO. 18-cv-02763-LL-AHG

*Coltrain v. Shewalter*,
   *supra*, 66 Cal. App. 4th at 106–107 ........................................................... 14

*Copeland v. Marshall*,
   641 F.2d 880 (D.C. Cir. 1980) (en banc) ..................................................... 22

*Dilts v. Penske Logistic, LLC*,
   2017 WL 2620664 (S.D. Cal. June 16, 2017) ............................................... 19

*Doe v. Gangland Prods., Inc.*,
   730 F.3d 946 (9th Cir. 2013) ................................................................. 12, 13

*Dove Audio, Inc. v. Rosenfield, Meyer & Susman*,
   47 Cal. App. 4th 777 (1996) .................................................................... 9, 11

*In re Easysaver Rewards Litigation*,
   2020 WL 2097616 (S.D. Cal. May 1, 2020) ................................................. 18

*Ekorus, Inc. v. Elohim EPF USA, Inc.*,
   No. CV 20-310-GW-GJSX, 2020 WL 3891449 (C.D. Cal. Apr. 24,
   2020) ................................................................................................................ 12

*Equilon Enterprises v. Consumer Cause, Inc.*,
   29 Cal.4th 53 (2002) ........................................................................................ 7

*Feldman v. 1100 Park Lane Assocs.*,
   160 Cal. App. 4th 1467 (2008) ................................................................ 9, 11

*Gates v. Deukmejian*,
   987 F.2d 1392 (9th Cir. 1992) ....................................................................... 16

*Gonzalez v. City of Maywood*,
   729 F.3d 1196 (9th Cir. 2013) ....................................................................... 21

*Gottesman v. Santana*,
   263 F. Supp. 3d 1034 (S.D. Cal. 2017) .................................................... 4, 14

*Graham v. Daimler-Chrysler Corp.*,
   34 Cal.4th 553 (2004) .................................................................................... 25

*Graham-Sult v. Clainos*,
   756 F.3d 724 (9th Cir. 2014) .................................................................. 21, 23

iv

*Greater L.A. Agency on Deafness, Inc. v. CNN, Inc.*,
   742 F.3d 414 (9th Cir. 2014) ................................................................. 5

*Hartless v. Clorox*,
   273 F.R.D. 630 (S.D. Cal. 2011) .......................................................... 19

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)....................................................................... 21, 22

*Herring Networks, Inc. v. Maddow*,
   2021 WL 409724 (S.D. Cal. Feb. 5, 2021)............................................ 18

*Hilton v. Hallmark Cards*,
   599 F.3d 894 (9th Cir. 2010) .................................................................. 4

*Hylton v. Frank E. Rogozienski, Inc.*,
   177 Cal. App. 4th 1264 (2009) ............................................................. 10

*Johansson-Dohrmann v. CBR Sys.*,
   2013 WL 3864341 (S.D. Cal. July 24, 2013) ........................................ 19

*Kearney v. Foley & Lardner*,
   553 F. Supp. 2d 1178 (S.D. Cal. 2008) ..........................................*passim*

*Kearney v. Foley & Lardner, LLP*,
   590 F.3d 638 (9th Cir. 2009) .................................................................. 9

*Ketchum v. Moses*,
   24 Cal.4th 1122 (2001) ..................................................................*passim*

*Kikkert v. Berryhill*,
   2018 WL 3617268 (S.D. Cal. July 30, 2018) ........................................ 18

*Kries v. City of San Diego*,
   2021 WL 120830 (S.D. Cal. Jan 13, 2021) ........................................... 18

*Lewis v. County of San Diego*,
   2017 WL 6326972 (S.D. Cal. Feb. 27, 2017)......................................... 19

*Ludwig v. Superior Court*,
   37 Cal. App. 4th 8 (1995) ...................................................................... 8

*Makaeff v. Trump University, LLC*,
   2015 WL 1579000 (S.D. Cal. Apr. 9, 2015) ............................................................ 19

*Mann v. Quality Old Time Serv., Inc.*,
   139 Cal. App. 4th 328 (2006) ........................................................................ 15, 16

*Manufactured Home Communities, Inc. v. Cty. of San Diego*,
   655 F.3d 1171 (9th Cir. 2011) ................................................................ 17, 21, 24

*Metabolife Int'l, Inc. v. Wornick*,
   213 F. Supp. 2d 1220 (S.D. Cal. 2002) ............................................................ 19, 22

*Metabolife Intern., Inc. v. Wornick*,
   264 F.3d 832 (9th Cir. 2001) .......................................................................... 1, 6

*Mireskandari v. Mail*,
   2014 WL 12561581 (C.D. Cal. Aug. 4, 2014) ............................................. 5, 14, 16

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008) ........................................................................ 21, 22

*Navellier v. Sletten*,
   29 Cal.4th 82 (2002) ..................................................................... 9, 10, 12, 13

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
   190 F.3d 963 (9th Cir. 1999) ............................................................... 1, 2, 4

*Pac. Gas & Elec. v. Bear Stearns & Co.*,
   50 Cal.3d 1118 (1990) ....................................................................................... 3

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   890 F.3d 828 (9th Cir. 2018) .............................................................................. 6

*Plevin v. City and Cty. of San Francisco*,
   2011 WL 3240536 (N.D. Cal. July 29, 2011) ............................................... 5, 15, 16

*Plevin v. City and County of San Francisco*,
   2013 WL 2153660 (N.D. Cal. May 16, 2013) ......................................................... 15

*Reed v. 1-800 Contacts, Inc.*,
   2014 WL 29011 (S.D. Cal. Jan. 2, 2014) ............................................................. 19

vi

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*,
   302 F. Supp. 3d 1005 (N.D. Cal. 2017) .............................................................. 13, 14

*Robinson v. Alameda Cty.*,
   875 F. Supp. 2d 1029 (N.D. Cal. 2012) .................................................................... 13

*Rohde v. Wolf*,
   154 Cal. App. 4th 28 (2007) .................................................................................... 11

*San Bernardino Valley Audubon Society, Inc. v. County of San Bernardino*
   155 Cal. App. 3d 738 (1984) ............................................................................. 18, 19

*San Diego Comic Convention v. Dan Farr Productions*,
   2019 WL 1599188 (S.D. Cal. Apr. 15, 2019) ........................................................ 18

*Seltzer v. Barnes*,
   182 Cal. App. 4th 953 (2010) .................................................................................. 10

*Serrano v. Priest*,
   20 Cal.3d 25 (1977) .......................................................................................... 16, 17

*Serrano v. Unruh*,
   32 Cal.3d 621 (1982) ..................................................................................... *passim*

*Shames v. Hertz Corp.*,
   2012 WL 5392159 (S.D. Cal. Nov. 5, 2012) .......................................................... 19

*Soler v. County of San Diego*,
   2021 WL 2515236 (S.D. Cal. June 18, 2021) ........................................................ 18

*In re Taco Bell Wage & Hour Actions*,
   222 F. Supp. 3d 813 (E.D. Cal. 2016) .................................................................... 22

*Teamsters Local 20 v. Morton*,
   377 U.S. 252 (1964) .................................................................................................. 3

*Thimes Sols. Inc. v. TP Link USA Corp.*,
   No. CV 19-10374 PA (EX), 2020 WL 4353681 (C.D. Cal. June 8, 2020) ................................................................................................................... 12

*Tuchscher Dev. Enterprises, Inc. v. San Diego Unified Port Dist.*,
   106 Cal. App. 4th 1219 (2003) ................................................................................. 8

vii

*Vasquez v. Kraft Heinz Foods Co.*,
   2020 WL 1550234 (S.D. Cal. Apr. 1, 2020) ............................................................ 18

*Wilkerson v. Sullivan*,
   99 Cal. App. 4th 443 (2002) .................................................................................... 18

**U.S. Constitutional Provisions**

U.S. Const. amend. I ............................................................................... 1, 5, 12, 13

**Federal Statutes**

Federal Rule of Civil Procedure 12(b)(6) ...................................................... 6, 13, 14, 15

Labor Management Relations Act, 29 U.S.C. § 187 .................................................... 3, 14

**State Statutes**

Cal. Bus. & Prof. Code §17200 *et seq.* ................................................................... *passim*

Cal. Code Civ. Proc. § 425.16(a) ............................................................................. 1

Cal. Code Civ. Proc. § 425.16(b) ............................................................... 4, 5, 6, 13, 15

Cal. Code Civ. Proc. § 425.16(b)(1), (c)(1) .................................................................. 1

Cal. Code Civ. Proc. § 425.16(c)(1) ...................................................................... 4, 16

Cal. Code Civ. Proc. § 425.16(e)(2) ...................................................................... 9, 10

Cal. Code Civ. Proc. § 425.16(e)(4) .................................................................... 6, 8, 9

Cal. Pen. Code § 518(a) ...................................................................................... 11

Cal. Pen. Code § 524 ........................................................................................... 4

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES        CASE NO. 18-cv-02763-LL-AHG

**INTRODUCTION**

California's "anti-SLAPP" law "encourage[s] continued participation in matters of public significance" by preventing "abuse of the judicial process" from "chill[ing]" that participation.  Cal. Code Civ. P. §425.16(a).  The "anti-SLAPP statute was enacted to allow early dismissal of meritless First Amendment cases aimed at chilling expression through costly, time-consuming litigation."  *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001).

Plaintiffs brought this action to silence the political opposition of two labor unions and their leaders, by imposing on them the substantial costs of litigation.  In addition to federal causes of action, Plaintiffs' original, first, and second amended complaints all pled meritless state-law claims that were based entirely on allegations related to Defendants' petitioning and speech.  After the Court twice dismissed those claims, Plaintiffs declined to re-plead them, abandoning their state-law claims entirely in their third (and proposed fourth) amended complaints.

When a plaintiff abandons causes of action based on conduct "arising from any act . . . in furtherance of the [defendant's] right of petition or free speech," the defendant is entitled to its attorneys' fees and costs.  Cal. Code Civ. P. §425.16(b)(1), (c)(1).  This rule applies in federal as well as state court.  *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).  The Court should therefore grant Defendants' motion and award them their reasonable fees in defending against Plaintiffs' state law causes of action.  The basis for those fees is set forth in this brief and the accompanying declarations of Stacey Leyton, Paul More, and Steve Coopersmith.

**PLEADINGS AND PROCEDURAL HISTORY**

Plaintiffs own three hotels in the San Diego area, and Defendants are two labor unions and two current or former labor officials.  ECF Dkt. 76 ¶¶ 14–20.  Plaintiffs' initial Complaint pled seven federal and two state law claims, based on Defendants' lobbying in opposition to an amendment of Plaintiffs' lease with the City of San Diego

and supposed threats to SeaWorld that if it did not suspend a joint venture with Plaintiffs then Defendants would, through petitioning and publicity campaigns, oppose SeaWorld's own expansion.  Dkt. 1, ¶¶174–84.

After Defendants filed motions to dismiss and special motions to strike under California's anti-SLAPP statute, Plaintiffs mooted those motions by filing a First Amended Complaint asserting the same nine claims.  Dkt. 19, ¶¶174–84.  Defendants again moved to dismiss and filed another anti-SLAPP motion, and on January 7, 2020, this Court dismissed all of Plaintiffs' claims, ruling that Plaintiffs had failed to plead facts establishing that Defendants' conduct was not protected under the *Noerr-Pennington* doctrine, which immunizes First Amendment-protected petitioning activity from statutory liability.  Dkt. 60 at 25.  The Court denied Defendants' anti-SLAPP motion as moot, because Plaintiffs were permitted to seek leave to amend.  *Id.*

Plaintiffs then filed a Second Amended Complaint ("SAC"), asserting eight causes of action, including the same state law attempted extortion claim, a state interference with contract claim, and a new claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 *et seq*.  Dkt. 76, ¶¶ 359–77.[1]  Again, Plaintiffs' state law claims were all directed at Defendants' petitioning and speech on matters of public importance.  *Id.* at ¶¶ 359–77.

Specifically, Plaintiffs' interference with contract claim alleged that Defendants tortiously interfered with Plaintiffs' joint venture with SeaWorld by threatening to lobby against "SeaWorld's ability to get approval for a master plan amendment at City Council and the Coastal Commission" and to "drum up negative publicity against SeaWorld" on subjects like "animal cruelty" in order to "undermine SeaWorld's business."  Dkt. 76, ¶¶ 204, 359.

---

[1] In fact, it was ambiguous whether Plaintiff were pleading a cause of action for interference with prospective economic advantage (as indicated in their caption) or for interference with contract (as set forth in their claim for relief).  Dkt. 76, ¶¶359-366.

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES                    CASE NO. 18-cv-02763-LL-AHG

Plaintiffs pled an attempted extortion claim based on allegations that Defendants threatened SeaWorld with "negative publicity" and political "opposition to future projects." *Id.* at¶¶ 367, 371.  Plaintiffs also based this cause of action on allegations that Defendants threatened Plaintiffs with continued public and City Council opposition to their proposal to amend their lease with the City, which would allow the private Bahia Resort to expand further onto public land.  *Id.* at ¶¶ 184–85, 187, 217, 367, 370, 372.

Finally, Plaintiffs alleged that Defendants violated the UCL by engaging in "unlawful, unfair, or fraudulent business practices."  *Id.* at ¶¶ 375–78.  This cause of action was derivative of, and based on the same allegations as, Plaintiffs' attempted extortion claim.  *Id.* at ¶¶ 370–72, 375, 377.

In response to Plaintiffs' SAC, Defendants again filed motions to dismiss and an anti-SLAPP motion, Dkt. 79, 80, 81, and the Court dismissed all three state-law claims, each on multiple grounds.  First, the Court held that all three claims were preempted by Section 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 187, holding that Plaintiffs' "state law claims repackage the underlying labor dispute between them and Defendants."  Dkt. 93 at 52–53 (citing, *inter alia, Teamsters Local 20 v. Morton*, 377 U.S. 252, 261 (1964)).  Second, the Court also dismissed the state law claims because each failed to state a claim upon which relief could be granted.  *See id.* at 53–59.  Plaintiffs failed to state a tortious interference with contract claim because they did not plead facts showing that Defendants knew about the contract with which they allegedly interfered, a required element of the claim.  *Id.* at 53 (citing *Pac. Gas & Elec. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990)).  Plaintiffs failed to state a claim for attempted extortion because their allegations that Defendants' objective was to secure Plaintiffs' agreement to a card-check/neutrality agreement and project labor agreement did not plead an attempt to obtain property, as defined by

3

California law. *Id.* at 56–57 (citing Cal. Pen. Code § 524).[2] The unlawful business practices claim failed because it was predicated on the impermissible attempted extortion claim. *Id.* at 59.

The Court granted Plaintiffs "one final opportunity to amend their complaint." Dkt. 93 at 61. It therefore denied Defendants' anti-SLAPP motion as moot and denied without prejudice Defendants' request for attorneys' fees. *Id.* at 60 (holding that because the Court had granted Plaintiffs leave to amend, "Defendants are not 'prevailing parties' for purposes of Section 425.16(c)(1)—or entitled to attorneys' fees—*at this time*.") (emphasis added); *id.* at 61 (denying "without prejudice" Defendants' request for attorneys' fees).

## ARGUMENT

To deter meritless litigation that is based on petitioning or speech, a prevailing defendant in an anti-SLAPP motion is "entitled to recover his or her attorney's fees and costs." Cal. Code Civ. Proc. §425.16(c). While section 425.16 "does not apply to federal law causes of action," it does apply to state law claims heard in federal court. *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2, 901 (9th Cir. 2010). In particular, subsections (b) (the procedural mechanism of a special motion to strike) and (c) (mandatory fee-shifting for prevailing defendant) of California's anti-SLAPP statute are applicable to such claims. *U.S. ex rel. Newsham*, 190 F.3d at 973; *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1182 (S.D. Cal. 2008) ("The fee provision of the anti-SLAPP statute is applied in federal court.").

A defendant's anti-SLAPP motion need not be granted on the merits for the defendant to be a "prevailing party" entitled to an award of fees. *See, e.g.*, *Coltrain v. Shewalter*, 66 Cal.App.4th 94, 106–107 (1998); *Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1043 (S.D. Cal. 2017); *see also infra*, Part III. Where a plaintiff voluntarily dismisses (or fails to re-plead in an amended complaint) causes of action that target

---

[2] The Court also held that private parties have no cause of action under California Penal Code §524, which is a criminal statute. *Id.* at 55-56.

conduct arising from petitioning and speech, the defendant is entitled to an award of fees.  *Plevin v. City and Cty. of San Francisco*, No. C-11-02359, 2011 WL 3240536 at *1 (N.D. Cal. July 29, 2011); *Mireskandari v. Mail*, No. CV-12-02943, 2014 WL 12561581 at *6 (C.D. Cal. Aug. 4, 2014).

Here, because Plaintiffs brought meritless state law claims arising from Defendants' petitioning and speech on public issues, forced Defendants to defend against those claims, and then withdrew those claims after the Court dismissed them, Defendants are the prevailing parties and entitled to their attorneys' fees.

## I.    Plaintiffs' state law claims were within the ambit of the anti-SLAPP statute.

A two-step analysis determines whether the anti-SLAPP statute applies to a cause of action.  In applying this analysis, courts read the statute's provisions broadly. "[W]herever possible, [courts] should interpret the First Amendment and section 425.16 [the anti-SLAPP statute] in a manner 'favorable to the exercise of freedom of speech, not its curtailment.'"  *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1119 (1999) (quoting *Bradbury v. Superior Court*, 49 Cal.App.4th 1108, 1114 n.3 (1996)).  Federal courts "tak[e] [their] cue from the California legislature and courts" and likewise construe the anti-SLAPP statute broadly when applying it to state law claims heard in federal court.  *Greater L.A. Agency on Deafness, Inc. v. CNN, Inc.*, 742 F.3d 414, 421 (9th Cir. 2014).

In the first step, the defendant has the burden to show that the cause of action "arises from" acts done "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue."  Cal. Code Civ. Proc. § 425.16(b).  "[T]he moving defendant must identify the acts alleged in the complaint that it asserts are protected and what claims for relief are predicated on them."  *Bonni v. St. Joseph Health Sys.*, 11 Cal. 5th 995, 1010 (2021).  "In turn, a court should examine whether those acts are protected and supply the basis for any claims."  *Id*.  "It does not matter that other unprotected acts may also have been alleged within what has been labeled a single cause of action[.]"

1
2
3
4

*Id.* "When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at this stage. If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached." *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016).

5
6
7
8
9
10
11
12
13
14

Once a defendant shows that the state law claim arises from activity protected by the anti-SLAPP statute, courts move to the second step of the analysis, and the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. Cal. Code Civ. Proc. § 425.16(b). When, as here, the case is in federal court and the "anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018). "Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims." *Metabolife*, 264 F.3d at 840.

15
16

**A.    As the Court recognized, Plaintiffs' state law claims arose from Defendants' speech and petitioning in connection with public issues.**

17
18
19
20
21
22
23
24

Plaintiffs' state law claims fell within the scope of the anti-SLAPP statute for two separate reasons. First, they were based on conduct in furtherance of petitioning and speech "in connection with a public issue or an issue of public interest." Cal. Code Civ. Proc. § 425.16(e)(4). Second, Plaintiffs' "attempted extortion" and UCL causes of action were based on Defendants' statements and writings "in connection with an issue under consideration or review by a legislative . . . body, or any other official proceeding authorized by law"—the City's consideration of the Bahia Resort lease amendment. *Id.* at § 425.16(e)(2).

25
26
27
28

This Court has consistently recognized that Plaintiffs' claims arose from petitioning and free speech, and that "Plaintiffs' lawsuit would burden Defendants' petitioning activities." Dkt. 93 at 12. In dismissing Plaintiffs' First Amended Complaint, the Court held that Defendants' petitioning and speech fell within the scope

6

of the Petition Clause and their alleged "[t]hreats to file a lawsuit, to lobby, file CEQA challenges, and engage in a negative publicity campaign are incidental to petitioning activity and fall within the scope of the Petition Clause." *See* Dkt. 60, at 15.  In its order dismissing in part the Second Amended Complaint, the Court adopted this conclusion and the Court's reasoning from an earlier order explaining that:

> A successful suit by Plaintiffs in this case would burden each of Defendants' alleged activities, including Defendants' ability to petition the City Council, file lawsuits, and create web content aimed at influencing public opinion.  A successful lawsuit by Plaintiffs would further burden Defendants' ability to resolve issues short of the often expensive and time-consuming process of lobbying, litigating, and campaigning.

Dkt. 60 at 11; Dkt. 93, at 12 n.4 (adopting previous ruling).[3]

The anti-SLAPP statute applies "when the plaintiff burdens free speech [and petitioning] with an unsubstantiated claim." *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53, 63 (2002).  Given that this Court has twice held that Plaintiffs' claims would burden Defendants' speech and petitioning, there is no reason to conclude otherwise here.  But, for the sake of completeness, Defendants will explain why Plaintiffs' state law causes of action were covered by the anti-SLAPP statute.

### 1. SeaWorld's and the Bahia Resort's expansion and SeaWorld's treatment of animals are issues of public interest.

All of Plaintiffs' state law causes of action were based on Defendants' alleged threats to petition the City Council and California Coastal Commission in opposition to SeaWorld's expansion plans, and to engage in "negative publicity" against SeaWorld. Dkt. 76, ¶¶ 193–214, 359 (incorporating ¶¶ 193–214), 367 (same), 375 (same)).

---

[3] The order dismissing the Second Amended Complaint, unlike the order dismissing the First Amended Complaint, concluded that Plaintiffs adequately pled that two aspects of Defendants' alleged conduct could be "sham" petitioning: (1) two letters Local 30's attorney sent to the City Council and (2) Defendants' supposed threats that they would oppose SeaWorld's expansion unless it terminated its joint venture with Plaintiffs.  *Id.* at 24–25, 26–27.  As explained below, allegations that petitioning was an unlawful "sham" do not come into play in the anti-SLAPP test's first prong.

7

Plaintiffs' "attempted extortion" and UCL claims are also based on Defendants' petitioning and speech in opposition to a City lease amendment that would allow the Bahia Resort to expand onto public land.  Dkt. 76, ¶¶ 367, 375.  Plaintiffs allege that Defendants threatened to continue lobbying against the Resort's expansion unless Plaintiffs acceded to Defendants' demands.  *Id.* at ¶¶ 184–85, 187, 217, 367, 375.

These claims are predicated on "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue."  *See Bonni*, 11 Cal.5th at 1010.  Plaintiffs alleged that Defendants threatened: (1) SeaWorld with negative publicity on subjects like animal cruelty that would damage SeaWorld's reputation, Dkt. 76, ¶¶ 204; (2) to oppose SeaWorld's expansion on coastal land, *id* at ¶¶ 197, 204; and (3) to oppose the Bahia Resort's expansion onto public land, *id.* at ¶¶ 171–73.  Dkt. 76, ¶¶ 204.

All three are "issue[s] of public interest" under the anti-SLAPP statute.  Cal. Code Civ. Proc. § 425.16(e)(4).  "Matters related to . . . animal cruelty are of significant public importance."  *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1190 (9th Cir. 2018).  Expansion of major resorts like SeaWorld on ecologically sensitive land is also a matter of public interest given the effects on the surrounding community.  *Tuchscher Dev. Enterprises, Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1233 (2003) (proposed private bay front development was a matter of public interest); *Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 15 (1995) (development of a mall, "with potential environmental effects such as increased traffic and impaction on natural drainage, was clearly a matter of public interest").  In fact, Plaintiffs allege that SeaWorld's earlier proposals for new attractions had generated public opposition before the California Coastal Commission and had "encountered problems," showing that SeaWorld's expansion is a matter of great public interest.  Dkt. 76, ¶197.  The Bahia Resort's expansion, which required an amendment of its lease with the City and would eliminate a public road, Dkt. 76, ¶¶ 171, 174, is also "clearly a matter of public interest." *Ludwig*, 37 Cal. App. 4th at 15.

It is irrelevant that the SAC includes allegations regarding Defendants' future opposition to master plan amendments and future negative publicity about SeaWorld's treatment of animals.  The fact that "claims are based on events which took place prior to the initiation of the [government] action does not prevent that conduct from being protected by the anti-SLAPP statute."  *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009); *see Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1115 (1999) (section 425.16's definition includes "communications preparatory to or in anticipation of the bringing of an action or other official proceeding") (internal quotation marks omitted); *Feldman v. 1100 Park Lane Assocs.*, 160 Cal. App. 4th 1467, 1480–81 (2008) ("threats" made in the course of an ongoing dispute and in anticipation of litigation fall within the ambit of Section 425.16); *Dove Audio, Inc. v. Rosenfield, Meyer & Susman,* 47 Cal.App.4th 777, 784 (1996) (Section 425.16 protects letters to celebrities about defendant's intent to seek an investigation by the Attorney General).  Defendants meet their burden under Section 425.16(e)(4).

## 2.     Defendants lobbied against the Bahia Resort's lease amendment while it was under consideration by the City Council.

Plaintiffs' allegations that Defendants lobbied against the Bahia Resort's lease amendment are also predicated on "written or oral statement[s] or writing[s] made in connection with an issue under consideration or review by a legislative, executive, or judicial body." Cal. Code Civ. Proc. § 425.16(e)(2).  The alleged lobbying took the form of letters to the Mayor urging to City to deny the proposed lease amendment, Dkt. 76, ¶ 185; alleged threats of CEQA and other environmental challenges, *id.*; and communications with the City Council, *id.* at ¶ 217.  The City Council was considering the Bahia Resort's lease amendment at the time Defendants' lobbying and alleged threats occurred. *Id.* at ¶ 171.  Defendants' lobbying against the Bahia Resort lease amendment is protected by the anti-SLAPP statute for this reason as well.  Cal. Code Civ. Proc. § 425.16(e)(2); *Navellier v. Sletten*, 29 Cal.4th 82, 90 (2002) (negotiation and execution of settlement agreement protected under section 425.16(e)(2)); *Seltzer v.*

*Barnes*, 182 Cal. App. 4th 953, 963 (2010) (same).

       **3.**    **Plaintiffs' likely counter-arguments are unavailing.**

Plaintiffs previously opposed Defendants' anti-SLAPP motion by raising three baseless arguments.  First, Plaintiffs pointed to a generic disclaimer that they included in the SAC's attempted extortion and UCL causes of action, which stated: "Evans Hotels does not base this claim for relief on any actions Defendants have taken before the City Council, in communications with members of the City Council or the Mayor, or any statements made on Defendants' website."  Dkt. 76, ¶¶ 367, 375; Dkt. 83, at 12.  This disclaimer did not accurately describe Plaintiffs' claims, however, because both incorporated allegations that Defendants threatened to continue lobbying against the Bahia Resort expansion unless Plaintiffs settled their issues with Defendants.  Dkt. 76, ¶¶ 184–85, 217, 367, 375.  "[A] plaintiff cannot avoid operation of the anti-SLAPP statute by attempting, through artifices of pleading, to characterize an action as a garden variety tort or contract claim when in fact the claim is predicated on protected speech or petitioning activity."  *Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal. App. 4th 1264, 1271–72 (2009) (citing *Navellier*, 29 Cal. 4th at 90–92).

Second, Plaintiffs have argued they were not targeting Defendants' speech or petitioning against the Bahia lease amendment or SeaWorld expansion, but only Defendants' alleged *threats* to do so.  They claimed that "Defendants' opposition to the Bahia lease amendment before the City Council . . . is tangential to the actual extortion" that they alleged, Dkt. 83, at 13; that, "[i]n threatening SeaWorld with economic harm unless it abandoned the joint venture, Defendants did not participate in or further any public debate about SeaWorld's expansion or animal rights," Dkt. 83, at 8; and that the petitioning and speech that comprised the overwhelming majority of the SAC's allegations were merely "evidentiary support or context for" their state law claims.  Dkt. 83, at 5.

But Defendants' petitioning and speech and their alleged threats to do so are not separable in this way.  Plaintiffs based their extortion cause of action on Defendants'

alleged "wrongful use of force or fear" to obtain labor agreements from them.  Dkt. 83, at 12 (quoting Cal. Penal Code § 518(a)).  The "wrongful use of fear or force" that Plaintiffs based this claim on is not simply *any* threat, but an alleged threat to engage in lobbying and speech; the "threats" and the petitioning were inextricable.  Dkt. 76, ¶¶ 370 ("Defendants . . . threaten[ed] to ruin the Bahia redevelopment project by bringing baseless lawsuits and challenges for the purpose of delaying and frustrating developments."), 372 ("Defendants have threatened Evans Hotels with sham litigation and challenges.").  Similarly, Plaintiffs' "interference with contract" and UCL causes of action were not based on generic "threats" but on alleged threats to petition "at City Council and the Coastal Commission" against SeaWorld's expansion, and to engage in speech "drum[ming] up negative publicity against SeaWorld[.]"  Dkt. 76, ¶¶ 204, 359, 375.

Plaintiffs' argument that threats to engage in future petitioning and speech are unprotected is not the law.  *See Feldman*, 160 Cal. App. 4th at 1481 (finding the anti-SLAPP statute applied to landlord's allegedly retaliatory threats to tenants warning of legal action if they did not agree to pay market rent); *Rohde v. Wolf*, 154 Cal. App. 4th 28, 36 (2007) ("[T]he spectre of litigation loomed over all communications between the parties at that time.  Thus, the messages concerning the subject of the dispute and threatening appropriate action in that context had to be in anticipation of litigation...."); *Briggs*, 19 Cal.4th at 1115 (anti-SLAPP statute protects "communications preparatory to or in anticipation of the bringing of an action") (quoting *Dove Audio,* 47 Cal. App. 4th at 784).[4]

_____

[4] Even if, as Plaintiffs argue, the alleged "threats" could be separated from the petitioning and speech allegedly threatened, and the "threats" to speak and petition were somehow unprotected, Plaintiffs' UCL and attempted extortion claims would still meet the first prong of the anti-SLAPP test.  "When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at this stage."  *Baral*, 1 Cal. 5th at 396.  "If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second

Plaintiffs may repeat their argument that because they alleged that the speech and petitioning on which they based their state law causes of action were allegedly a "sham" and unlawful, the anti-SLAPP statute should not apply. *See* Dkt. 83, at 6 (arguing that petitioning was part of "a broader scheme of misconduct' and so "SLAPP does not apply.").

But claims that speech or petitioning is unlawful or illegitimate are not relevant to the first prong of the anti-SLAPP analysis. Anti-SLAPP cases *always* involve a claim that petitioning or speech was part of some "scheme of misconduct." Courts do not assess the claimed unlawfulness or invalidity of the petitioning or speech at the first stage of anti-SLAPP analysis. *Navellier*, 29 Cal.4th at 94 ("That the Legislature expressed a concern in the [anti-SLAPP] statute's preamble with lawsuits that chill the valid exercise of First Amendment rights does not mean that a court may read a separate proof-of-validity requirement into the operative sections of the statute."). Rather, "any 'claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise *and* support in the context of the discharge of the plaintiff's secondary burden to provide a prima facie showing of the merits of the plaintiff's case.'" *Id.* (citation omitted); *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 954 (9th Cir. 2013) ("To determine whether a defendant has met its initial burden, a court does not evaluate whether defendant's conduct was lawful or unlawful. Instead, 'any "claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise *and* support"' in the second step of the analysis when the plaintiff bears the burden to show a probability of prevailing.") (internal citations omitted); *Thimes Sols. Inc. v. TP Link USA Corp.*, No. CV 19-10374 PA (EX), 2020 WL 4353681, at *5 (C.D. Cal. June 8, 2020) (applying anti-SLAPP statute to state law claims notwithstanding ruling that *Noerr-Pennington* "sham" was adequately pled); *Ekorus, Inc. v. Elohim EPF USA, Inc.*, No. CV 20-310-GW-GJSX, 2020 WL 3891449, at *3 (C.D. Cal. Apr. 24, 2020)

---

step is reached." *Id.* Defendant Local 30's letters to City Council were indisputably petitioning protected by the anti-SLAPP statute.

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES               CASE NO. 18-cv-02763-LL-AHG

(rejecting argument that conduct during prior litigation was unprotected by anti-SLAPP statute because it was allegedly illegal).

The anti-SLAPP statute's structure makes clear that claims of "sham petitioning" or about the alleged unlawfulness of the defendant's speech or petitioning are irrelevant at the first prong. "If it were the case that a 'defendant must first establish [that its] actions are constitutionally protected under the First Amendment as a matter of law,' then the '[secondary] inquiry as to whether the plaintiff has established a probability of success would be superfluous.'" *Gangland Prods*., 730 F.3d at 954 (*quoting Navellier*, 29 Cal.4th at 94–95). "Accordingly, California courts consistently hold that defendants may satisfy their burden to show that they were engaged in conduct in furtherance of their right of free speech under the anti-SLAPP statute, even when their conduct was allegedly unlawful." *Id.*

As explained below, Plaintiffs' state law claims did not have a probability of success on the merits under the second prong of the anti-SLAPP analysis, regardless of whether the conduct on which they were based was protected under *Noerr-Pennington*, because the Court dismissed those causes of action for failure to state a claim.

## B. The Court dismissed Plaintiffs' state law claims, so Plaintiffs cannot demonstrate that their claims have a probability of prevailing.

Because Plaintiffs' state law claims arose from Defendants' speech and petitioning in connection with public issues and a pending matter before the City, the burden shifts back to Plaintiffs to prove their claims have a probability of prevailing. Cal. Code Civ. Proc. § 425.16(b); *Baral*, 1 Cal. 5th at 396. They cannot do so. "[A] Rule 12(b)(6) Motion … demonstrates that [a p]laintiff cannot show probability of success on the merits of [its] claim." *Robinson v. Alameda Cty*., 875 F.Supp.2d 1029, 1040 (N.D. Cal. 2012). "[I]f Plaintiffs cannot plead a plausible cause of action under the FRCP 12(b)(6) standard, then Plaintiffs as a matter of law cannot meet the probability of success on the merits standard." *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1026 (N.D. Cal. 2017).

Here, the Court granted Defendants' Rule 12(b)(6) motion to dismiss all of Plaintiffs' state law claims.  It held that all three were preempted by LMRA section 303, because they simply "repackage[d] the underlying labor dispute between [Plaintiffs] and Defendants[.]"  Dkt. 93 at 52–53.  The Court also dismissed each state-law cause of action for failure to state a claim.  *See id.* at 53–59.  The Court concluded that Plaintiffs failed to plead Defendants' knowledge of the contract relevant to their tortious interference claim, *id.* at 53–55; that Plaintiffs had no private right of action for attempted extortion *and* that Plaintiffs failed to plead that Defendants sought to obtain "property" under California law, *id.* at 55–57; and that Plaintiffs' unfair competition claim was dependent on their untenable extortion claim, *id.* at 59.  Although Plaintiffs were allowed leave to amend, they abandoned those claims in both their Third Amended Complaint and proposed Fourth Amended Complaint.  There can be no "probability of success on the merits" of dismissed claims that are not re-pled.

## II.    As the "prevailing party," Defendants are entitled to attorneys' fees because Plaintiffs voluntarily dropped their state law causes of action.

The prevailing defendant in an anti-SLAPP motion "shall be entitled to recover his or her attorney's fees and costs."  Cal. Code Civ. Proc. §425.16(c).  This fee-shifting in favor of prevailing defendants is mandatory and applies to attorney's fees and costs incurred in moving to strike the claims on which the motion prevails, in defending against claims that share a common factual and legal basis with the claims subject to the anti-SLAPP motion, and in obtaining the fee award.  *Kearney*, F. Supp. 2d at 1182, 1184; *Resolute Forest*, 302 F. Supp. 3d at 1027.  A defendant's anti-SLAPP motion does not have to be granted on the merits for the defendant to be a "prevailing party" entitled to attorneys' fees.  A plaintiff's voluntary dismissal or abandonment of the relevant claims creates a presumption that the defendant is the prevailing party.  *See, e.g.*, *Coltrain v. Shewalter*, *supra*, 66 Cal. App. 4th at 106–107; *Gottesman v. Santana*, *supra*, 263 F. Supp. 3d at 1042–44 (observing that "federal courts applying the anti-SLAPP statute" follow *Coltrain*); *Mireskandari v. Mail*, *supra*,

1    2014 WL 12561581 at *6 (same; collecting cases).

2         If the term "prevailing party" were limited to situations in which anti-SLAPP

3    motions were granted on the merits, "SLAPP plaintiffs could achieve most of their

4    objective with little risk—by filing a SLAPP suit, forcing the defendant to incur the

5    effort and expense of preparing a special motion to strike, then dismissing the action

6    without prejudice." *Coltrain*, 66 Cal. App. 4th at 106.  Trial courts thus have

7    discretion "to determine whether the defendant is the prevailing party for purposes of

8    attorney's fees." *Id.* at 107.  "[O]rdinarily, the prevailing party will be the defendant."

9    *Id.*  Defendants are entitled to attorney's fees unless the plaintiff can "show it actually

10   dismissed because it had substantially achieved its goals through a settlement or other

11   means, because the defendant was insolvent, or for other reasons unrelated to the

12   probability of success on the merits." *Id.*  Even a party who only partially prevails

13   "must generally be considered a prevailing party unless the results of the motion were

14   so insignificant that the party did not achieve any practical benefit from bringing the

15   motion." *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (2006).

16        While *Coltrain* focused on plaintiffs' voluntary dismissal of state law claims,

17   abandonment of claims in an amended complaint—as Plaintiffs did here—is regarded

18   as the same as voluntary dismissal.  In *Plevin v. City of San Francisco*, *supra*, for

19   example, members of a motorcycle club brought both federal and state law claims

20   based on the theory that the City had failed to properly investigate a hit-and-run

21   because of their motorcycle-club membership.  2011 WL 3240536 at *1.  The City

22   moved to dismiss all claims under Rule 12(b)(6) and brought an anti-SLAPP motion

23   against the state law claims.  *Id.* at *1–2, 5.  The Court granted the motion to dismiss

24   and denied the anti-SLAPP motion as moot because "Plaintiffs do not intend to assert

25   these claims in an amended complaint[,]" but allowed the City to seek attorneys' fees.

26   *Id.* at *5.  The Court granted the City's subsequent fee motion because the "[p]laintiffs

27   chose to dismiss their state law claims in response" to Defendants' motions.  *Plevin v.*

28   *City of S.F.*, No. 11–cv–2359 MEJ, 2013 WL 2153660 at *7 (N.D. Cal. May 16,

---

15

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES              CASE NO. 18-cv-02763-LL-AHG

1  2013).[5]

2      Similarly, in *Mireskandari v. Mail*, a plaintiff brought a lawsuit in federal court

3  with one federal and five state law causes of action.  2014 WL 12561581 at *6.  He

4  eventually dismissed the federal court action and brought the same suit in state court,

5  dropping just two of his state law causes of action.  *Id.*  Nevertheless, the court found

6  that defendants were entitled to attorneys' fees because they were the prevailing party

7  on the two claims that the plaintiff did not revive in state court.  *Id.* at *7.  Relying on

8  *Mann*, *supra*, 139 Cal. App. 4th 328, the court found that any narrowing of the issues

9  in the case rendered the defendant the prevailing party.  2014 WL 12561581 at *7.

10      Here, Plaintiffs completely abandoned their state law claims in response to

11  Defendants' motions and the Court's order dismissing the claims.  Although the Court

12  gave Plaintiffs "one final opportunity to amend their complaint," Dkt. 93 at 61,

13  Plaintiffs elected not to replead their state law claims in their Third or proposed Fourth

14  Amended Complaints, Dkt. 114, 118, because they could not fix the errors Defendants

15  and the Court identified.  *See supra* Part I.B.  As such, Defendants are the prevailing

16  party and are entitled to attorneys' fees and costs.  Cal. Code Civ. Proc. § 425.16(c)(1).

17  **III.  Defendants' requested lodestar is reasonable.**

18      **A.      The Court should use the lodestar method to calculate the fee award.**

19      Fee awards under the anti-SLAPP statute are based on the "lodestar" method.

20  *Kearney v. Foley & Lardner*, *supra*, 553 F. Supp. 2d at 1185; *see also Ketchum v.*

21  *Moses*, 24 Cal.4th 1122, 1130-39 (2001); *Serrano v. Priest*, 20 Cal.3d 25, 48-49 (1977)

22  ("*Serrano III*").  The Court computes the "lodestar" amount by multiplying the number

23  of hours reasonably expended by each attorney by the current reasonable hourly rate

24  for that attorney.  *Kearney*, 553 F. Supp. 2d at 1185 (quoting *Gates v. Deukmejian*, 987

25  F.2d 1392, 1397 (9th Cir. 1992)); *see also Ketchum*, 24 Cal.4th at 1131-32; *Serrano v.*

26

27  ---

[5] The *Plevin* court deferred ruling on the fee motion until after final judgment, based on

28  a Northern District of California local rule that has no analogue in the Southern

District.  *See Plevin*, 2011 WL 3240536 at *5.

*Unruh*, 32 Cal.3d 621, 624-26 (1982) ("*Serrano IV*").[6]  The Court can then enhance this lodestar figure by a "multiplier" to account for a range of factors, such as contingency, the novelty and difficulty of the case, and the degree of success achieved. *Ketchum*, 24 Cal.4th at 1132-36; *see also Serrano III*, 20 Cal.3d at 49.  Here, Defendants do not request a multiplier.

Defendants request a total lodestar amount of $141,720.00 for their attorneys' fees incurred in filing and briefing their three prior anti-SLAPP motions, defending against the state law claims that were the subject of those motions, and litigating the instant motion for attorneys' fees, which are compensable categories in an anti-SLAPP attorneys' fees application.  *See infra,* Section C.

The following table sets forth the hours sought and the requested billing rate of each attorney (with that attorney's bar admission date) and other billers for whom fees are sought:

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| Stacey Leyton (1998) (Altshuler Berzon LLP) | 24.9 | $775 | $19,297.50 |
| Meredith Johnson (2012) (Altshuler Berzon LLP) | 70.0 | $500 | $35,000.00 |
| Annie Wanless (2021) (Altshuler Berzon LLP) | 31.1 | $275 | $8,552.50 |
| Zoe Tucker (law clerk) (Altshuler Berzon LLP) | 4.9 | $200 | $980.00 |
| Paul More (2003) (McCracken, Stemerman & Holsberry) | 69.5 | $700 | $48,650.00 |
| David Barber (2013) (McCracken, Stemerman & Holsberry) | 18.0 | $480 | $8,640.00 |
| Luke Dowling (2019) (McCracken, Stemerman & Holsberry) | 22.0 | $300 | $6,600.00 |

---

[6] When considering the reasonableness of an attorney's fee request under the anti-SLAPP statute, federal courts regularly rely on state court decisions.  *See, e.g.,* *Manufactured Home Communities, Inc. v. Cty. of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011); *Kearney*, 553 F.Supp.2d at 1184-85.

17

| | | | |
|---|---|---|---|
| Steven Coopersmith (1996) (The Coopersmith Law Firm) | 7.6 | $800 | $6,080.00 |
| Philippa Grumbley (2009) (The Coopersmith Law Firm) | 13.1 | $550 | $7,205.00 |
| Danielle Macedo (2019) (The Coopersmith Law Firm) | 2.2 | $325 | $715.00 |

## B.  The hourly rates requested are reasonable.

Prevailing parties are entitled to be compensated at hourly rates that reflect the reasonable market value of their counsel's legal services, "to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of the counsel and the amount of time involved." *Kearney*, 553 F. Supp. 2d at 1185 (quoting *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002)); *San Bernardino Valley Audubon Society, Inc. v. County of San Bernardino* 155 Cal. App. 3d 738, 755 (1984).  "The reasonable hourly rate 'is that prevailing in the community for similar work.'"  *Kearney*, 553 F. Supp. 2d at 1185 (internal quotation omitted).

The hourly rates requested for counsel here are reasonable because they are consistent with the market rates for complex civil litigation in San Diego.[7]  Prevailing

---

[7] Courts in the San Diego area have approved rates equal to or higher than the ones requested here in other cases.  *See, e.g.*, *Soler v. County of San Diego*, 2021 WL 2515236 at \*5 (S.D. Cal. June 18, 2021) ("Over the course of the past several years, courts in this District have awarded hourly rates for work performed in civil cases by attorneys with significant experience anywhere in range of $550 per hour to more than $1000 per hour."); *Herring Networks, Inc. v. Maddow*, 2021 WL 409724 at \*5 (S.D. Cal. Feb. 5, 2021) (finding reasonable attorney hourly rates from $470 to $1,150 commensurate with experience); *Kries v. City of San Diego*, 2021 WL 120830 (S.D. Cal. Jan 13, 2021) (hourly rates of $650); *In re Easysaver Rewards Litigation*, 2020 WL 2097616 (S.D. Cal. May 1, 2020) (hourly rates up to $850); *Vasquez v. Kraft Heinz Foods Co.*, 2020 WL 1550234 (S.D. Cal. Apr. 1, 2020) (hourly rates from $550 to $725); *Caccimise v. Credit One Bank*, 2020 WL 804741 (S.D. Cal. Feb. 18, 2020) (hourly rates from $300 to $400); *San Diego Comic Convention v. Dan Farr Productions*, 2019 WL 1599188 (S.D. Cal. Apr. 15, 2019), *aff'd* 807 F.App'x 674 (9th Cir. Apr. 20, 2020) (hourly rates of $760); *Kikkert v. Berryhill*, 2018 WL 3617268

---

18

1  market rates for commercial cases of similar complexity should be considered

2  reasonable in order to fulfill the Legislature's goal of enticing well-qualified counsel to

3  undertake difficult cases.  *San Bernardino*, 155 Cal. App. 3d at 755; *cf. Metabolife*

4  *Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002) (explaining that

5  prevailing defendant must be granted fees to deter chilling of protected activity).  The

6  hourly rates are not reduced merely because counsel may have charged a reduced

7  hourly rate for public-interest clients or purposes: "'The reasonable market value of the

8  attorney's services is the measure of a reasonable hourly rate.  This standard applies

9  regardless of whether the attorneys claiming fees charge nothing for their services,

10  charge at below-market or discounted rates, represent the client on a straight contingent

11  fee basis, or are in-house counsel.'"  *Center for Biological Diversity v. County of San*

12  *Bernardin*o, 188 Cal. App. 4th 603, 619 (2010) (quoting *Chacon v. Litke*, 181 Cal.

13  App. 4th 1234, 1260 (2010)); *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205,

14  
15  (S.D. Cal. July 30, 2018) (de facto hourly rate of $943); *Lewis v. County of San Diego*,
16  2017 WL 6326972 (S.D. Cal. Feb. 27, 2017) (hourly rates from $250 to $600); *Beaver*
17  *v. Tarsadia Hotels,* 2017 WL 4310707 (S.D. Cal. Sept. 28, 2017) (hourly rates from
18  $400 to $875); *Dilts v. Penske Logistic, LLC,* 2017 WL 2620664 (S.D. Cal. June 16,
19  2017) (hourly rates from $550 to $750); *Makaeff v. Trump University, LLC,* 2015 WL
20  1579000 (S.D. Cal. Apr. 9, 2015) (hourly rates from $360 to $825); *Chaikin v.*
21  *Lululemon USA Inc*., 2014 WL 1245461 (S.D. Cal. Mar. 17, 2014) (hourly rates of
22  $350 to $650); *Reed v. 1-800 Contacts, Inc.,* 2014 WL 29011 (S.D. Cal. Jan. 2, 2014)
23  (hourly rates of $650); *Johansson-Dohrmann v. CBR Sys.*, 2013 WL 3864341 (S.D.
24  Cal. July 24, 2013) (hourly rates of $695); *Hartless v. Clorox,* 273 F.R.D. 630, 644
25  (S.D. Cal. 2011) (hourly rates of $675 to $795); *Shames v. Hertz Corp.,* 2012 WL
26  5392159 (S.D. Cal. Nov. 5, 2012) (same).  *See also* Declaration of Paul L. More
27  ("More Decl."), Ex. 2 (Declaration of Richard M. Pearl) ¶14 (citing *Hansen v. Coca*
28  *Cola,* San Diego Cty. Sup. Ct. No. 37-2016-00021046 –CU-MCCTL (filed June 22,
2020) (hourly rates from $525 to $925); *Hohnbaum v. Brinker Restaurants, Inc.,* San
Diego Cty. Sup. Ct. No. GIC834348, Order and Judgment (filed Dec.15, 2014) (hourly
rates of $850); *Beltran v. D III Transportation Corp.*, San Diego Cty. Sup. Ct. 77-
2012-00099241-CU-OE-CTL, Order Granting Final Approval of Class Settlement and
Award of Attorneys' Fees (filed June 20, 2014) (hourly rates of $750); *Briarwood*
*Capital LLC v. HCC Investors LLC,* San Diego Cty. Sup. Ct. GIC877446 (filed Mar.
30, 2011) (hourly rates of $490 to $950)).

19

1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged [by] the prevailing party.").

The hourly rates requested here are reasonable given the complexity of the case and the experience of counsel. *See Kearney*, 553 F. Supp. 2d at 1185 (listing factors used to determine reasonable rates). Plaintiffs have filed a 200-page Complaint, are asserting or have asserted nine federal claims under three different statutes and four different state law claims, and seek $100 million in damages. Given the high stakes and sheer volume of allegations, Defendants hired counsel with extensive experience in complex litigation. *See, e.g.*, Declaration of Stacey Leyton, ¶¶13–18; Declaration of Paul More, ¶¶13–17; Declaration of Steven Coopersmith, ¶¶13–18.

Defendants' counsel bring extensive experience and expertise to this case and are well-qualified to receive the requested rates. The qualifications and experience of each attorney are set forth in the accompanying Declarations of Stacey Leyton ("Leyton Decl.") (Altshuler Berzon LLP attorneys), Paul More ("More Decl.") (McCracken, Stemerman & Holsberry LLP attorneys), and Steven Coopersmith ("Coopersmith Decl.") (Coopersmith Law Firm attorneys).

Ms. Leyton, Mr. More, and Mr. Coopersmith have been counsel on many cases in federal and state courts involving significant questions of law. Leyton Decl. ¶¶14–18; More Decl. ¶¶14–17; Coopersmith Decl. ¶¶13–18. Ms. Leyton and Mr. More both served as law clerks in the federal judiciary (including, for Ms. Leyton, for Justice Stephen Breyer of the United States Supreme Court). Leyton Decl. ¶13; More Decl. ¶14. Mr. Coopersmith served as a U.S. Army Captain in the United States Army, Judge Advocate General's (JAG) Corps before starting his own law firm. Coopersmith Decl. ¶13. All three have been selected as Super Lawyers by Super Lawyers Magazine on numerous occasions, in addition to various other such recognitions. Leyton Decl. ¶16; More Decl. ¶15; Coopersmith Decl. ¶16. The senior counsel, associates, and fellows who worked on this case all have experience leading or assisting with litigation

in state and federal courts.  Leyton Decl. ¶¶17–18; More Decl. ¶¶16–17; Coopersmith
Decl. ¶¶17–18.  The rates requested by each firm are commensurate with the market
rates in the San Diego area.  *See* Leyton Decl. ¶¶22–23; More Decl. ¶¶ 18–22;
Coopersmith Decl. ¶ 19.[8]

Given the experience and expertise of counsel, the complex nature of this case,
counsel's success, and the prevailing rates in the San Diego market, the hourly rates
requested are reasonable.

### C.    The number of hours expended is reasonable and fully supported by the evidence.

Prevailing parties under fee-shifting statutes, including prevailing anti-SLAPP
defendants, are entitled to compensation for "all hours reasonably spent."  *Kearney*,
553 F. Supp. 2d at 1181 (quoting *Serrano IV*, 32 Cal.3d at 624); *accord Ketchum*, 24
Cal.4th at 1133; *Hensley*, 461 U.S. at 431.  "All reasonable hours" includes all work
(including drafting, researching, and communication among counsel) on the anti-
SLAPP motion, any work on other claims that were "inextricably intertwined" with the
anti-SLAPP motion, and work on the fee motion itself.  *See, e.g.*, *Graham-Sult v.
Clainos*, 756 F.3d 724, 752 (9th Cir. 2014); *Manufactured Home Communities, Inc. v.
Cty. of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011); *Kearney*, 553 F. Supp. 2d at
1181, 1183-83.  Hours are reasonably spent, and should be compensated, if "in light of
the circumstances, th[at] time could reasonably have been billed to a private client."
*Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (applying the
lodestar method).

To determine whether counsel's requested hours are reasonable, "the district
court should begin with the billing records the prevailing party has submitted."
*Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).  "While detailed

---

[8] Altshuler Berzon's market rates have been approved as reasonable by courts in
numerous cases.  Leyton Decl. ¶20.  Altshuler Berzon has adjusted its market rates
downward for purposes of this application, to account for differences between the San
Francisco legal market and the San Diego legal market).  *Id.* at ¶22.

21

time records are not required, counsel still must submit sufficient evidence for the court to find that the hours requested were reasonably expended in this action." *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 831 (E.D. Cal. 2016). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112; *see also Chalmers*, 796 F.2d at 1211.

Here, Defendants have not only provided declarations attesting to their fees, but also detailed time records setting forth the time devoted to each specific task. *See* Leyton Decl. ¶5 & Ex. 1; More Decl. ¶¶6–11 & Ex. 1; Coopersmith Decl. ¶¶6–11 & Ex. 1. These time records are based on contemporaneous time entries maintained in the normal course of practice. *See* Leyton Decl. ¶6; More Decl. ¶6; Coopersmith Decl ¶6. The requested hours were actually billed to private clients, which paid those bills (or will pay them, in the case of the most recent bills). *See* Leyton Decl. ¶8, More Decl. ¶7, Coopersmith Decl., ¶8. Furthermore, all bills were sent after counsel exercised billing judgment and cut duplicative or redundant time. Leyton Decl. ¶10; More Decl. ¶8; Coopersmith Decl. ¶10. Counsel have exercised further billing judgment and written off additional hours before submitting this motion. Leyton Decl. ¶¶5, 9, 10; More Decl. ¶¶9–10; Coopersmith Decl. ¶¶9–10.

Further, Plaintiffs have amended their Complaint four times now, requiring Defendants' counsel to repeatedly respond. The losing party cannot litigate tenaciously—as Plaintiffs have done here—and then be heard to complain that the prevailing party devoted too many hours to the case. *Serrano IV*, 32 Cal.3d at 638 (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) (en banc)). Moreover, when considering whether the requested "hours [were] reasonably expended," "whether the prevailing party achieved a level of success" is an "important factor." *Metabolife Int'l*, 213 F. Supp. 2d at 1223 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628,

659 (1996)).  Here, the Court dismissed all three state law claims that were the subject of the anti-SLAPP motion, and Plaintiffs have not attempted to re-plead them in their subsequent amended complaints.  Defendants have thus achieved complete success in defending against these meritless claims.

As the California Supreme Court noted in *Ketchum*, while the goal of the anti-SLAPP statute is to permit meritless lawsuits to be disposed of expeditiously at the outset of litigation, that process "may be complex and time consuming."  24 Cal.4th at 1139.  This is certainly true here.  Defendants seek compensation for the time counsel reasonably expended related to the anti-SLAPP motion, as follows:

### 1.    Researching and drafting the anti-SLAPP motions and defending against Plaintiffs' state law claims.

The "'fee should ordinarily include compensation for all hours reasonably spent.'"  *Kearney*, 553 F. Supp. 2d at 1181 (quoting *Serrano IV*, 32 Cal.3d at 624).  As the time records show, Defendants' counsel reasonably expended the requested hours in tasks related to filing three anti-SLAPP motions, including conducting legal research, drafting and revising the supporting declarations, communicating amongst Defendants and counsel, drafting and revising the anti-SLAPP motions and supporting briefs, reviewing Plaintiffs' oppositions to the anti-SLAPP motions, conducting legal research to respond to these arguments, drafting and revising the replies in support of the anti-SLAPP motions, reviewing the court's orders regarding the anti-SLAPP motions, and numerous other tasks inherent and essential to litigating the anti-SLAPP motions.  *See* Leyton Decl. ¶11 & Ex. 1; More Decl. ¶11 & Ex. 1; Coopersmith Decl. ¶ 11 & Ex. 1.

Because the second step of the anti-SLAPP inquiry requires analyzing the merits of Plaintiffs' claims, counsel also reasonably spent time responding to Plaintiffs' three state law claims.  Specifically, Defendants are claiming hours spent researching and drafting the portions of their motions to dismiss that addressed merits arguments that were also at issue in the anti-SLAPP motion.  *See Graham-Sult*, 756 F.3d at 752

23

(upholding district court's fee award that included hours spent "not exclusively in pursuit of the anti-SLAPP motion… [including] time lawyers spent on the motion to dismiss, reply, other filings, document review, and preparing initial disclosures."); *Kearney*, 553 F. Supp. 2d at 1184 (awarding anti-SLAPP fees for "work performed on the[] dismissal motion" on state-law claims).  Defendants were careful not to include any hours spent researching or drafting federal law claims, but only hours spent on state law claims related to the anti-SLAPP motion.[9]  Leyton Decl. ¶¶5, 7, 9; More Decl. ¶9; Coopersmith Decl. ¶¶6–7. These hours are compensable because they were "incurred [while] addressing common legal issues," rendering the fees "inextricably intertwined." *Kearney*, 553 F. Supp. 2d at 1184 (noting that the anti-SLAPP motion and motion to dismiss both "challenged plaintiff's claims by relying upon the *Noerr–Pennington* doctrine and/or the related litigation privilege").  "All expenses incurred on common issues of fact and law qualify for an award of attorney's fees under the anti-SLAPP statute and those fees need not be apportioned."  *Id.*; *see also Manufactured Home Communities, Inc.*, 655 F.3d at 1181 (upholding all fees that were "integral" to achieving result even if the work on certain claims was "overlapping").

After the exercise of billing judgment, time spent on the anti-SLAPP motions and related research and drafting comprised 189.1 attorney hours (88.7 Altshuler Berzon LLP hours, 77.5 McCracken, Stemerman & Holsberry LLP hours, and 22.9 Coopersmith Law Firm hours) and 4.9 law clerk hours (Althsuler Berzon hours), for a total of 194 hours.  *See* Leyton Decl. ¶5 & Ex. 1; More Decl. ¶6 & Ex. 1; Coopersmith Decl. ¶6 & Ex. 1.

### 2.    The time incurred to prepare the instant fee motion.

Prevailing parties under fee-shifting statutes, including prevailing anti-SLAPP

---

[9] Defendants did not include any hours that could not reliably be categorized as exclusively related to state-law claims when reviewing counsels' contemporaneous billing records.  *See* Leyton Decl. ¶5; More Decl. ¶9; Coopersmith Decl. ¶6.  Thus, the extent there was any question as to whether the time was spent on state or federal law claims, it was excluded.

defendants, are also entitled to compensation for all time reasonably spent on the fee request.  *See Kearney*, 553 F. Supp. 2d at 1181-82 ("[T]he fee should ordinarily include compensation for all hours reasonably spent, including those relating solely to obtaining the fee award." (citing *Serrano IV*, 32 Cal.3d at 624; *Ketchum*, 2 Cal.4th at 1141)).  This is because "'the [private attorney general] doctrine will often be frustrated, sometimes nullified, if awards are diluted or dissipated by lengthy, uncompensated proceedings to fix or defend a rightful fee claim.'"  *Graham v. Daimler-Chrysler Corp.*, 34 Cal.4th 553, 580 (2004) (internal quotation omitted).

After the exercise of billing judgment, time spent on the instant fees motion comprised a total of 74.2 attorney hours (42.2 Altshuler Berzon LLP hours and 32 McCracken, Stemerman & Holsberry LLP hours[10]).  *See* Leyton Decl. ¶5; More Decl. ¶4.  Defendants will supplement these figures with their reply papers.

### D.   Summary

In sum, Defendants request compensation at the hourly rates set forth above, for 189.1 attorney hours and 4.9 law clerk hours devoted to the anti-SLAPP motions, for a total of $110,965.00 in attorneys' (and law clerk's) fees incurred on that motion. Leyton Decl. ¶2; More Decl. ¶3; Coopersmith Decl. ¶3.  Adding that to the 74.2 hours and $30,755.00 incurred thus far in preparing the instant fee motion, Leyton Decl. ¶3; More Decl. ¶4, yields a total lodestar of $141,720.00 for the motions.  Leyton Decl. ¶25; More Decl. ¶23; Coopersmith Decl. ¶20.  Defendants will supplement the fees-on-fees figure, and the total lodestar, with their reply papers.

### CONCLUSION

For the foregoing reasons, Defendants should be granted their attorneys' fees and costs incurred in defending against Plaintiffs' state law claims.

///

///

---

[10] The Coopersmith Law Firm will provide the time it spent on this motion and supporting papers along with reply briefing.

Dated: April 5, 2022                Respectfully submitted,

Richard G. McCracken, SBN 62058
Paul L. More, SBN 228589
Luke Dowling, SBN 328014
McCRACKEN, STEMERMAN & HOLSBERRY, LLP
595 Market Street, Suite 800
San Francisco, CA 94105
Tel:  415-597-7200  Fax:  415-597-7201
Email: rmccracken@msh.law / pmore@msh.law
ldowling@msh.law

*Attorneys for Defendants UNITE HERE Local 30 and Brigette Browning*

Stacey Monica Leyton, SBN 203827
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel:  415-421-7151  Fax:  415-362-8064
Email:sleyton@altshulerberzon.com

*Attorneys for Defendants Tom Lemmon and San Diego Building and Construction Trades Council*

Steven Todd Coopersmith, SBN 184646
Philippa S. Grumbley, SBN 265135
THE COOPERSMITH LAW FIRM
555 W Beech St., Suite 230
San Diego, CA 92101
Tel:  619-238-7360  Fax:  619-785-3357
Email:stc@stevecoopersmithlaw.com
psg@stevecoopersmithlaw.com

*Attorneys for Defendant Tom Lemmon*

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES                CASE NO. 18-cv-02763-LL-AHG

# CERTIFICATE OF SERVICE

I am employed in the city and county of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is: 595 Market Street, Suite 800, San Francisco, California 94105.

On April 5, 2022, I served a copy of the foregoing document

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16.**

on the interested party(s) in this action, as follows:

***By ECF System - Court's Notice of Electronic Filing:***

| | |
|---|---|
| Susan K. Leader<br>AKIN GUMP STRAUSS HAUER & FELD<br>1999 Avenue of the Stars<br>Suite 600<br>Los Angeles, CA 90067<br>Telephone: 310-229-1000<br>Fax: 310-229-1001<br>Email: sleader@akingump.com | William M. Low<br>Edwin M. Boniske<br>Geoffrey M. Thorne<br>Jacob T. Spaid<br>HIGGS FLETCHER & MACK LLP<br>401 West "A" Street, Suite 2600<br>San Diego, California 92101-7913<br>Telephone: 619-236-1551<br>Fax: 619-696-1410<br>Email: wlow@higgslaw.com<br>    boniske@higgslaw.com<br>    thorneg@higgslaw.com<br>    spaidj@higgslaw.com |
| Lawrence David Levien<br>AKIN GUMP STRAUSS HAUER & FELD<br>2001 K Street, N.W.<br>Washington, DC 20006-1037<br>Telephone: 202-887-4054<br>Fax: 202-887-4288<br>Email: llevien@akingump.com | Stephanie Peri Priel<br>BAKER MCKENZIE<br>10250 Constellation Boulevard<br>Suite 1850<br>Los Angeles, CA 90067<br>Telephone: 310-201-4728<br>Fax: 310-201-4721<br>Email: spriel@akingump.com |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |

1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 5th day of April, 2022, at San Francisco, California.

Katherine Pierre

DEFENDANTS' MEMO ISO ANTI-SLAPP FEES                    CASE NO. 18-cv-02763-LL-AHG