**THE COOPERSMITH LAW FIRM**
STEVEN T. COOPERSMITH (SBN 184646)
PHILIPPA S. GRUMBLEY (SBN 265135)
1230 Columbia Street, Suite 680
San Diego, California 92101
Telephone: (619) 238-7360
Facsimile: (619) 785-3357
Email: stc@stevecoopersmithlaw.com

Attorneys for Defendant,
Tom Lemmon

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; BH PARTNERSHIP LP, a California limited partnership; EHSW, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>UNITE HERE LOCAL 30; BRIGETTE BROWNING, an individual; SAN DIEGO COUNTY BUILDING and CONSTRUCTION TRADES COUNCIL, AFL-CIO; TOM LEMMON, an individual; and DOES 1-10,<br><br>Defendants. | CASE NO.: 3:18-cv-02763-LL-AHG<br><br>**DECLARATION OF STEVEN T. COOPERSMITH IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16.**<br><br>Judge: Hon. Linda Lopez |

### DECLARATION OF STEVEN T. COOPERSMITH

I, Steven T. Coopersmith declare:

1. I am an attorney duly licensed to practice in the State of California and am the Managing Attorney for The Coopersmith Law Firm, the attorney of record for Defendant Tom Lemmon along with co-counsel Stacey M. Leyton from

1  Altshuler Berzon LLP.  I have personal knowledge of the facts stated herein and
2  could competently testify thereto.
3    2. This declaration is in support of Defendants' Motion for Attorneys'
4  Fees and Costs Pursuant to California Code of Civil Procedure § 425.16.
5    3. Since the inception of the case on December 7, 2018, I have been
6  responsible for supervising all work on the case performed by my firm.  Tom
7  Lemmon seeks attorneys' fees on a total of 22.9 attorney hours spent by my firm
8  defending against Plaintiffs' state-law causes of action through the entry of the
9  Courts' order dismissing those causes of action on August 26, 2021.  Tom Lemmon
10 does not seek attorneys' fees for time it spent litigating Plaintiffs' federal causes of
11 action. The total hours that Tom Lemmon claims incurred by my firm break down
12 as follows: 7.6 hours by myself, the managing partner of this firm, who graduated
13 law school in 1996, 13.1 hours by Philippa S. Grumbley, senior counsel who
14 graduated law school in 2009, and 2.2 hours by Danielle Macedo, a former
15 associate who remains of counsel to my firm and who graduated law school in
16 2019.
17   4. In addition, Mr. Lemmon claims additional hours that Ms. Grumbley
18 and myself spent preparing this declaration. Mr. Lemmon will supplement his fee
19 request to reflect the full time spent on this motion if fees are awarded.
20   5. Tom Lemmon seeks the following rates for work performed in
21 defending against Plaintiffs' state-law causes of action: $800 for myself, $550 for
22 Ms. Grumbley and $325 for Ms. Macedo.

### Reasonable Hours Expended

25   6. Mr. Lemmon claims fees for a total of 22.9 hours spent in successfully
26 defending against Plaintiffs' state-law claims through August 26, 2021 as well as
27 additional time spent preparing this declaration and assisting with the motion.
28 Attached to this Declaration as **Exhibit 1** are details of the date, attorney, and hours

being claimed for The Coopersmith Law Firm's attorneys through August 26 2021, as well as a description of the services rendered. The 22.9 hours include time spent on Defendants' anti-SLAPP motions as well as time researching and drafting the state law claims merits issues in the motions to dismiss. These hours do not include any time researching or drafting the federal law portions of Defendants' motions to dismiss. If a billing entry was vague (e.g., "Legal research for motion to dismiss"), I did not include any hours unless contemporaneous email records specifically showed that the entry referred to state law issues. I also did not include any time spent reviewing court orders, cite checks by paralegals, scheduling communications and filings, and many other tasks that would have encompassed some state law issues work.

7. The regular practice and normal course of business at my firm is for all attorneys and paralegals to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments. Ms. Grumbley, Ms. Macedo, and I, as well as the firm's paralegals who incurred time in this case, followed that practice throughout this litigation. The hours were recorded contemporaneously by the individual billers. These billing records were compiled by my firm's executive assistant and redacted to show the time entries relevant to the motion this declaration supports, and then transferred to a spreadsheet. I have reviewed these time entries to assure their reasonability and that they pertain to matters relating to Mr. Lemmon's defense against Plaintiffs' state-law claims.

8. The hours incurred in this case were actually billed to Mr. Lemmon and/or his insurers on a monthly basis. Mr. Lemmon and/or his insurers paid for these hours billed or will pay them (in the case of the bills that are still outstanding).

9. I have deleted billing records that do not pertain to defending against Plaintiffs' state-law claims, including billing entries solely related to Mr. Lemmon

1  and the San Diego County Building and Construction Trades Council's federal
2  claims.
3      10.  Exhibit 1 reflects fewer hours than the number of hours that were
4  actually devoted to defending against state-law claims and litigating the anti-
5  SLAPP motions.  Each month, before bills were sent to Mr. Lemmon and/or his
6  insurers, I exercised billing judgment by deleting (or "no-charging," so that the time
7  was listed but not billed) any time entries that in my view were duplicative,
8  redundant, or excessive.  In preparing this application, I also wrote off time spent
9  by attorneys in my law firm even though that time was actually billed to the client,
10 as well as any time that could not be reliably categorized as compensable under the
11 anti-SLAPP law (for example, because the time entry description was insufficiently
12 specific).
13      11.  The hours incurred in this case were necessary for the successful
14 defense against Plaintiffs' three anti-SLAPP motions.  Mr. Lemmon and the San
15 Diego County Building and Construction Trades Council were required to file three
16 anti-SLAPP motions and three motions to dismiss addressing four different state-
17 law claims (which were pled in the Complaint, First Amended Complaint, and
18 Second Amended Complaint).  We performed research related to the state law
19 claims and drafted legal arguments to rebut those claims to assist Ms. Leyton's
20 firm, which took the lead role in researching Plaintiffs' state-law claims and
21 drafting the portions of the anti-SLAPP motions that explained why those claims
22 lacked merit.  My law firm also coordinated with co-counsel on the anti-SLAPP
23 motions and analyzed issues raised in the opposition to assist with the reply. At all
24 times the law firms representing Defendants in this case coordinated to avoid
25 redundancy and duplication of effort.  Our billing records reflect a detailed
26 breakdown of these tasks.

## Reasonable Hourly Rate

12. Mr. Lemmon is seeking rates of $800 per hour for myself, $550 per hour for Ms. Grumbley and $325 for Ms. Macedo. These rates are reasonable and, in fact, below market rates for attorneys of comparable qualifications in the San Diego area. These rates are claimed based on the following information.

13. **Steven T. Coopersmith.** I am the managing partner of The Coopersmith Law Firm. I am a 1992 graduate of the University of Pennsylvania, and a 1996 graduate of the University of California, Hastings College of the Law, where I served as Note Editor on the Constitutional Law Review. After law school, I served as a U.S. Army Captain in the United States Army, Judge Advocate General's (JAG) Corps. (1997-2000), during which I acted as trial counsel for various units, including the 2nd Bn / 75th Ranger Regiment. After leaving the military, I was an attorney first at Post Kirby Noonan & Sweat in San Diego, and then at Duckor Spradling Metzger & Wynne. I was senior counsel at La Bella & McNamara LLP before starting my own law firm in 2008.

14. My law firm is rated "AV-Preeminent" by the Martindale Hubbell International Law Directory, and we are in the Bar Register of Pre-Eminent Lawyers. I am a member of the State Bar of California and the United States District Court for the Southern District of California, as well as the Northern, Eastern and Central Districts of California. I am a member of the United States Supreme Court Bar, and the United States Court of Military Appeals.

15. I have been lead counsel or co-counsel on many cases in the federal and California courts involving significant questions of law, including <u>Tuschscher Development Enterprises, Inc. v. San Diego Unified Port District</u>, 106 Cal. App. 4th 1219 (2003) (Representing the Port District in a successful anti-SLAPP motion in a large-scale development project); <u>Laster, et al. v. T-Mobile USA Inc., et al.</u>, U.S. District Court, Southern District of California Case No. 3:05-cv-01167-DMS-WVG (representing a mobile telephone carrier involving novel issues of pass-through

sales tax claims and the arbitrability of consumer provisions); <u>Pack and Crate Services, Inc. v. Allstate Van and Storage, Inc.</u>, U.S. District Court, Southern District of California Case No. 3:07-cv-00696-BTM-NLS (representing a *Qui Tam* relator in a suit that brought significant funds back to the U.S. Government for fraud by a military moving company); <u>Maxwell v. County of San Diego, et al.</u>, U.S. District Court, Southern District of California Case No. 3:07-cv-02385-JAH-JLB (involving claims arising from a Sheriff's Deputy who shot wife with his own service weapon); <u>The Agape Way, LLC v. Investment Associates, Limited Partnership</u>, U.S. District Court, Southern District of California Case No. 3:13-cv-01777-BTM-BLM (involving the separation of partnership interests with an ongoing U.S. DOJ Tax Division action against the other partner); and <u>Hom v. TFC Holding Company</u>, U.S. District Court, Southern District of California Case No. 3:17-cv-01109-DMS-MDD (securities fraud claim by an investor against a bank), amongst many others. I have represented the San Diego County Building and Construction Trades Council in a number of matters, including a lawsuit against the City of San Diego and its non-profit, Civic San Diego, which resolved in a public settlement that severed the tie between the City and the agency tasked with developing all of downtown San Diego.

16. I have been named a Southern California Super Lawyer by Super Lawyers Magazine every year since 2014 in the area of business litigation and a "Top Lawyer" in San Diego Magazine for each year since 2013. My firm has appeared in multiple years on the Law Firm 500 list of the fastest growing boutique law firms in the United States.

17. **Philippa S. Grumbley.** Ms. Grumbley graduated from the University of San Diego School of Law in 2009, where she received a CALI Excellence for the Future Award in both California Civil Procedure and International Contracts (given in recognition of achieving the highest grade in the class) and served on the USD National Mock Trial Team. After law school, she practiced first in Los Angeles and

then in San Diego, representing clients in a variety of civil litigation matters, including contract disputes, business litigation, employment disputes, and healthcare litigation. Ms. Grumbley joined my firm in 2016 as an associate, before more recently becoming senior counsel. She assisted in representing the San Diego County Building and Construction Trades Council in a lawsuit against the City of San Diego and its non-profit, Civic San Diego, and played an essential role in achieving a successful settlement. She has represented clients in both state and federal court, and served as trial counsel in state court and private arbitration. Ms. Grumbley earned a B.A. from Emory University. Ms. Grumbley is a member of the State Bar of California and the United States District Court for the Southern District of California.

18. **Danielle Macedo.** Ms. Macedo graduated from the University of San Diego School of Law in 2019, where she was awarded a Student Leader Scholarship for her role as the Managing Editor of the *San Diego Law Review* and received a CALI Excellence for the Future Award in Animal Law. Ms. Macedo has experience representing individuals and businesses in employment and commercial litigation matters. She has assisted in researching and drafting motions in state court. She earned her B.A. from the University of San Diego in 2012. Ms. Macedo is a member of the State Bar of California.

19. The reasonableness of the hourly rates Mr. Lemmon is claiming in this case is reflected in the declaration of Richard Pearl that was submitted in support of the claimed attorneys fee rates in Garnier v. Poway Unified School District, No. 3:17-cv-02215-BEN-JLB (S.D. Cal. 2021). Mr. Pearl's declaration is filed concurrently in support of Local 30's Motion for Attorney's Fees as Exhibit 2 to Paul More's Declaration, and is incorporated herein by reference. I am aware the Mr. Pearl, who has extensive experience in attorney fee awards, cites various cases in which courts in San Diego have awarded attorney's fees far in excess of the rates

charged by firm for attorneys with equivalent experience.  Additional information supporting these matters appears in Paul More declaration supporting this motion.

20. Using the reasonable rates described in paragraph 12 and applying them to the hours claimed through August 2021, as described in paragraph 3, the following lodestar amount results, presented here by attorney:

| Attorney | Graduation | Hours | Rate | Attorney Lodestar |
|---|---|---|---|---|
| Steven T. Coopersmith | 1996 | 7.6 | $800 | $6,080.00 |
| Philippa S. Grumbley | 2009 | 13.1 | $550 | $7,205.00 |
| Danielle Macedo | 2019 | 2.2 | $325 | $ 715.00 |
| Total | | | | $14,000.00 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of April, 2022, at San Diego, California.

                                        /s/ Steven T. Coopersmith
                                        STEVEN T. COOPERSMITH

# CERTIFICATE OF SERVICE

I am employed in the city and county of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: 595 Market Street, Suite 800, San Francisco, California 94105.

On April 5, 2022, I served a copy of the foregoing document

**DECLARATION OF STEVEN T. COOPERSMITH IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16.**

on the interested party(s) in this action, as follows:

### *By ECF System - Court's Notice of Electronic Filing:*

| | |
|---|---|
| Susan K. Leader<br>Akin Gump Strauss Hauer & Feld<br>1999 Avenue of the Stars<br>Suite 600<br>Los Angeles, CA 90067<br>310-229-1000<br><br>*Attorneys for Plaintiffs* | William M. Low, Bar No. 106669<br>wlow@higgslaw.com<br>Edwin M. Boniske, Bar No. 265701<br>boniske@higgslaw.com<br>Geoffrey M. Thorne, Bar No. 284740<br>thorneg@higgslaw.com<br>Jacob T. Spaid, Bar No. 298832<br>spaidj@higgslaw.com<br>HIGGS FLETCHER & MACK LLP<br>401 West "A" Street, Suite 2600<br>San Diego, California 92101-7913<br><br>*Attorneys for Plaintiffs* |
| Stacey Monica Leyton, SBN 203827<br>ALTSHULER BERZON LLP<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Email:<br>sleyton@altshulerberzon.com<br><br>*Attorneys for Defendants Tom Lemmon and San Diego Building and Construction Trades Council* | Steven Todd Coopersmith, SBN 18464<br>Danielle L. Macedo, SBN 328873<br>THE COOPERSMITH LAW FIRM<br>555 W Beech St., Suite 230<br>San Diego, CA 92101<br>Email:  stc@stevecoopersmithlaw.com<br>dlm@stevecoopersmithlaw.com<br><br>*Attorneys for Defendant Tom Lemmon* |

I declare under penalty of perjury under the laws of the State of California that

1

CERTIFICATE OF SERVICE                                    CASE NO. 18-cv-02763-LL-AHG

1  the foregoing is true and correct.

2      Executed on this April 5, 2022, at San Francisco, California.

                                        */s/ Katherine Pierre*
                                        Katherine Pierre

# Exhibit 1 to Declaration Of Steven T. Coopersmith

**The Coopersmith Law Firm**
**In Reference To: Evans Hotels LLC v. Unite Here! (Professional Services)**

| Date | Timekeeper | Description | Rate | Time | Value |
|---|---|---|---|---|---|
| 2/19/2019 | STC | Review anti-SLAPP motion and emails with other counsel regarding same; Analysis of issues and brief legal research in connection with same | $800 | 1.4 | 1,120.00 |
| 2/20/2019 | STC | Review motion and analysis of issues regarding same; Coordinate with attorney Leyton regarding status and strategy on anti-SLAPP motion | $800 | 1.2 | 960.00 |
| 3/25/2019 | STC | Review and approve joint Anti-SLAPP motion; Analysis of issues for follow up and review anti-SLAPP motion regarding needed revisions to same | $800 | 0.7 | 560.00 |
| 4/12/2019 | PSG | Research regarding state cause of action for attempted extortion; Prepare memorandum to Steven T. Coopersmith, Stacey Leyton, and Meredith Johnson regarding same | $550 | 4.7 | 2,585.00 |
| 5/29/2019 | PSG | Analyze California legal authority regarding state law causes of action, and prepare sections of reply brief for Tom Lemmon and Trades Council regarding same | $550 | 4.2 | 2,310.00 |
| 5/30/2019 | PSG | Continue preparing sections of reply brief with focused analysis of California legal authority and First Amended Complaint regarding same | $550 | 2.8 | 1,540.00 |
| 5/30/2019 | PSG | Prepare sections for reply brief relating to state law claims; Analysis of issues and brief legal research in connection with same; Forward same to co-counsel and client | $550 | 1.4 | 770.00 |
| 6/16/2020 | STC | Receive and initial overview of oppositions to motions to dismiss and anti-SLAPP motion; Analysis of issues regarding same and coordination with co-counsel regarding same | $800 | 1.7 | 1,360.00 |
| 6/17/2020 | STC | Continue review of oppositions to motions to dismiss and anti-SLAPP motion; Analysis of issues regarding same; Legal research in connection with same | $800 | 2.6 | 2,080.00 |
| 6/17/2020 | DLM | Review and analysis of Plaintiffs' Opposition to Defendants' Special Motion to Strike; Prepare notes regarding same | $325 | 1.6 | 520.00 |
| 6/30/2020 | DLM | Continue to edit and proofread Defendants' Joint Reply Brief in Support of Special Motion to Strike | $325 | 0.6 | 195.00 |
| | | | | **TOTAL** | **14,000.00** |

**Exhibit 1**
**1-1**