Stacey M. Leyton, SBN 203827
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Fax:          (415) 362-8064
Email:        sleyton@altber.com

*Attorney for Defendants Tom Lemmon and San Diego County Building and Construction Trades Council, AFL-CIO*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; BH PARTNERSHIP LP, a California limited partnership; EHSW, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> UNITE HERE LOCAL 30; BRIGETTE BROWNING, an individual; SAN DIEGO COUNTY BUILDING and CONSTRUCTION TRADES COUNCIL, AFL-CIO; TOM LEMMON, an individual; and DOES 1-10, <br><br> Defendants. | CASE NO. 18-cv-02763-LL-AHG <br><br> **DECLARATION OF STACEY M. LEYTON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §425.16.** |

I, Stacey M. Leyton, hereby declare:

1.      I am an attorney licensed to practice law in California.  I am a partner at Altshuler Berzon LLP and attorney of record for Defendants Tom Lemmon and San Diego County Building and Construction Trades Council, AFL-CIO ("Building Trades Defendants").  I offer this declaration in support of Defendants' Motion for Attorneys' Fees and Costs Pursuant to California Code of Civil Procedure §425.16, filed herewith. It is based on my own personal knowledge, and if called as a witness, I could and would testify to the following matters.

2.      Since the inception of the case in December 2018, I have been the billing partner responsible for supervising all work on the case.  The Building Trades Defendants seek attorneys' fees on a total of 88.7 hours spent defending against Plaintiffs' state law causes of action through the entry of the Court's order dismissing those causes of action on August 26, 2021.  The Building Trades Defendants do not seek attorneys' fees for time they spent litigating Plaintiffs' federal causes of action. The total hours that the Building Trades Defendants claim break down as follows: 13.8 hours by Stacey Leyton, a partner who graduated from law school in 1998; 70.0 hours by Meredith Johnson, a former associate who graduated from law school in 2012; and 4.9 hours by Zoe Tucker, a former student law clerk.

3.      In addition, the Building Trades Defendants claim 42.2 hours spent preparing this motion and drafting this declaration.  I spent 11.1 hours on the instant motion; and Annie Wanless, a law fellow who graduated from law school in 2021, spent 31.1 hours on the instant motion.  The Building Trades Defendants will supplement this fee request to reflect the full time spent on this motion if fees are awarded.

4.      The Building Trades Defendants seek the following rates for work performed in defending against Plaintiffs' state law causes of action:  $775 for Stacey Leyton, $500 for Meredith Johnson, $275 for Annie Wanless, and $200 for Zoe Tucker.

CERTIFICATE OF SERVICE                                    CASE NO. 18-cv-02763-LL-AHG

**Reasonable Hours Expended**

5.      Attached to this Declaration as **Exhibit 1** are details of the date, biller, and hours being claimed for Altshuler Berzon LLP attorneys and other billers, as well as a description of the services rendered.  The Building Trades Defendants claim fees for a total of 88.7 hours spent in successfully defending against Plaintiffs' state law claims through August 26, 2021, as well as 42.2 hours preparing this motion and declaration for a total of 130.9 hours.  The 88.7 hours include time spent on Defendants' anti-SLAPP motions as well as time researching and drafting the state law claims merits issues in the motions to dismiss.  These hours do not include any time researching or drafting the federal law portions of Defendants' motions to dismiss.  If a billing entry was vague (e.g., "Legal research for motion to dismiss"), I did not include any hours unless contemporaneous email records specifically showed that the entry referred to state law issues.  I also did not include any time spent reviewing Plaintiffs' briefing and evidence, reviewing court orders, cite checks by paralegals, scheduling communications and filings, and many other tasks that would have encompassed some state law issues work.

6.      The regular practice and normal course of business at Altshuler Berzon LLP is for all attorneys, law clerks, and paralegals to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments.  Ms. Johnson, Ms. Wanless, and I, as well as the firm's other attorneys, paralegals, and law clerks who incurred time in this case, followed that practice throughout this litigation.  Throughout the time period covered by this case, the firm has used a remote time entry program called ProLaw to record our billable time.  At or near the time the work was performed, the hours were input by the individual billers into ProLaw, which recorded and stored the time as individual electronic entries, along with detailed descriptions of the tasks performed.  Those entries are automatically released to the firm's accounting department.  The accounting personnel electronically imported all time entries for that month into the accounting system, for review and

2

finalization.  The time summaries attached as Exhibit 1 were generated from the contemporaneous time records maintained in the ProLaw system, with non-substantive redactions or edits for privilege or clarity.

7.    I have reviewed these time entries to assure their reasonability and that they pertain to matters relating to the Building Trades Defendants' defense against Plaintiffs' state law claims and litigating the anti-SLAPP motions.

8.    The hours incurred in this case were actually billed to the Building Trades Defendants on a monthly basis (or in the case of recently incurred time will be billed). The Building Trades defendants and/or their insurers paid these bills or will pay them (in the case of the bills that are still outstanding).

9.    I have deleted billing records that do not pertain to defending against Plaintiffs' state law claims, including billing entries solely related to Plaintiffs' federal claims.

10.   Exhibit 1 reflects fewer hours than the number of hours that were actually devoted to defending against state law claims and litigating the anti-SLAPP motions. Each month, before bills were sent to the Building Trades, I exercised billing judgment by deleting (or "no-charging," so that the time was listed but not billed) any time entries that in my view were duplicative, redundant, or excessive.  In this case overall, I deleted approximately 8% of hours recorded before billing the client.  In preparing this application, I also wrote off time spent by attorneys in my law firm other than those who were primarily litigating this case even though that time was actually billed to the client.

11.   The hours incurred in this case were necessary for the successful defense against Plaintiffs' three anti-SLAPP motions.  We were required to file three anti-SLAPP motions and three motions to dismiss addressing four different state law claims (which were pled in the Complaint, First Amended Complaint, and Second Amended Complaint).  While Mr. More's law firm took the lead in drafting the anti-SLAPP motions, my law firm took the lead role in researching Plaintiffs' state law claims and

CERTIFICATE OF SERVICE                                    CASE NO. 18-cv-02763-LL-AHG

drafting the portions of the anti-SLAPP motions that explained why those claims

lacked merit.  My law firm also conducted research and analysis on certain other anti-

SLAPP issues, and coordinated with co-counsel on the anti-SLAPP motions.  At all

times the law firms representing Defendants in this case coordinated to avoid

redundancy and duplication of effort.  Our billing records reflect a detailed breakdown

of these tasks.

**Reasonable Hourly Rate**

12.    The Building Trades Defendants are seeking rates of $775 per hour for

myself, $500 per hour for Meredith Johnson, and $275 per hour for Annie Wanless.

These rates are reasonable and well below Altshuler Berzon LLP's commercial billing

rates for these attorneys, which are $1,050 per hour for myself, $775 per hour for

Meredith Johnson, and $575 per hour for Annie Wanless.  These rates are claimed

based on the following information.

13.    **Stacey Leyton.**  I am a partner at Altshuler Berzon LLP.  I am a graduate

of Stanford Law School, where I finished first in my law school class.  I served as a

law clerk to Justice Stephen Breyer of the United States Supreme Court, Judge

Stephen Reinhardt of the United States Court of Appeals for the Ninth Circuit, and

Judge Susan Illston of the United States District Court for the Northern District of

California.  I served as an Appellate Representative to the Ninth Circuit Judicial

Conference from 2010 until 2013, and as a Lawyer Representative to the Northern

District of California from 2015 to 2018.  I have spoken and published articles on a

variety of legal topics including recent Supreme Court decisions, antitrust law, legal

issues associated with gig worker organizing, health care reform, federal labor and

ERISA preemption, and legal issues arising from workers' use of e-mail and other

technologies.

14.    I have briefed and argued multiple cases in U.S. Court of Appeals for the

Ninth Circuit, federal district courts, and state trial and appellate courts that involve a

variety of legal issues.  I have also been counsel for parties and amici in the U.S.

1    Supreme Court.  The federal issues that these cases have involved include the National

2    Labor Relations Act, the Americans with Disabilities Act, the Medicaid Act, the

3    National Voter Registration Act, the Sherman Antitrust Act, RICO, ERISA, the First

4    Amendment, the Dormant Commerce Clause, the Contracts Clause, the Takings

5    Clause, the Equal Protection Clause, and choice-of-law controversies.  And I have

6    litigated state law issues under California's Unfair Competition Law, public nuisance

7    doctrine, interference with contract and prospective economic advantage, breach of

8    fiduciary duty, constructive and actual fraud, defamation, contract law,

9    misclassification of employees, elections law, and other statutory and common law

10    claims.

11        15.    I have served as lead counsel, briefed, and/or argued many cases in the

12    federal and California courts involving significant questions of law, including *Service*

13    *Employees International Union Local 87 v. NLRB*, 995 F.3d 1032 (9th Cir. 2021)

14    (petitioning for reversal of NLRB decision that had upheld termination of workers

15    engaged in protest); *California Trucking Association v. Beccera*, 996 F.3d 644 (9th

16    Cir. 2021) (representing International Brotherhood of Teamsters as intervenor in

17    defense of California's "ABC" test for employment against preemption); *International*

18    *Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389 (9th Cir. 2016) (defending

19    Seattle's $15 per hour minimum wage ordinance against constitutional and statutory

20    challenges); *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 558

21    F.3d 1000 (9th Cir. 2009) (representing intervenor unions in defense of San Francisco

22    ordinance requiring minimum health care expenditures against ERISA challenge);

23    *William Morris Endeavor Entertainment, LLC v. Writers Guild of America*, 478

24    F.Supp.3d 932, 2020 WL 698588, 432 F.Supp.3d 1127 (C.D. Cal. 2020) (representing

25    Writers Guild in defending union's collective membership action against talent

26    agencies' antitrust claims); *Vergara v. State of California*, 246 Cal.App.4th 619 (Cal.

27    Ct. App. 2016) (representing California Teachers Association and Federation of

28    Teachers to overturn trial court's ruling invalidating state teacher tenure and seniority-

based layoff statutes); and *Sutter Health v. Unite HERE*, 186 Cal.App.4th 1193 (Cal. Ct. App. 2010) (representing union in appellate challenge to $17 million defamation judgment).

16.     In 2011, I was named a "California Lawyer of the Year" by California Lawyer Magazine for my work in a case challenging cutbacks to the California program providing in-home care to Medicaid recipients.  I have been selected to the Northern California Super Lawyers each year since 2013, to Benchmark Plaintiff California Local Litigation Stars and Benchmark Plaintiff Top Women in Litigation on numerous occasions, and to Best Lawyers in America in both 2021 and 2022.

17.     **Meredith Johnson.**  One of Altshuler Berzon LLP's former associates, Meredith Johnson, also worked on this case.  Ms. Johnson is a 2006 graduate of St. Olaf College and a 2012 graduate of Stanford Law School.  She was admitted to the California Bar on August 9, 2013.  She served as a law clerk to Judge Richard A. Paez of the United States Court of Appeals for the Ninth Circuit.  She was an associate at Altshuler Berzon LLP from 2015 to 2020.  Prior to joining Altshuler Berzon LLP, Ms. Johnson was a fellow at the Impact Fund in Berkeley, California, where she litigated employment discrimination class actions.  Ms. Johnson currently practices law with the Santa Clara County Counsel's Office, where she was recently appointed to be the Lead Deputy County Counsel.  Ms. Johnson litigated two successful anti-SLAPP motions while at Altshuler Berzon LLP.

18.     **Annie Wanless.**  Annie Wanless, a law fellow at Altshuler Berzon LLP, assisted in drafting this declaration and preparing this motion.  Ms. Wanless is a 2016 *summa cum laude* graduate of the University of Southern California and a 2021 graduate of Stanford Law School, where she served as a Senior Editor on the Stanford Law Review.  She was admitted to the California Bar on November 18, 2021.  She joined Altshuler Berzon LLP as a law clerk in January 2021, and as a full time law fellow in September 2021.

19.     The Building Trades Defendants are also seeking a rate of $200 per hour for Zoe Tucker, who was a student law clerk at Altshuler Berzon LLP from Yale Law School.  This rate is below Altshuler Berzon LLP's commercial billing rate for law clerks, which is $325.

20.     The hourly rates requested for Altshuler Berzon LLP are below the comparable market rates in the San Francisco Bay area for attorneys with similar skill, experience, and reputation handling complex civil litigation.  Altshuler Berzon LLP's commercial hourly rates (or their historical equivalents) have been repeatedly approved by numerous courts, including most recently (over the past few years) in *Bunn v. Nike*, No. 20-cv-7403-YGR (N.D. Cal.); *Phelps v. Steve Madden Retail, Inc.*, No. 34-2015-00175330-CU-OE-GD (Sacramento Cty. Sup. Ct.); *Nix v. Major League Baseball*, No. 3:20-cv-00546-WHA (N.D. Cal.); *Ridgeway v. Walmart Inc.*, No. 3:08-cv-05221-SI (N.D. Cal.); *De la Paz v. Simpson Strong Tie Co.*, No. RG17874434 (Alameda Cty. Sup. Ct.); *McDonald v. CP Opco, LLC*, No. 4:17-cv-04915-HSG (N.D. Cal.); *Bare v. Club Demonstration Services, Inc.*, No. 34-2017-00221115 (Sacramento Cty. Sup. Ct.); *Smiles v. Walgreen Co.*, No. RG17862495 (Alameda Cty. Sup. Ct.); and *Henderson v. JPMorgan Chase Bank*, No. 2:11-CV-03428 PSG (PLAx) (C.D. Cal.).

21.     Although much of Altshuler Berzon LLP's practice consists of plaintiffs'-side contingency work and reduced-rate public interest representation, Altshuler Berzon LLP's commercial hourly rates are the rates that the firm actually bills to commercial clients paying on a monthly basis, including in the following cases that are ongoing or billed as recently as last year:  *Jauregui v. Roadrunner*, No. 22-55058 (9th Cir.), *Ibarra v. Wells Fargo*, No. 5:17-CV-06220-BLF (N.D. Cal); *Harvey v. Morgan Stanley*, No. 19-16955 (9th Cir.); *Whitlach v. Premier Valley, Inc.*, No. F082322 (Cal. Ct. App); *Zoller v. GCA Advisors*, No. 20-15595 (9th Cir.); *Mattoo v. 24/7, Inc.*, No. H046474 (Cal. App.); *G.A. Resort Condo. Ass'n, Inc. v. Chicago Title Timeshare Land Trust, Inc.*, No. 20-1431 (10th Cir.)

7

22.     As noted above, the hourly rates requested by the Building Trades Defendants for the Altshuler Berzon attorneys are below the comparable market rate in the San Francisco Bay Area for attorneys with similar skill, experience, and reputation handling complex civil litigation.  The lower rates requested in this case have been set in consideration that attorney hourly commercial rates charged in San Francisco are generally somewhat higher than those charged in San Diego, where this case was litigated.

23.     The reasonableness of the hourly rates the Building Trades Defendants are claiming in this case is also reflected in the declaration of Richard Pearl, which summarizes rates found reasonable in the San Diego area.  Mr. Pearl's declaration is attached to the Declaration of Paul L. More as Exhibit 2, and was originally submitted in support of the claimed attorneys fee rates in *Garnier v. Poway Unified School District¸* No. 3:17-cv-02215-BEN-JLB (S.D. Cal. 2021).  Mr. Pearl cites cases in which courts have awarded attorneys' fees comparable to or in excess of $775 for attorneys with fewer than 24 years' experience (as I have), *see, e.g.*, *Makaeff v. Trump University* (approving $825 hourly rate for 20-year attorney); fees comparable to or in excess of $500 for attorneys with fewer than 10 years' experience (as Meredith Johnson has), *see, e.g.*, *Chaikin v. Lululemon USA, Inc.*, 2014 WL 1245461 (S.D. Cal. 2014) (approving $500 hourly rate for 7-year attorney); and fees comparable to $275 for attorneys with one year of experience (as Annie Wanless has), *see, e.g.*, *id.* (approving $350 for 3-year attorney).

24.     The reasonableness of the rates is further supported by the declarations of Richard Pearl that were submitted in support of MSH's attorneys' fee rates in *UEBT v. Sutter Health*, No. CGC 14–538451 (Cal. Sup. Ct. 2021) and *City of Oakland v. Oakland Police and Fire Retirement System*, No. RG11580626 (Cal. Sup. Ct. 2019). These declarations are attached to the Declaration of Paul L. More as Exhibit 3 and Exhibit 4.  In both declarations, Mr. Pearl cites further examples of firms that charge higher hourly rates for attorneys of similar experience.

8

25.     Using the reasonable rates described in paragraph 4 and applying them to the hours claimed, as described in paragraphs 2 to 3, the following lodestar amount results, presented here by attorney or other biller:

| Attorney | Graduation | Hours | Rate | Attorney Lodestar |
|---|---|---|---|---|
| Stacey Leyton | 1998 | 24.9 | $775 | $19,297.50 |
| Meredith Johnson | 2012 | 70.0 | $500 | $35,000.00 |
| Annie Wanless | 2021 | 31.1 | $275 | $8,552.50 |
| Zoe Tucker | Law clerk | 4.9 | $200 | $980.00 |
| Total | | 130.9 | | $63,830.00 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on March 29, 2022 at San Francisco, California.


_____/s/ Stacey M. Leyton_____
STACEY M. LEYTON

9

## CERTIFICATE OF SERVICE

I am employed in the city and county of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is: 595 Market Street, Suite 800, San Francisco, California 94105.

On April 5, 2022, I served a copy of the foregoing document

**DECLARATION OF STACEY M. LEYTON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §425.16.**

on the interested party(s) in this action, as follows:

### *By ECF System - Court's Notice of Electronic Filing:*

| | |
|---|---|
| Susan K. Leader<br>Akin Gump Strauss Hauer & Feld<br>1999 Avenue of the Stars<br>Suite 600<br>Los Angeles, CA 90067<br>310-229-1000<br><br>*Attorneys for Plaintiffs* | William M. Low, Bar No. 106669<br>wlow@higgslaw.com<br>Edwin M. Boniske, Bar No. 265701<br>boniske@higgslaw.com<br>Geoffrey M. Thorne, Bar No. 284740<br>thorneg@higgslaw.com<br>Jacob T. Spaid, Bar No. 298832<br>spaidj@higgslaw.com<br>HIGGS FLETCHER & MACK LLP<br>401 West "A" Street, Suite 2600<br>San Diego, California 92101-7913<br><br>*Attorneys for Plaintiffs* |
| Stacey Monica Leyton, SBN 203827<br>ALTSHULER BERZON LLP<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Email:<br>sleyton@altshulerberzon.com<br><br>*Attorneys for Defendants Tom Lemmon and San Diego Building and Construction Trades Council* | Steven Todd Coopersmith, SBN 18464<br>Danielle L. Macedo, SBN 328873<br>THE COOPERSMITH LAW FIRM<br>555 W Beech St., Suite 230<br>San Diego, CA 92101<br>Email:  stc@stevecoopersmithlaw.com<br>dlm@stevecoopersmithlaw.com<br><br>*Attorneys for Defendant Tom Lemmon* |

I declare under penalty of perjury under the laws of the State of California that

1

the foregoing is true and correct.

      Executed on this April 5, 2022, at San Francisco, California.

Katherine Pierre

Exhibit 1 to Declaration Of Stacey M. Leyton

**Altshuler Berzon LLP, Hours and Fees Summary re: _Evans Hotels LLC v. Unite Here!_**

| Biller | Category | Hours | Rate | Fees |
|--------|----------|------:|-----:|-----:|
| Stacey Leyton (SL) | Anti-SLAPP Motions | 13.80 | 775.00 | $10,695.00 |
| Stacey Leyton (SL) | Fee Motion | 11.10 | 775.00 | $8,602.50 |
| Meredith Johnson (MJ) | Anti-SLAPP Motions | 70.00 | 500.00 | $35,000.00 |
| Annie Wanless (AW) | Fee Motion | 31.10 | 275.00 | $8,552.50 |
| Zoe Tucker (ZT) (Law Clerk) | Anti-SLAPP Motions | 4.90 | 200.00 | $980.00 |
| | | **130.90** | | **$63,830.00** |

**Exhibit 1**
**1-1**

**Altshuler Berzon LLP, detailed time records re: *Evans Hotels LLC v. Unite Here!***

| Date | Biller | Description | Rate | Time | Value |
|---|---|---|---|---|---|
| 01/07/19 | SL | Review anti-SLAPP materials and e-mail; | 775.00 | 0.10 | $77.50 |
| 01/07/19 | MJ | Legal research re: anti-SLAPP deadlines in federal court; | 500.00 | 0.20 | $100.00 |
| 01/24/19 | MJ | Legal research re elements of extortion; | 500.00 | 6.40 | $3,200.00 |
| 01/29/19 | SL | E-mails re: timing of anti-SLAPP motion; | 775.00 | 0.20 | $155.00 |
| 01/29/19 | MJ | Call with Paul More re: anti-SLAPP motions; | 500.00 | 0.30 | $150.00 |
| 01/29/19 | MJ | Legal research re: anti-SLAPP motions in federal court and draft email re: same; | 500.00 | 1.60 | $800.00 |
| 01/29/19 | MJ | Legal research and e-mails re: whether anti-SLAPP motion covered by stipulation; | 500.00 | 0.30 | $150.00 |
| 01/30/19 | SL | Strategy conference re: anti-SLAPP motion; | 775.00 | 0.20 | $155.00 |
| 01/30/19 | MJ | Strategy conference re: anti-SLAPP timing issues; | 500.00 | 0.20 | $100.00 |
| 02/01/19 | MJ | Draft email re: deadline for filing anti-SLAPP motion; | 500.00 | 0.10 | $50.00 |
| 02/01/19 | SL | Review and edit e-mail re: anti-SLAPP motion timing; strategy conference re: same; | 775.00 | 0.10 | $77.50 |
| 02/11/19 | MJ | Legal research and drafting re state law claims; | 500.00 | 0.40 | $200.00 |
| 02/11/19 | MJ | Legal research and drafting re state law claims; | 500.00 | 4.50 | $2,250.00 |
| 02/11/19 | MJ | Legal research for anti-SLAPP brief; | 500.00 | 2.50 | $1,250.00 |
| 02/11/19 | SL | Review and edit intentional interference argument; | 775.00 | 0.10 | $77.50 |
| 02/12/19 | MJ | Legal research and drafting for motion to dismiss; | 500.00 | 0.70 | $350.00 |
| 02/12/19 | SL | Edit draft state law sections of brief; | 775.00 | 0.40 | $310.00 |
| 02/14/19 | MJ | Legal research re: attempted extortion and email re: same; | 500.00 | 0.30 | $150.00 |
| 02/14/19 | MJ | Read and respond to emails re approach to anti-SLAPP brief; | 500.00 | 1.60 | $800.00 |
| 02/14/19 | MJ | Email with co-counsel re edits to brief; | 500.00 | 0.10 | $50.00 |
| 02/14/19 | MJ | Follow up legal research on state law claims, extortion of corporations, and obtaining of property requirements; | 500.00 | 4.00 | $2,000.00 |
| 02/14/19 | SL | E-mails and research re: anti-SLAPP motion; | 775.00 | 0.30 | $232.50 |
| 02/14/19 | SL | Review anti-SLAPP motion draft and suggested edits to same; | 775.00 | 0.30 | $232.50 |
| 02/19/19 | MJ | Review draft anti-SLAPP motion and email re: same; | 500.00 | 0.50 | $250.00 |
| 02/19/19 | MJ | Email re: anti-SLAPP motion; | 500.00 | 0.20 | $100.00 |
| 02/19/19 | MJ | Review and edit Local 30 draft anti-SLAPP motion and email re: same; | 500.00 | 3.20 | $1,600.00 |
| 02/19/19 | MJ | Draft our anti-SLAPP motion and memo; | 500.00 | 0.70 | $350.00 |
| 02/19/19 | MJ | Review edits to anti-SLAPP motion and email re: same; | 500.00 | 0.10 | $50.00 |
| 02/19/19 | MJ | Review and edit revised anti-SLAPP motion and email re: same; | 500.00 | 0.60 | $300.00 |
| 02/19/19 | SL | Review and suggest edits to Local 30's draft anti-SLAPP motion; | 775.00 | 1.20 | $930.00 |
| 02/19/19 | SL | Strategy conference re: same; | 775.00 | 0.10 | $77.50 |
| 02/19/19 | SL | E-mails re: same; | 775.00 | 0.20 | $155.00 |
| 02/19/19 | SL | Review Building Trades draft anti-SLAPP motion; e-mails re: same; | 775.00 | 0.10 | $77.50 |
| 02/20/19 | MJ | Email re: edits to anti-SLAPP motion; | 500.00 | 0.20 | $100.00 |
| 02/20/19 | MJ | Edit draft anti-SLAPP motion and email re: same; | 500.00 | 0.20 | $100.00 |
| 02/20/19 | MJ | Email re: Building Trades anti-SLAPP motion; | 500.00 | 0.20 | $100.00 |
| 02/20/19 | MJ | Email with client re: anti-SLAPP motion; | 500.00 | 0.10 | $50.00 |
| 02/20/19 | MJ | Email with clients and co-counsel re anti-SLAPP motion, finalize motion, and oversee filing; | 500.00 | 0.80 | $400.00 |
| 02/20/19 | MJ | Draft email to clients with anti-SLAPP filings; | 500.00 | 0.20 | $100.00 |
| 02/20/19 | SL | E-mails re: anti-SLAPP filings; | 775.00 | 0.10 | $77.50 |
| 03/18/19 | MJ | Legal research re extortion; | 500.00 | 2.50 | $1,250.00 |
| 03/27/19 | MJ | Legal research on extortion and wrongfulness; | 500.00 | 2.80 | $1,400.00 |
| 03/28/19 | SL | Strategy conference re: 'property' element of extortion; | 775.00 | 0.30 | $232.50 |
| 03/28/19 | MJ | Legal research re extortion; | 500.00 | 1.40 | $700.00 |
| 03/30/19 | MJ | Legal research for extortion claim; | 500.00 | 6.10 | $3,050.00 |
| 04/04/19 | SL | Strategy conference re: anti-SLAPP issues; | 775.00 | 0.30 | $232.50 |
| 04/07/19 | MJ | Legal research re state law property and draft motion to dismiss; | 500.00 | 0.70 | $350.00 |
| 04/10/19 | SL | Review and edit Local 30 draft anti-SLAPP motion; | 775.00 | 0.30 | $232.50 |
| 04/11/19 | SL | Review suggested edits to Local 30 anti-SLAPP motion; e-mails re: same; | 775.00 | 0.20 | $155.00 |
| 04/11/19 | MJ | Review and edit anti-SLAPP motion; | 500.00 | 0.80 | $400.00 |
| 04/11/19 | MJ | Draft email to co-defendant's counsel re: anti-SLAPP motion; | 500.00 | 0.10 | $50.00 |
| 04/13/19 | SL | Review revised Local 30 draft motion to dismiss and anti-SLAPP motion; e-mails re: same; | 775.00 | 0.30 | $232.50 |
| 04/15/19 | SL | Edit draft anti-SLAPP notice of motion and motion and memorandum; | 775.00 | 0.20 | $155.00 |
| 04/15/19 | MJ | Draft anti-SLAPP motion and notices re: same; oversee finalizing briefs and filing; | 500.00 | 8.50 | $4,250.00 |
| 06/02/19 | SL | Review draft state law reply arguments; e-mails re: same; | 775.00 | 0.10 | $77.50 |
| 06/04/19 | SL | Review and edit attempted extortion argument in reply brief; | 775.00 | 0.40 | $310.00 |
| 06/04/19 | MJ | Review and edit reply in support of motion to dismiss (state law arguments); | 500.00 | 1.80 | $900.00 |
| 06/04/19 | MJ | Edit reply in support of motion to dismiss (argument re intentional interference cause of action); | 500.00 | 1.10 | $550.00 |
| 06/05/19 | SL | Review and edit intentional interference argument in reply brief; | 775.00 | 0.30 | $232.50 |
| 06/05/19 | ZT | Law Clerk: Strategy conference re: intentional interference with contract claim; | 200.00 | 0.30 | $60.00 |
| 06/05/19 | ZT | Research re: intentional interference w/ contract claim; | 200.00 | 4.60 | $920.00 |
| 06/05/19 | MJ | Strategy conference with law clerk re research assignment; | 500.00 | 0.30 | $150.00 |
| 06/05/19 | MJ | Edit reply in support of motion to dismiss; | 500.00 | 1.00 | $500.00 |
| 06/06/19 | SL | Edit draft reply brief; | 775.00 | 0.50 | $387.50 |
| 06/06/19 | MJ | Edit reply in support of motion to dismiss; | 500.00 | 1.00 | $500.00 |
| 06/06/19 | MJ | Legal research on common law extortion claim and edit that section, incorporate cite check, and identify content to cut; | 500.00 | 2.40 | $1,200.00 |
| 06/07/19 | SL | Review and edit draft reply brief; | 775.00 | 0.40 | $310.00 |
| 06/07/19 | SL | Review draft anti-SLAPP reply; | 775.00 | 0.30 | $232.50 |
| 06/07/19 | SL | Strategy conference re: anti-SLAPP and motion to dismiss replies; | 775.00 | 0.20 | $155.00 |
| 06/07/19 | SL | Review suggested edits to anti-SLAPP reply; e-mail re: same; | 775.00 | 0.20 | $155.00 |
| 06/07/19 | SL | Review and edit our draft reply in support of anti-SLAPP motion; | 775.00 | 0.10 | $77.50 |
| 06/07/19 | MJ | Review and edit Local 30 anti-SLAPP brief; | 500.00 | 1.50 | $750.00 |
| 06/07/19 | MJ | Draft anti-SLAPP brief; | 500.00 | 0.30 | $150.00 |
| 09/27/19 | SL | Strategy conference to discuss upcoming hearing; | 775.00 | 1.10 | $852.50 |
| 01/09/20 | SL | E-mails re: anti-SLAPP fees issue | 775.00 | 0.50 | $387.50 |
| 01/09/20 | SL | Strategy conferences re: anti-SLAPP issue; | 775.00 | 0.30 | $232.50 |
| 01/09/20 | MJ | Review emails re ruling on anti-SLAPP motion; | 500.00 | 0.10 | $50.00 |
| 01/09/20 | MJ | Review terms of subpoena and emails re fees for anti-SLAPP motion; | 500.00 | 0.20 | $100.00 |
| 02/05/20 | SL | E-mails re: mootness of anti-SLAPP motion; | 775.00 | 0.10 | $77.50 |
| 02/26/20 | SL | Strategy conference re: state law arguments; | 775.00 | 0.10 | $77.50 |
| 02/29/20 | MJ | Legal research and drafting on state law claims; | 500.00 | 0.60 | $300.00 |
| 03/04/20 | MJ | Legal research re interference with contract; | 500.00 | 0.30 | $150.00 |

**Exhibit 1**
**1-2**

**Altshuler Berzon LLP, detailed time records re: *Evans Hotels LLC v. Unite Here!***

| Date | Biller | Description | Rate | Time | Value |
|---|---|---|---|---|---|
| 03/05/20 | MJ | Legal research re RICO causation/standing and interference with contract and edit brief; | 500.00 | 2.90 | $1,450.00 |
| 05/14/20 | SL | Research and draft paragraph for anti-SLAPP motion; | 775.00 | 0.80 | $620.00 |
| 05/15/20 | MJ | Email with co-counsel re: anti-SLAPP motion; | 500.00 | 0.10 | $50.00 |
| 05/15/20 | SL | E-mails re: motions to dismiss and anti-SLAPP motions; | 775.00 | 0.10 | $77.50 |
| 05/16/20 | SL | Review and edit draft anti-SLAPP motion; | 775.00 | 0.80 | $620.00 |
| 05/17/20 | MJ | Review and edit anti-SLAPP motion; | 500.00 | 0.80 | $400.00 |
| 05/17/20 | SL | Review suggested edits to anti-SLAPP motion; | 775.00 | 0.10 | $77.50 |
| 05/18/20 | SL | Review revised draft anti-SLAPP motion; | 775.00 | 0.10 | $77.50 |
| 05/19/20 | MJ | Legal research re: Unfair Competition Law standing/causation; | 500.00 | 0.40 | $200.00 |
| 05/19/20 | MJ | Review anti-SLAPP motion | 500.00 | 0.40 | $200.00 |
| 06/16/20 | SL | Review Evans' opposition to Local 30's motion to dismiss and to joint anti-SLAPP motion; | 775.00 | 0.70 | $542.50 |
| 06/22/20 | SL | Review anti-SLAPP decision; review defendants' anti-SLAPP opposition; e-mails re: same; | 775.00 | 0.20 | $155.00 |
| 06/27/20 | MJ | Edit reply brief; | 500.00 | 1.00 | $500.00 |
| 06/27/20 | SL | Review and edit state law sections of reply brief; | 775.00 | 0.60 | $465.00 |
| 06/28/20 | SL | Review and suggest edits to anti-SLAPP reply; | 775.00 | 0.80 | $620.00 |
| 06/29/20 | MJ | Review anti-SLAPP reply and send edits to opposing counsel; | 500.00 | 0.70 | $350.00 |
| 02/08/22 | SL | E-mails and research e: potential anti-SLAPP motion renewal; | 775.00 | 0.50 | $387.50 |
| 02/09/22 | SL | Research and e-mails re: anti-SLAPP issue; | 775.00 | 0.30 | $232.50 |
| 02/10/22 | SL | Strategy conference with co-counsel re: anti-SLAPP fees motion; | 775.00 | 0.20 | $155.00 |
| 02/10/22 | SL | Follow-up e-mails to same; | 775.00 | 0.10 | $77.50 |
| 02/10/22 | SL | Research re: attorneys' fees; | 775.00 | 0.20 | $155.00 |
| 02/11/22 | SL | Review fee declarations and orders re: attorney rates; e-mails re: same; | 775.00 | 0.70 | $542.50 |
| 02/11/22 | SL | Review time records and identify compensable time; | 775.00 | 1.00 | $775.00 |
| 02/16/22 | SL | Review and segregate anti-SLAPP and state law time records; e-mails re: same and re: anti-SLAPP motion; | 775.00 | 0.60 | $465.00 |
| 02/17/22 | SL | Review and edit draft fees chart; | 775.00 | 0.10 | $77.50 |
| 02/23/22 | SL | E-mails re: anti-SLAPP motion; | 775.00 | 0.10 | $77.50 |
| 02/24/22 | SL | Attorneys' fees research; | 775.00 | 0.30 | $232.50 |
| 02/25/22 | SL | Draft portion of anti-SLAPP motion; | 775.00 | 0.60 | $465.00 |
| 02/26/22 | SL | Telephone conference re: anti-SLAPP motion | 775.00 | 0.10 | $77.50 |
| 02/26/22 | SL | Draft e-mail to clients re: anti-SLAPP fees motion; | 775.00 | 0.10 | $77.50 |
| 02/26/22 | SL | Research and e-mails re: rates approved in Southern District of California; | 775.00 | 0.30 | $232.50 |
| 02/28/22 | SL | E-mails re: paralegal assignment; | 775.00 | 0.20 | $155.00 |
| 03/01/22 | SL | E-mails re: anti-SLAPP motion; | 775.00 | 0.10 | $77.50 |
| 03/01/22 | SL | Review paralegal chart of rates approved in SD Cal; draft e-mail proposing rates; | 775.00 | 0.40 | $310.00 |
| 03/15/22 | AW | Edit anti-SLAPP fees motion draft; | 275.00 | 1.10 | $302.50 |
| 03/15/22 | SL | E-mails re: anti-SLAPP motion; | 775.00 | 0.10 | $77.50 |
| 03/16/22 | AW | Edit anti-SLAPP fees motion draft; | 275.00 | 4.10 | $1,127.50 |
| 03/17/22 | AW | Draft anti-SLAPP fees motion; | 275.00 | 4.90 | $1,347.50 |
| 03/17/22 | AW | Collect and review anti-SLAPP fees motion documents; | 275.00 | 1.10 | $302.50 |
| 03/17/22 | SL | E-mails  re: anti-SLAPP draft; | 775.00 | 0.10 | $77.50 |
| 03/17/22 | SL | Review draft More declaration in support of anti-SLAPP motion; e-mails re: same; | 775.00 | 0.10 | $77.50 |
| 03/18/22 | AW | Draft anti-SLAPP fees motion; | 275.00 | 2.80 | $770.00 |
| 03/18/22 | AW | Draft declaration of Stacey Leyton; | 275.00 | 2.10 | $577.50 |
| 03/21/22 | AW | Draft declaration of Stacey M. Leyton for fees motion; | 275.00 | 1.10 | $302.50 |
| 03/21/22 | AW | Legal research re: anti-SLAPP fee provision in federal court; | 275.00 | 0.80 | $220.00 |
| 03/21/22 | SL | Edit draft anti-SLAPP fees motion; | 775.00 | 2.10 | $1,627.50 |
| 03/22/22 | AW | Legal research re: application of anti-SLAPP statute in federal court; | 275.00 | 1.80 | $495.00 |
| 03/22/22 | AW | Draft lodestar argument in anti-SLAPP fees motion; | 275.00 | 4.60 | $1,265.00 |
| 03/22/22 | AW | Internal emails collecting billing information for anti-SLAPP fees motion; | 275.00 | 0.50 | $137.50 |
| 03/22/22 | SL | Edit draft declaration in support of anti-SLAPP fees; | 775.00 | 0.60 | $465.00 |
| 03/22/22 | SL | E-mails re: anti-SLAPP fees declaration; | 775.00 | 0.10 | $77.50 |
| 03/23/22 | AW | Check and update citations in anti-SLAPP lodestar argument; | 275.00 | 1.50 | $412.50 |
| 03/23/22 | AW | Edit anti-SLAPP lodestar argument; | 275.00 | 1.90 | $522.50 |
| 03/23/22 | AW | Edit anti-SLAPP lodestar argument and add lodestar case support; | 275.00 | 2.80 | $770.00 |
| 03/23/22 | SL | E-mails re: anti-SLAPP rates; | 775.00 | 0.30 | $232.50 |
| 03/23/22 | SL | Research and e-mails re: deadline for filing motion for attorneys' fees; | 775.00 | 0.20 | $155.00 |
| 03/23/22 | SL | E-mails and research re: rates for attorneys' fees application; | 775.00 | 0.30 | $232.50 |
| 03/23/22 | SL | Edit draft motion for anti-SLAPP fees; | 775.00 | 1.30 | $1,007.50 |
| | | | | **130.90** | **$63,830.00** |

**Exhibit 1**
1-3