William M. Low, Bar No. 106669
wlow@higgslaw.com
Edwin M. Boniske, Bar No. 265701
boniske@higgslaw.com
Geoffrey M. Thorne, Bar No. 284740
thorneg@higgslaw.com
Jacob T. Spaid, Bar No. 298832
spaidj@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, California  92101-7913
Telephone: 619.236.1551
Facsimile:  619.696.1410

Attorneys for Plaintiffs
EVANS HOTELS, LLC; BH PARTNERSHIP LP;
and EHSW, LLC

*(Counsel continued on next page)*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; BH PARTNERSHIP LP, a California limited partnership; EHSW, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>UNITE HERE! LOCAL 30; BRIGETTE BROWNING, an individual; SAN DIEGO COUNTY BUILDING and CONSTRUCTION TRADES COUNCIL, AFL-CIO; TOM LEMMON, an individual; and DOES 1-10,<br><br>Defendants. | CASE NO.  3:18-CV-02763-RSH-AHG<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:          August 8, 2022<br>Time:          2:00 p.m.<br>Courtroom:   3B<br>Judge:         Hon. Robert S. Huie<br>Mag. Judge:  Hon. Allison H. Goddard<br><br>Complaint Filed: December 7, 2018 |

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO. 3:18-CV-02763-RSH-AHG

1   Lawrence D. Levien (*Pro Hac Vice*)
    LLevien@littler.com
2   LITTLER MENDELSON, P.C.
    815 Connecticut Avenue, NW, Suite 400
3   Washington, DC 20006
    Telephone: 202.842.3400
4   Facsimile: 202.842.0011

5   Daniel J. Mogin, Esq., Bar No. 95624
    dmogin@moginrubin.com
6   Jennifer M. Oliver, Esq., Bar No. 311196
    joliver@moginrubin.com
7   Timothy Z. LaComb, Esq., Bar No. 314244
    tlacomb@moginrubin.com
8   MOGINRUBIN LLP
    600 West Broadway, Suite 3300
9   San Diego, CA 92101
    Tel: (619) 687-6611
10  Fax: (619) 687-6610

11  Attorneys for Plaintiffs
    EVANS HOTELS, LLC; BH PARTNERSHIP LP; and EHSW, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

2

CASE NO. 3:18-CV-02763-LL-AHG

Pursuant to the *Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard*, and the *Order Setting Case Management Conference* (Doc. 133), Plaintiffs EVANS HOTELS, LLC, et al. (collectively, <u>Plaintiffs</u>") and Defendants UNITE HERE! LOCAL 30, et al. (collectively, "<u>Defendants</u>"), through their respective counsel of record, hereby submit the following *Joint Case Management Conference Statement* in advance of the Case Management Conference set for August 8, 2022 at 2:00 p.m.

1.      <u>**Jurisdiction and Service.**</u>

The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that it is a civil action arising under the laws of the United States, including the Labor Management Relations Act (29 U.S.C. §§ 141, *et seq*.) and the Sherman Antitrust Act (15 U.S.C. §§ 1, *et seq*.).

Plaintiffs state they anticipate that information obtained during fact-discovery will result in the addition of new defendants. Accordingly, Plaintiffs request the deadline to complete service be set for 180 days after fact-discovery commences.

Defendants' position is that if Plaintiffs wish to add additional defendants at some point in the future, they should follow the normal approach under the Federal Rules of Civil Procedure and amend the complaint to do so. Plaintiffs have presented no basis for prospectively doubling the Rule 4(m) period for serving any such complaint to 180 days. During the parties' meet and confer, Plaintiffs' counsel stated that they sought the additional 90 days for service because future, hypothetical defendants might be "hard to locate." But even if that were the case, the proper course would be to file a motion for additional time to serve under Federal Rule of Civil Procedure 6(b) if and when Plaintiffs identified such a hypothetical, hard-to-locate defendant. When asked during the parties' meet and confer, Plaintiffs declined to explain which additional defendants they foresaw seeking to add (or on what discoverable facts they expected to do so), other than the

/ / /

future defendants might be "national unions" (which presumably would not be difficult to locate).

## 2. <u>Facts.</u>

Plaintiffs' recitation of facts: In its simplest form, this is a dispute between business proprietors (Plaintiffs), on one hand, and unions and union leaders (Defendants), on the other.  Plaintiffs allege, generally, that Defendants unlawfully abandoned traditional statutory systems of labor democracy in favor of a pattern of abusive and unlawful secondary boycotts, sham "environmental" and land use challenges, false statements, extortion, bribery, threats, and intimidation.  Plaintiffs further allege that Defendants have combined, agreed and conspired with each other and a rotating case of "concerned citizens" and others in an attempt to dominate, monopolize, control, and unreasonably restrain trade in the market for luxury destination resorts in the cities of San Diego and Coronado.  The complex factual underpinnings supporting these allegations, according to Plaintiffs, are recited in the operative TAC, which was filed on February 7, 2022.  (Doc. 114.)

Defendants' recitation of facts: Plaintiffs have filed this complaint in an effort to punish Defendants for exercising their right to engage in the political process.  The overwhelming majority of allegations in Plaintiffs' complaint have twice been held non-actionable because they are protected by the First Amendment speech clause and *Noerr-Pennington* doctrine.  The Court has also dismissed Plaintiffs' claims of "extortion" and "bribery" that Plaintiffs added to their Second Amended Complaint.  In the order dismissing the First Amended Complaint, Judge Hayes concluded that all of Defendants' alleged conduct was protected by the *Noerr-Pennington* doctrine.  In ruling on the Second Amended Complaint, Judge Robinson likewise held that most of Defendants' alleged conduct—including their opposition to various development projects stretching back a decade—were protected by *Noerr Pennington*.  Yet Plaintiffs continue to re-allege the same First

/ / /

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

4                    CASE NO. 3:18-CV-02763-LL-AHG

11066642.3

Amendment protected conduct as a basis for their claims in their Third Amended and proposed Fourth Amended Complaints.

Judge Robinson's order dismissed six of Plaintiffs' federal claims and two state law claims.  It conflicted with Judge Hayes' order in only one respect: Judge Robinson held that Plaintiffs' allegations regarding two discrete, alleged acts were sufficient to state an LMRA claim that would survive a 12(b)(6) motion: (1) two letters by Defendant Local 30's counsel to City Council members about Plaintiffs' hotel redevelopment project and (2) Defendants' alleged threats to petition against future SeaWorld attractions.  Defendants' position is that Judge Robinson's and Judge Hayes's orders cannot be reconciled and that Judge Hayes' order was correct. Defendants therefore plan to file a motion to dismiss Plaintiffs' Third Amended or (if leave is granted) Fourth Amended Complaint, based on the First Amendment and *Noerr Pennington* doctrine and on the lack of a statutory basis for Plaintiffs' claims under federal labor and antitrust laws.

**Legal Issues.**

The parties identify the following legal issues in dispute:

- Whether Defendants' conduct constitutes an unlawful secondary boycott in violation of the LMRA;
- Whether Defendants' conduct constitutes attempted monopolization in violation of Section 2 of the Sherman Act;
- Whether Defendants' conduct constitutes conspiracy to monopolize in violation of Section 2 of the Sherman Act.
- Whether Defendants' speech and conduct are protected by the First Amendment's speech clause or petition clause (under the *Noerr-Pennington* doctrine) and are therefore not actionable.

/ / /

/ / /

/ / /

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

5

CASE NO. 3:18-CV-02763-LL-AHG

11066642.3

**3.    Motions.**

    a.    *Resolved Motions.*

        o  Defendants' motions to dismiss complaint / anti-SLAPP.  (Docs. 15-18.)

        o  Defendants' motions to dismiss first amended complaint.  (Docs. 29-32.)

        o  Defendants' motions to dismiss second amended complaint.  (Docs. 79-81.)

        o  Defendants' motion for reconsideration of order on Defendants' motions to dismiss second amended complaint.  (Doc. 100.)

    b.    *Pending Motions.*

        o  Plaintiff's motion for leave to file fourth amended complaint; fully briefed and was set for hearing on April 1, 2022.  (Doc. 118.)

        o  Defendants' motion for attorney fees and costs; fully briefed and was set for hearing on May 10, 2022.  (Doc. 125.)

        o  Joint motion for order on briefing of motion to dismiss third / fourth amended complaint.  (Doc. 126.)

    c.    *Anticipated Future Motions*

        o  Motion to dismiss third/fourth amended complaint.

        o  Cross-motions for summary judgment / partial summary judgment (if necessary).

        o  Motions regarding not-yet-materialized discovery disputes (if necessary).

**4.    Amendment of Pleadings.**

Plaintiffs' motion for leave to file a fourth amended complaint to add two additional theories of liability under the Sherman Act is pending and under submission.  (Doc. 118.)

/ / /

Plaintiffs state that they anticipate that information obtained in discovery will result in the addition of additional defendants. Accordingly, Plaintiffs request that the deadline to complete service be set for 180 days after fact-discovery commences.

Defendants' position is that if Plaintiffs wish to add additional defendants at some point in the future, they should follow the normal approach under the Federal Rules of Civil Procedure and amend the complaint to do so. Plaintiffs have presented no basis for prospectively doubling the Rule 4(m) period for serving any such complaint to 180 days. During the parties' meet and confer, Plaintiffs' counsel stated that they sought the additional 90 days for service because future, hypothetical defendants might be "hard to locate." But even if that were the case, the proper course would be to file a motion for additional time to serve under Federal Rule of Civil Procedure 6(b) if and when Plaintiffs identified such a hypothetical, hard-to-locate defendant. When asked during the parties' meet and confer, Plaintiffs declined to explain which additional defendants they foresaw seeking to add (or on what discoverable facts they expected to do so), other than that the future defendants might be "national unions" (which presumably would not be difficult to locate).

**6.      Evidence Preservation.**

The parties have reviewed the *Checklist for Rule 26(f) Meet and Confer Regarding Electronic Stored Information* and have met and conferred regarding the preservation and discovery of electronically stored information. (*See*, i.e., Doc. 105 [Joint Motion for Order Extending Order re Preservation Subpoenas].)

**7.      Disclosures.**

No party has made any Rule 26 disclosures.

/ / /

/ / /

/ / /

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

7

CASE NO. 3:18-CV-02763-LL-AHG

11066642.3

**8.**    **Discovery.**

      a.    _Discovery To Date._

No party has served discovery because all discovery has been stayed.  (Doc. 133 ["Though the Rule 26(f) conference typically triggers the beginning of discovery, the Court reiterates that discovery is STAYED until after the CMC."].)

      b.    _Joint Discovery Plan._

Please see **Exhibit A.**

      c.    _Proposed Scope of Discovery._

Plaintiffs submit **Exhibit B,** attached hereto, as their proposal for discovery while dispositive motions on the pleadings are pending.

Defendants oppose any discovery while dispositive motions on the pleadings are pending and respond to Plaintiffs' Exhibit B proposal in Defendants' **Exhibit C.**

Plaintiffs will respond to Defendants' position that no discovery be permitted at the conference, to the extent such argument is necessary.

**9.**    **Related Cases.**

None.

**10.**    **Relief.**

Plaintiffs seek the following relief: (*a*) compensatory damages of no less than $100,000,000 (based, in large part, on projected lost profits from commercial developments that did not materialize because of Defendants' alleged misconduct), (*b*) an order trebling damages, (*c*) an order enjoining Defendants from continuing violations of antitrust laws, (*d*) punitive damages, and (*e*) attorneys' fees and costs.

**11.**    **Settlement**

The parties and their counsel attended an Early Neutral Evaluation with the Hon. Allison H. Goddard on March 22, 2022.  The case did not settle.

**12.**    **Consent to Magistrate for All Purposes.**

The parties do not consent to a magistrate for all purposes.

**13.   Other References.**

This case is not otherwise suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues.**

At this time, the parties do not believe that any issues may be narrowed by agreement.  Defendants anticipate filing a motion to dismiss the third/fourth amended complaint.  If that does not resolve the case, the parties anticipate filing cross-motions for summary judgment / partial summary judgment to otherwise narrow the legal issues in dispute.

**15.   Scheduling.**

The parties will be prepared to discuss case scheduling, including timing, if directed by the Court, although they propose that a subsequent Case Management Conference be set once the pleadings are finalized to discuss this issue.

**16.   Trial.**

The parties will be prepared to discuss a trial estimate, if directed by the Court, although they propose that a subsequent Case Management Conference be set once the pleadings are finalized to discuss this issue.

**17.   Disclosure of Non-Party Interested Entity.**

Plaintiffs filed a *Notice of Party with Financial Interest* on December 7, 2018.  (Doc. 2.)

Defendants are individuals and unincorporated associations, rather than non-governmental corporate parties, and so are not subject to Local Civil Rule 40.2.

**18.   Professional Conduct.**

All counsel have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct.

**19.   Class Actions.**

This is not a class action.

/ / /

1

**20.** __Patent Cases.__

2

This is not a patent case.

3

**21.** __Other Matters.__

4

None at this time.

5

6

DATED:  July 21, 2022                    HIGGS FLETCHER & MACK LLP

7

8

By:  */s/ William M. Low*

WILLIAM M. LOW, ESQ.

9

EDWIN M. BONISKE, ESQ.

GEOFFREY M. THORNE, ESQ.

10

JACOB T. SPAID, ESQ.

Attorneys for Plaintiffs

11

EVANS HOTELS, LLC; BH

PARTNERSHIP LP; and EHSW,

12

LLC

13

14

DATED:  July 21, 2022                    MCCRACKEN, STEMERMAN &

HOLSBERRY LLP

15

16

By:  */s/ Paul L. More*

17

PAUL L. MORE, ESQ.

DAVID L. BARBER, ESQ.

18

Attorneys for Defendants

UNITE HERE! LOCAL 30 and

19

BRIGETTE BROWNING

20

21

DATED:  July 21, 2022                    ALTSHULER BERZON LLP

22

23

By:  */s/ Stacey M. Leyton*

STACEY M. LEYTON, ESQ.

24

MEREDITH A. JOHNSON, ESQ.

STEPHEN P. BERZON, ESQ.

25

Attorneys for Defendants

SAN DIEGO COUNTY BUILDING

26

AND CONSTRUCTION TRADES

COUNSEL, AFL-CIO and TOM

27

LEMMON

28

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10                    CASE NO. 3:18-CV-02763-LL-AHG

11066642.3

**<u>SIGNATURE CERTIFICATION</u>**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court of California, I hereby certify that the content of this document is acceptable to counsel for the parties, and that I have obtained authorization to affix their electronic signatures to this document.

DATED:  July 21, 2022                         *s/   William M. Low*
                                                            WILLIAM M. LOW

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

11

CASE NO. 3:18-CV-02763-LL-AHG

11066642.3