UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; BH PARTNERSHIP LP, a California limited partnership; EHSW, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>UNITE HERE! LOCAL 30; BRIGETTE BROWNING, an individual; SAN DIEGO COUNTY BUILDING and CONSTRUCTION TRADES COUNCIL, AFL-CIO; TOM LEMMON, an individual; and DOES 1-10,<br><br>Defendants. | Case No.: 18-CV-2763-RSH-AHG<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; (2) DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS; (3) GRANTING JOINT MOTION FOR ORDER ON BRIEFING OF MOTION TO DISMISS; AND (4) DENYING JOINT MOTION FOR STATUS CONFERENCE**<br><br>[ECF Nos. 118, 125, 126, 137] |

Pending before the Court are four motions: (1) Plaintiffs' Motion for Leave to File a Fourth Amended Complaint (ECF No. 118); (2) Defendants' Motion for Attorneys' Fees and Costs Pursuant to California Code of Civil Procedure § 425.16 (ECF No. 125); (3) the Parties' Joint Motion for an Order on Briefing a Motion to Dismiss (ECF No. 126); and (4) a Joint Motion to Set a Status Conference (ECF No. 137). For the reasons discussed below,

the Court denies Plaintiffs' motion (ECF No. 118), denies Defendants' motion (ECF No. 125), grants the parties' Joint Motion on Briefing (ECF No. 126), and denies the Joint Motion for a Status Conference (ECF No. 137).

## I.     Background

The Court previously provided a detailed factual and procedural background in its Order of August 26, 2021. ECF No. 93. For purposes of the pending motions, the relevant procedural history below pertains to Plaintiffs' filing of successive complaints, Defendants' motions to dismiss or to strike those complaints, and the Court's rulings.

On December 7, 2018, Plaintiffs filed their initial Complaint in this matter, alleging nine claims: (1) unlawful secondary boycott in violation of section 303 of the Labor-Management Relations Act ("LMRA"), (2) attempted monopolization in violation of section 2 of the Sherman Act, (3) conspiracy to monopolize in violation of section 2 of the Sherman Act, (4) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (5) violation of RICO by conspiring to violate 18 U.S.C. § 1962(c), (6) violation of RICO by conspiring to violate 18 U.S.C. § 1962(d), (7) violation of RICO by conspiring to violate 18 U.S.C. § 1962(b), (8) interference with prospective economic advantage, and (9) attempted extortion. ECF No. 1. In February 2019, Defendants filed motions to dismiss and anti-SLAPP motions. ECF Nos. 15-18.

On March 7, 2019, Plaintiffs filed a First Amended Complaint, containing the same nine claims. ECF No. 19. The Court ruled that the filing of an amended complaint mooted the motions that were pending as to the initial complaint. ECF No. 24. On April 15, 2019, Defendants again filed motions to dismiss as well as motions to strike. ECF Nos. 29-32.

On January 7, 2020, the Court dismissed all of Plaintiffs' claims, ruling that Plaintiffs had failed to plead facts establishing that Defendants' conduct was not protected under the *Noerr-Pennington* doctrine. ECF No. 60. The Court denied the anti-SLAPP motions as moot, and provided that Plaintiffs could request leave to amend. *Id.* at 25. Plaintiffs requested and were granted leave to amend. ECF No. 75.

On April 21, 2020, Plaintiffs filed their Second Amended Complaint ("SAC"). ECF No. 76. The SAC added a new state claim for unfair competition, and withdrew two RICO conspiracy claims, for a total of eight claims (of which three were state claims). *Id.* Defendants again filed motions to dismiss, as well as an anti-SLAPP motion directed to the state claims. ECF Nos. 79-81.

On August 26, 2021, the Court dismissed all claims in the SAC, except Plaintiffs' first claim for unlawful secondary boycott in violation of section 303 of the LMRA. ECF No. 93. The dismissal was without prejudice. *Id.* at 61. Having dismissed all the state claims, the Court denied as moot Defendants' anti-SLAPP motion. *Id.* at 60-61. The Court also denied without prejudice Defendants' request for fees and costs made in connection with the anti-SLAPP motion. *Id.* at 60.

Defendants thereafter moved for reconsideration of the Court's order, which the Court denied on January 28, 2022. ECF No. 113. In denying the motion for reconsideration, the Court directed that "Plaintiffs must file their Third Amended Complaint within ten (10) days of this order" and "[a]bsent a motion demonstrating good cause, that complaint must not contain any new claims for relief." *Id.* at 113.

On February 7, 2022, within the ten-day window, Plaintiffs filed a Third Amended Complaint ("TAC"). ECF No. 114. The TAC contained three federal claims, none of which were new: (1) unlawful secondary boycott, (2) attempted monopolization in violation of section 2 of the Sherman Act, and (3) conspiracy to monopolize in violation of section 2 of the Sherman Act.

On February 14, 2022, the parties filed a joint motion seeking to extend the deadline for Defendants to respond to the TAC. ECF No. 115. In that motion, the Parties indicated that "Plaintiffs intended to seek leave of the Court to assert a new antitrust claim arising under section 1 of the Sherman Act based on the existing nucleus of facts." *Id.* at 3. On February 15, 2022, the Court granted the motion in part, directing Plaintiffs to file their motion for leave to amend within ten days. The order advised that "a strong showing must

be made for why any claims can survive as well as why they were not brought within the past three years of this case's pendency." ECF No. 116 at 4.

On February 25, 2022, Plaintiffs timely filed their Motion for Leave to File a Fourth Amended Complaint ("FAC") that is pending before this Court. ECF No. 118. The proposed FAC adds two claims under section 1 of the Sherman Act, for a total of five claims. ECF No. 118-3. Neither the TAC nor the FAC contains state claims. Plaintiffs' motion has been fully briefed. ECF Nos. 118, 119, 121, 122, 123.

On April 5, 2022, Defendants filed their pending motion for attorneys' fees and costs pursuant to California's anti-SLAPP statute; this motion has likewise been fully briefed. ECF Nos. 125, 127, 128.

Also on April 5, 2022, the Parties filed their joint motion for an order on briefing a motion to dismiss. ECF No. 126. That motion proposes expanded page limits for briefing on a motion to dismiss that is yet to be filed by Defendants, but that will seek dismissal either of the TAC (if the Court denies leave to file a FAC) or of the FAC (if the Court grants leave to file).

After the case was transferred to the undersigned on June 24, 2022 (ECF No. 135), the Parties on August 2, 2022 filed their joint motion for a status conference. ECF No. 137. The joint motion recited the procedural history of the case and requested a status conference because "there are motions pending before the Court that will drive how the litigation proceeds going forward." *Id.* at 6.

## II. Plaintiffs' Motion for Leave to Amend

Plaintiffs' motion, filed more than 38 months after the initial complaint, seeks leave to file a Fourth Amended Complaint that for the first time includes two claims under section 1 of the Sherman Act. Instructed by the Court to make a showing of why these claims could not have been brought earlier, Plaintiffs' explanation is that "they have been developing an additional theory of liability, having hired additional counsel specialized in antitrust and retained experts." ECF No. 118-1 at 5. Based on undue delay, prejudice, and the fact that

the complaint has been amended more than once previously, the Court exercises its discretion to deny Plaintiffs' request.

### A. Legal Standard

On a motion for leave to amend a pleading, a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in determining whether a motion for leave to amend is appropriate: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Among these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Undue delay, while less significant than prejudice, is also relevant. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Although delay is not a dispositive factor in the amendment analysis, it is relevant."); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) ("Undue delay is a valid reason for denying leave to amend."); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[D]elay, by itself, is insufficient to justify denial of leave to amend.").

A Court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989). Furthermore, "a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to develop his contention originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 375 (9th Cir. 1990)). *See also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir.1986) (refusing to allow plaintiff to file a fourth amended complaint where "[t]he factual bases of the claims were known to [plaintiff] long before" and that "permitting amendment would impose a prejudicial burden on the [defendant]").

/ / /

### B. Analysis

Plaintiffs' motion for leave to file their proposed FAC was filed over 38 months after they filed their initial complaint. Before Plaintiffs filed their motion, the Court advised them of the need to make a showing of why their new claims could not have been brought earlier in the case. ECF No. 116 at 4. Plaintiffs responded that they "have been developing an additional theory of liability, having hired additional counsel specialized in antitrust and retained experts." ECF No. 118-1 at 11.[1] Plaintiffs do not contend that the new claims are based on newly discovered facts; instead, they state that "the factual predicate for the proposed Section 1 claims is substantially similar" to that of their other claims. *Id.* at 7. Plaintiffs provide no reason that they could not have developed these theories, or hired the relevant attorneys or experts, earlier or at the outset of the case. Plaintiffs also cite, as reasons for delay, a host of reasons including judicial reassignments, the time that the Court has taken to rule on the Parties' motions, and the COVID-19 pandemic. ECF No. 118-1 at 7, 14; ECF No. 121 at 4. But none of these factors has anything to do with why Plaintiffs could not have brought their proposed new claims earlier.[2] The Court finds that Plaintiffs

---

[1] Plaintiffs have three law firms representing them at present. At the time of their initial complaint, they had one multinational law firm representing them. ECF No. 1. At the time of their SAC, that law firm was joined by a second multinational firm that continues to be counsel of record. ECF No. 76.

[2] Plaintiffs also claim that they held off on filing their new claims to await the outcome of Defendants' motion for reconsideration on the Court's August 26, 2021 Order dismissing all but the first claim in Plaintiffs' SAC. Plaintiffs contend that otherwise they would have filed those claims in September 2021 (33 months after the initial complaint). ECF No. 118-1 at 14. The Court is skeptical of this contention, which is unsupported by any declaration. Plaintiffs' motion states that they "have been developing an additional theory of liability, having hired additional counsel specialized in antitrust," ECF No. 118-1 at 11. Counsel from the third law firm that currently represents Plaintiffs, and that appears to specialize in antitrust and competition law, first entered appearances in October 2021. ECF Nos. 101, 102, 103.

have no legitimate reason for their delay, and that such delay was undue and unreasonable.[3] *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding delay was unreasonable where plaintiff "never provided a satisfactory explanation" for a 15-month delay between discovery of a possible litigation theory and request for leave to amend).[4]

Plaintiffs' principal argument is that, whatever the cause of the delay may be, Defendants will suffer no prejudice from having to defend new claims in the FAC because (1) the new claims are based on substantially the same facts as the old claims; (2) Defendants have not filed an answer yet; and (3) discovery has not yet begun. ECF No. 118-1 at 13-14. But here, the prejudice to Defendants is straightforward: For over three-and-a-half years, Defendants have been, and still are, litigating the pleadings. *See Synopsys, Inc. v. Libr. Techs., Inc.*, No. 20-CV-07014-CRB, 2022 WL 2356819, at *2 (N.D. Cal. June 30, 2022) (finding that party will be "substantially prejudiced" by an amendment that was brought nearly two years after complaint was filed, even though discovery had not yet begun, in light of "the many motions and hearings" that had taken place) (citing *Ascon*

---

[3] Plaintiffs argue that this Court, in dismissing without prejudice all but one of the claims in the SAC, also authorized Plaintiffs to bring any new claims as they deemed appropriate, and that they "relied on" that ruling. ECF No. 118-1 at 15. Not so. The Court's August 26, 2021 Order provided that Plaintiffs "MAY FILE an amended complaint addressing the above-identified deficiencies within fourteen (14) days of the electronic docketing of this Order." ECF No. 93 at 61. In giving Plaintiffs the chance to amend for the specific purpose of "addressing the above-identified deficiencies," the Court was not inviting new and different claims.

[4] The only case that Plaintiffs have identified as addressing a delay of this length is *Cejas v. Paramo*, No. 14-CV-1923-WQH-WVG, 2018 WL 1637997 (S.D. Cal. Apr. 4, 2018), which involved a 42-month delay between the initial complaint and the proposed First Amended Complaint. The plaintiff was a prisoner who explained that he had been on "lock down 'for months.'" *Id.* at *1. The court noted that "[t]o call this undue delay would be an understatement." *Id.* However, given the absence of other factors weighing against amendment, the court granted leave to file a First Amended Complaint. *Id.* at 2. Notably, the motion was unopposed. *Id.* at 1.

*Properties*, 866 F.2d at 1161). This includes six motions to dismiss, five motions to strike, their pending motion for fees based on the motion to strike, and the motion to dismiss that they are reportedly preparing to file to either the TAC or the FAC, depending on the Court's ruling. As a result of these efforts—even though the initial Complaint was superseded by Plaintiffs, the First Amended Complaint was dismissed in its entirety, and the SAC was dismissed in its entirety except for a single claim—Plaintiffs' proposed FAC is roughly as long as it has ever been and includes two new claims which have not previously been litigated. If these claims had been included in the initial complaint, they would be that much closer to getting a final resolution of the legal issues raised by the pleadings, and proceeding to discovery and trial. As the Parties will know, that litigation is not only time-consuming but costly, as reflected in Defendants' pending motion for attorneys' fees. ECF No. 125. *See Ascon Properties*, 866 F.2d at 1161 (holding that pre-discovery amendment would prejudice defendant "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery"); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 2013 WL 398664, at *6 (E.D. Cal. Jan. 31, 2013) (finding that two-year delay in bringing new claims caused prejudice because "requiring Defendant to respond to Plaintiff's untimely allegations would generate unnecessary expenditures by the parties and the Court").

The Court finds that Plaintiffs' new claims will result in significant added complexity, expense, and delay. This is illustrated by the fact that it took Plaintiffs several years, plus a fourth, antitrust-focused law firm and the engagement of antitrust experts, to be in a position to plead these claims. This is also illustrated by the Declaration of Chetan Sanghvi, Ph.D., that Plaintiffs filed in connection with their Reply Brief. ECF No. 121-2. Dr. Sanghvi's 29-page declaration advises that his work is "in its preliminary stages," but he offers "provisional conclusions" that the FAC appropriately pleads relevant antitrust markets and participants (including with regard to the labor market definition that is new to the FAC, and that will likely require additional factual investigation and legal analysis by Defendants). *Id.* at 3-4. In the course of discovery, Defendants will no doubt engage

experts of their own if they have not already done so; nonetheless, even at the pleading stage, Plaintiffs' proposed new claims will impose a substantial burden on Defendants.[5]

With regard to whether "the plaintiff has previously amended the complaint," *Johnson*, 356 F.3d at 1077, the Plaintiffs have done so here. Defendants contend that they would have included the new section 1 claims in their TAC but did not want to violate the Court's Order of January 28, 2022. ECF 113. Accepting that representation, they nonetheless previously filed a First Amended Complaint (as of right) and a Second Amended Complaint (with leave of Court). This factor, like that of undue delay and prejudice, also weighs against granting leave to amend. *See Ascon Properties*, 866 F.3d at 1160 (holding that a district court has broad discretion to deny leave to amend where plaintiff has previously amended the complaint).

Finally, the Court declines to analyze whether the proposed claims would be futile. The Court exercises its discretion to deny leave to amend in light of the 38-month unexcused delay, the prejudice to Defendants, and the fact of Plaintiffs' three prior amendments. *See Eminence Capital*, 316 F.3d at 1052 (holding that a strong showing of the factors support denial of leave to amend).

### III.  Defendants' Motion for Attorneys' Fees and Costs

Defendants move for an award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 425.16(c)(1) on the grounds that they are the "prevailing defendant[s] on a special motion to strike." ECF No. 125. However, this Court previously determined, at the time of denying Defendants' motion to strike as moot, that Defendants were not "prevailing parties" and that an award of fees was not warranted. ECF No. 93 (Order dated Aug. 26, 2021) at 60. Accordingly, Defendants' Motion is denied.

---

[5]  The Court declines to address the merits of Dr. Sanghvi's lengthy declaration and, for purposes of Plaintiffs' motion to amend, sustains Defendants' objection to it. ECF No. 122.

In its August 26, 2021 Order granting in part Defendants' motion to dismiss with leave to amend, and denying as moot Defendants' special motion to strike under California's anti-SLAPP statute, the Court ruled that Defendants were not "prevailing parties" are were not entitled to recover their fees. *Id.* at 61. Specifically, the Court held:

> [F]ees are not warranted here. In contrast to Defendants' cases, *see* [*Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1026 (N.D. Cal. 2017)] (separately addressing anti-SLAPP motion on the merits); [*Robinson v. Alameda Cty.*, 875 F. Supp. 2d 1029, 1050 (N.D. Cal. 2012)] (dismissing defamation claim with prejudice); [*Bhambra v. True*, No. C 09-4685 CRB, 2010 WL 1758895, *2 (N.D. Cal. Apr. 30, 2010)] (granting attorneys' fees on anti-SLAPP motion where "this Court has already dismissed [the plaintiff's] complaint with prejudice"), the Court has dismissed Plaintiffs' claims without prejudice and without addressing the Anti-SLAPP Motion on the merits. *See generally supra*. Consequently, Defendants are not "prevailing parties" for purposes of Section 425.16(c)(1)—or entitled to attorneys' fees—at this time. *See, e.g.*, *Garcia v. Allstate Ins.*, No. 1:12-cv-00609-AWI-SKO, 2012 WL 4210113, at *14 (E.D. Cal. Sept. 18) ("Since Defendants' anti-SLAPP motion is being considered in federal court, and since the Ninth Circuit requires that Plaintiffs be given an opportunity to amend their complaint … , granting of Defendant's motion is considered a 'technical' victory that does not warrant an award of attorney's fees to Defendant as the prevailing party.") (citing *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *Brown v. Elecs. Acts, Inc.*, 722 F. Supp. 2d 1148, 1156-57 (C.D. Cal. 2010)), *report and recommendation adopted*, 2012 WL 4982145 (E.D. Cal. Oct. 17, 2012); *Martin v. Inland Empire Utilities Agency*, 198 Cal. App. 4th 611, 633 (2011) ("[B]ecause the court's order granting defendants' anti-SLAPP motion with leave to amend was the functional equivalent of a denial, defendants were not 'prevailing parties' entitled to attorney fees").

*Id.* at 60. Although Defendants moved for reconsideration of the Order, they did not challenge this aspect of the Order. *See* ECF No. 100.

Even though there has been no further anti-SLAPP litigation since their motion was denied, Defendants argue that they have now become "prevailing parties"—and therefore

have become entitled to their attorneys' fees—because Plaintiffs chose not to re-plead the state claims that the Court dismissed with leave to amend. ECF No. 125-1 at 4-5.

Defendants' request for fees has already been denied. The Court explained that it was denying the request because "the Court has dismissed Plaintiffs' claims without prejudice and without addressing the Anti-SLAPP Motion on the merits." ECF No. 93 at 60. None of this has changed. The anti-SLAPP motion has not been renewed or addressed on the merits. The Court's denial of the request for fees was "without prejudice," meaning that if Defendants filed a new anti-SLAPP motion against claims brought by Plaintiffs, in the event Defendants prevailed they could again request their fees. The Court's ruling did not invite Defendants to bring a new motion for fees in the event Plaintiffs chose not to pursue their state claims.

Among the cases cited in the Court's Order denying Defendants' fee request was the Ninth Circuit's decision in *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004). In that case, the district court deferred ruling on the defendant's anti-SLAPP motion, pending the plaintiff's filing of an amended complaint. *Id.* at 1090-91. The Ninth Circuit found no error and disagreed with the defendant's argument that the district court's approach amounted to giving the plaintiff a "free shot at a SLAPP suit before amending the complaint." *Id.* at 1091. The Ninth Circuit explained that "the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiff eliminated the offending claims from their original complaint," and "[i]f the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." *Id.* The clear implication is that absent any offending claims, the anti-SLAPP remedies would not be available. *See Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 820 (N.D. Cal. 2019) ("[T]he Court denies the anti-SLAPP motion and request for fees without prejudice at this time. Defendants may renew their motion if [plaintiff] includes amended state law claims in his second amended complaint."). The present case is distinguishable from ones in which a plaintiff dismissed or announced an intent to withdraw claims while an anti-SLAPP motion was pending. *See, e.g.*, *Plevin v.*

*City and Cty. of San Francisco*, No. 11-cv-2359, 2013 WL 2153660, at *6 (N.D. Cal. May 16, 2013) (awarding fees where the court "denied Defendants' anti-SLAPP motion to strike as moot in light of Plaintiffs' representation that they did not intend to assert their state law claims in their Amended Complaint").

At the time this Court denied Defendants' anti-SLAPP motion as moot and granted Plaintiffs leave to amend, it ruled that Defendants were not "prevailing parties" and were not entitled to fees. Without a new anti-SLAPP motion, this remains the case.

### IV. Joint Motion for Briefing on Motion to Dismiss

The Parties jointly moved for leave to file oversized briefs in connection with Defendants' to-be-filed motion to dismiss. ECF No. 126. Given the length of the TAC, the complexity of the claims, and the length of prior applicable Court orders, the Court finds good cause for granting the request.

### V. Joint Motion for Status Conference

Finally, the parties jointly moved for a status conference, on the grounds that "[t]here are several motions pending before the Court, and the outcome of those motions will likely drive further proceedings." ECF No. 137 at 3. The Court interprets the joint motion as a diplomatic reminder to the newly assigned district judge that there are motions pending in the case. Having addressed those motions, the Court does not see any reason for a status conference at this time. To the extent that there are other reasons warranting a status conference, the Parties are invited to identify those issues and renew their motion.

### VI. Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiffs' Motion for Leave to File a Fourth Amended Complaint (ECF No. 118) and Defendants' Motion for Attorneys' Fees and Costs (ECF No. 125). The Court **GRANTS** parties' Joint Motion for Order on Briefing of Motion to Dismiss (ECF No. 126) and **ORDERS** that:

(1) Defendants file a single, joint memorandum in support of their motion to dismiss the TAC of not more than 40 pages;

(2) Plaintiffs file a single memorandum in opposition to Defendants' motion to dismiss the TAC of not more than 40 pages; and

(3) Defendants file a single, joint reply memorandum in support of their motion to dismiss the TAC of not more than 15 pages.

Finally, the Parties' Joint Motion for Order Setting Status Conference (ECF No. 137) is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: August 30, 2022

Hon. Robert S. Huie
United States District Judge