Stacey M. Leyton, SBN 203827
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com

*Attorney for Defendants Tom Lemmon and San Diego County Building and Construction Trades Council, AFL-CIO*

Richard G. McCracken, SBN 62058
Paul L. More, SBN 228589
Luke Dowling, SBN 328014
McCRACKEN, STEMERMAN & HOLSBERRY LLP
475 14th Street, Suite 1200
Oakland, CA 94612
Telephone: (415) 597-7200
Fax: (415) 597-7201
rmccracken@msh.law
pmore@msh.law
ldowling@msh.law

*Attorneys for Defendants UNITE HERE Local 30 and Brigette Browning*

*(Counsel continued on next page)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITE HERE LOCAL 30, *et. al.*,<br><br>Defendants. | CASE NO. 3:18-cv-02763-RSH-AHG<br><br>**DEFENDANTS UNITE HERE LOCAL 30 AND BRIGETTE BROWNING'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>The Honorable Robert S. Huie<br><br>Date: November 7, 2022<br>Courtroom: 3B<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

REQUEST FOR JUDICIAL NOTICE; Case No. 3:18-cv-02763-RSH-AHG

1  Steven T. Coopersmith, SBN 184646
   Philippa S. Grumbley, SBN 265135
2  THE COOPERSMITH LAW FIRM
   2 Columbia Place
3  1230 Columbia Street, Suite 680
   San Diego, California 92101
4  Telephone: (619) 238-7360
   Fax: (619) 785-3357
5  stc@stevecoopersmithlaw.com
6  psg@stevecoopersmithlaw.com

7  *Attorneys for Defendant Tom Lemmon*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants UNITE HERE Local 30 and Brigette Browning respectfully request that the Court take judicial notice of the following two documents:

<u>Exhibit 1</u>: A true and correct copy of a letter from Tony LoPresti, counsel for UNITE HERE Local 30, to the San Diego Mayor and City Council Members, dated February 28, 2018.

<u>Exhibit 2</u>: A true and correct copy of a letter from Tony LoPresti, counsel for UNITE HERE Local 30, to the San Diego Mayor and City Council Members, dated May 11, 2018.

Judicial notice of these documents is appropriate because they are referenced in the Third Amended Complaint ("3AC"). Courts may take judicial notice of documents relied upon but not attached to a complaint. *See Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) (materials referred to in the complaint, but not attached thereto, may be considered on motion to dismiss); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) ("A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleadings." (internal quotations omitted)); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). The 3AC references and characterizes the contents of both of the LoPresti letters. Docs. 114 ¶¶180 (February 28, 2018 letter), 181 (May 11, 2018 letter).

Defendants sought judicial notice of the LoPresti letters in support of their motion to dismiss Plaintiffs' first amended complaint ("1AC"). Docs. 29-2 (request for judicial notice), 29-6 at 12–27 (LoPresti letters). Plaintiffs did not contest their authenticity. Doc. 36 at 3. The Court denied Defendants' request for judicial notice solely because it was unnecessary to its order dismissing the 1AC. Doc. 60 at 20 n.2. The Court did not suggest any prejudice to a future notice request for the same documents.

1  Accordingly, judicial notice of the LoPresti letters is proper and should be
2  granted.

4  Dated: September 20, 2022              Respectfully submitted,

                                          By:  /s/ Stacey M. Leyton

                                          Stacey M. Leyton, SBN 203827
                                          ALTSHULER BERZON LLP

                                          *Attorney for Defendants Tom Lemmon
                                          And San Diego County Building and
                                          Construction Trades Council*

                                          By:  /s/ Paul L. More

                                          Richard G. McCracken, SBN 62058
                                          Paul L. More, SBN 228589
                                          Luke Dowling, SBN 328014
                                          McCRACKEN, STEMERMAN &
                                           HOLSBERRY LLP

                                          *Attorneys for Defendants UNITE HERE
                                          Local 30 and Brigette Browning*

                                          By:  /s/ Steven T. Coopersmith

                                          Steven T. Coopersmith, SBN 184646
                                          Philippa S. Grumbley, SBN 265135
                                          THE COOPERSMITH LAW FIRM

                                          *Attorneys for Defendant Tom Lemmon*

# EXHIBIT 1

STEPHEN P. BERZON
ERIC P. BROWN
HAMILTON CANDEE
EVE H. CERVANTEZ
CONNIE K. CHAN
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
KRISTIN M. GARCÍA
EILEEN B. GOLDSMITH
MEREDITH A. JOHNSON
SCOTT A. KRONLAND
ANDREW KUSHNER
REBECCA C. LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
TONY LOPRESTI
MATTHEW J. MURRAY
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
RAPHAEL N. RAJENDRA
MICHAEL RUBIN
PEDER J. THOREEN
MEGAN WACHSPRESS

ALTSHULER BERZON LLP
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

FRED H. ALTSHULER
FOUNDING PARTNER EMERITUS

PETER D. NUSSBAUM
PARTNER EMERITUS

CORINNE JOHNSON
FELLOW

February 28, 2018

**_By E-mail and First-Class Mail_**

Mayor Faulconer and City Council Members
Attn: City Clerk, City Administration Building
202 "C" Street
San Diego, CA 92101-3862, Mail Station 2A
Cityclerk@sandiego.gov

      Re:    Access to information regarding environmental review of Bahia Resort Hotel Lease Amendment

Mayor Faulconer and City Council Members,

      I am counsel for UNITE HERE Local 30 in the above-referenced matter. I write on behalf of my client to express concern regarding the lack of transparency and access to information pertaining to environmental review of the proposed Lease Amendment for the Bahia Resort Hotel Renovation Project ("Project") that is due to come before the City Council for consideration this year.

      Even though the Project will have a massive and permanent impact on Bahia Point, which currently serves as an important public access point to Mission Bay for thousands of San Diego residents and tourists, the Project is being processed to preclude public comment on environmental review under the California Environmental Quality Act ("CEQA"). Instead of taking the procedural steps required by CEQA, the City and Project proponent have prepared an "EIR Addendum" that claims that all impacts of the Project were adequately identified, analyzed and mitigated in the 24-year old EIR for the Mission Bay Master Plan Update ("MBMPU"). The EIR Addendum will not be circulated for public comment and state agencies will not be consulted on it.

      When Local 30 submitted a Public Records Act request to the City for the technical studies underlying the MBMPU EIR, Local 30 was told by City staff that the studies have been "disposed of" and no longer exist. Another interested stakeholder who submitted a Public



*Mayor Faulconer and Council Members*
*February 28, 2018*
*Page 2 of 2*

Records Act request for these documents was provided the same response. Based on the minimal amount of information that has been made available to the public, and that has been provided to Local 30 in response to its Public Records Act requests, there does not appear to be any basis whatsoever for the claim in the EIR Addendum that all impacts associated with the Project were analyzed in the MBMPU EIR. Indeed, the analysis of environmental impacts specific to the various components of the Project is virtually non-existent in the MBMPU EIR itself.

Although the Project is being characterized simply as a "Lease Amendment" that adjusts the boundaries of the proponent's leasehold, the proponent's Application and the EIR Addendum reveal that the Project is far more expansive and will have substantial and permanent impacts on Bahia Point. This Project will include the demolition of almost every building on Bahia Point, the construction of 456 new hotel rooms directly adjacent to Mission Bay, the termination of Gleason Road at the base of the Bahia Point peninsula (thereby cutting off the principal means of public access to the peninsula and eliminating 270 public parking spaces along the peninsula), the construction of restaurants, retail space, a conference center and a four-story parking garage, the relocation of public bathrooms, an expansion of the marina, and the reconfiguration of several parking and recreational areas. Most of these Project components were not even identified in the MBMPU, much less analyzed in the MBMPU EIR.

Local 30 urges the Mayor and Council to take all necessary steps to ensure that Local 30 and other interested stakeholders are provided access to any technical studies – to the extent they have not been "disposed of" by the City – to determine whether environmental impacts specific to the Project were, as the EIR Addendum claims, addressed in the MBMPU EIR. Further, given the long-standing public interest in this Project and, in particular, the extraordinary controversy that terminating Gleason Road has generated, Local 30 believes the Mayor and Council should take every possible measure to provide the public with full notice and opportunity to comment on the Project prior to the City Council's consideration of it.

Sincerely,

Tony LoPresti

CC: Mayor Faulconer (kevinfaulconer@sandiego.gov)
Council President Myrtle Cole (myrtlecole@sandiego.gov)
Council Member Barbara Bry (barbarabry@sandiego.gov)
Council Member Lorie Zapf (loriezapf@sandiego.gov)
Council Member Christopher Ward (christopherward@sandiego.gov)
Council Member Mark Kersey (markkersey@sandiego.gov)
Council Member Chris Cate (chriscate@sandiego.gov)
Council Member Scott Sherman (scottsherman@sandiego.gov)
Council Member David Alvarez (davidalvarez@sandiego.gov)
Council Member Georgette Gomez (georgettegomez@sandiego.gov)

# EXHIBIT 2

STEPHEN P. BERZON
ERIC P. BROWN
HAMILTON CANDEE
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
KRISTIN M. GARCÍA
EILEEN B. GOLDSMITH
MEREDITH A. JOHNSON
SCOTT A. KRONLAND
ANDREW KUSHNER
REBECCA C. LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
TONY LOPRESTI
MATTHEW J. MURRAY
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
MICHAEL RUBIN
PEDER J. THOREEN
MEGAN WACHSPRESS

**ALTSHULER BERZON LLP**
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

FRED H. ALTSHULER
FOUNDING PARTNER EMERITUS

PETER D. NUSSBAUM
PARTNER EMERITUS

CORINNE JOHNSON
FELLOW

May 11, 2018

*By E-mail and First-Class Mail*

Mayor Faulconer and City Council Members
Attn: City Clerk, City Administration Building
202 "C" Street
San Diego, CA  92101-3862, Mail Station 2A
Cityclerk@sandiego.gov

Re:   Proposed elimination of Gleason Road in Bahia Resort Hotel Renovation Project

Mayor Faulconer and City Council Members,

I serve as counsel for UNITE HERE Local 30 in the above-referenced matter. I write regarding the proposed Bahia Resort Hotel Renovation Project ("Project"), which was the subject of my prior correspondence dated February 28, 2018. The Project is currently being reviewed by the City's Real Estate Assets Department and is tentatively due to come before the City Council later this year for a vote. The Project proponent, Evans Hotels ("Evans"), seeks the Council's approval for a development plan that includes the elimination of Gleason Road, the sole public road access to the tip of Bahia Peninsula, an area that is widely used by recreationalists that depend on unique wind and water conditions at that location to pursue sports such as windsurfing, kayaking, paddle boarding and sunfish sailing. *The Project's elimination of Gleason Road contravenes the Mission Bay Master Plan Update's ("MBMPU") explicit direction that development on Bahia Peninsula must "Retain Gleason Road."*

Evans presented a now-defunct version of the MBMPU to City staff, the Park and Recreation Board, and the Mission Bay Park Committee that omits the direction that development on Bahia Peninsula must retain Gleason Road, and has erroneously claimed that the Project conforms in all respects with the MBMPU. Based on Evans' claim, City staff is processing a development plan that would almost double the hotel's capacity from 315 to 600 rooms as a "City Lease Amendment" with minimal supporting information. Evans has not sought, and the City is not processing, a MBMPU amendment. Because the Project, in fact, fails to conform with the MBMPU, it cannot proceed as proposed.



*Mayor Faulconer and Council Members*
*May 11, 2018*
*Page 2 of 5*

### *The effective version of the MBMPU requires the retention of Gleason Road*

The version of the MBMPU that Evans has submitted to City staff with its Project application, and that was presented to the Mission Bay Park Committee and the Parks and Recreation Board at hearings on January 2 and 18, 2018, respectively, is not the version of the MBMPU that was approved by the California Coastal Commission at its November 1996 and February 1997 meetings, approved by the City Council on May 13, 1997, and that is currently published on the City's website.[1] Attachment A to this letter shows Figure 12 of the approved and currently effective MBMPU. Attachment B to this letter shows the version of Figure 12 that was attached to Evans' Project application and presented to the Parks and Recreation Board and Mission Bay Park Committee. Attachment B omits the text in Figure 12 that states "Retain Gleason Road," and that points to the portion of the road providing access to the tip of the Peninsula. The version of Figure 12 that Evans has used is from a now-defunct draft of the MBMPU that was rejected by the Coastal Commission at its November 1996 meeting.

The version of the MBMPU that accompanies Evans' application also omits additional figures showing that Gleason Road must be retained. Attachment C to this letter shows Figures 6 and 28 of the currently effective version of the MBMPU.[2] These figures illustrate the "Proposed Roadway System" for the MBMPU, including showing roadways that will be retained as solid black lines and roadways that will be removed as dotted black lines. Gleason Road, extending from West Mission Bay Drive to the tip of the Bahia Peninsula, is shown in solid black line. Evans did not include these figures with his Project application, and did not present them to the Parks and Recreation Board or Mission Bay Park Committee.

Figures 6, 12, and 28 of the MBMPU in Attachments A and C reflect the revisions that were made to the MBMPU prior to the Coastal Commission's approval of the MBMPU at its November 1996 and February 1997 meetings, and the City Council's subsequent approval of the MBMPU on May 13, 1997. The Coastal Commission specifically rejected the earlier version of the MBMPU because the elimination of Gleason Road would "remov[e] the only direct access point for users of the tip [of the peninsula] (a popular launch area for sailboats, windsurfers and sailboarders)." Commission Findings at 12 (Oct. 24, 1996). The Coastal Commission explained that "these uses cannot be as easily shifted as the City believes, and that, at least in the case of the various small boating activities, water quality, winds and wave action limit potential launching sites to a very few locations, of which Bahia Point is a critical one." *Id.* In its final findings of fact, the Coastal Commission stated that it:

> recognizes that the particular watersports engaged in at Bahia Point require the use of heavy and cumbersome equipment. Thus, *the access needs of watercraft users include the need for transportation of equipment to the tip of the point* and secure storage of recreational equipment ... the modifications [to the MBMPU] assure that

---

[1] See City of San Diego website <https://www.sandiego.gov/sites/default/files/mbpmasterplanfv.pdf>.
[2] Figures 6 and 28 are on pages 17 and 115, respectively, of the currently effective MBMPU.

*Mayor Faulconer and Council Members*
*May 11, 2018*
*Page 3 of 5*

>    necessary access to accommodate small watercraft users and picnickers will be part of any redevelopment proposal.

Commission Findings at 35 (Jan. 16, 1997) (emphasis added).

Currently, small watercraft users are able to drive directly to the tip of Bahia Peninsula and offload their heavy equipment in a parking lot that is a stone's throw from their launch point into Mission Bay. The Project, however, would force these recreationalists and San Diego taxpayers to park in distant lots and haul their heavy and cumbersome equipment on a 10-foot wide path shared with bicyclists and pedestrians to their launch point at the tip of Bahia Peninsula. The Project does not provide the "necessary access to accommodate small watercraft users" that the Coastal Commission required when it approved the amended version of the MBMPU. Thus, the Project cannot proceed as proposed.

### ***Elimination of Gleason Road violates the California Constitution and statutory law***

In addition to the Project's failure to comply with the MBMPU's clear direction in Figure 12 that development on Bahia Peninsula must "Retain Gleason Road," the Project runs afoul of the MBMPU's related provision prohibiting "development or the closure of public rights-of-way in a manner inconsistent with statutory or constitutional law." Section 4 of Article X of the California Constitution establishes that:

>    No individual, partnership, or corporation, claiming or possessing the frontage or tidal lands of a harbor, bay, inlet, estuary, or other navigable water in this State, shall be permitted to exclude the right of way to such water whenever it is required for any public purpose ... and the Legislature shall enact such laws as will give the most liberal construction to this provision, so that access to the navigable waters of this State shall be always attainable for the people thereof.

The Coastal Act requires "maximum access ... and recreational opportunities for all the people" in accordance with this section of the California Constitution (Public Resources Code ("PRC") §30210), and the courts have clarified that "the public access and recreational policies of the [Coastal] Act should be broadly construed to encompass *all impediments to access*, whether direct or indirect, physical or nonphysical." *Surfrider Foundation v. Cal. Coastal Comm'n.* (1994) 26 Cal.App.4th 151, 158 (emphasis added). There can be no dispute that eliminating public road access via Gleason Road would be an "impediment to access." *Id.* Relatedly, courts have explained that a primary purpose of the Coastal Act is to "preserve existing public rights of access to the shoreline and to expand them for the future." *Whaler's Village Club v. Cal. Coastal Comm'n.* (1985) 173 Cal.App.3d 240, 254. The elimination of Gleason Road undermines both of those purposes.

Evans has suggested in its presentations to the Park and Recreation Board and Mission Bay Park Committee that the Project's proposed completion of a 10-foot wide bicycle and pedestrian path around Bahia Peninsula compensates for the elimination of public road access and parking along Gleason Road. However, the Coastal Act does not permit this prioritization of

*Mayor Faulconer and Council Members*
*May 11, 2018*
*Page 4 of 5*

non-water-dependent uses over water-dependent uses. Public Resources Code section 30224 provides that "[i]ncreased recreational boating use of coastal waters shall be encouraged ... [by] *limiting non-water-dependent land uses that congest access corridors* and preclude boating support facilities." Under this provision of the Coastal Act, it is impermissible to improve access for bicyclists and pedestrians who do not depend on the water at the expense of small watercraft users who do depend on the water, especially when watercraft users will be forced onto a congested pathway with bicyclists and pedestrians to access their launch point. *See also* PRC §30255 ("Coastal-dependent developments shall have priority over other developments on or near the shoreline."). Importantly, the water recreationalists who utilize Bahia Peninsula do not view this trade off as fair or favorable. Indeed, they have held several demonstrations at the Project site this year to express their strong opposition to the Project because of the adverse impact it would have on their recreational access to Bahia Peninsula.[3]

Rather than waste resources on processing a dysfunctional development proposal, Local 30 urges the City Council to communicate now to staff and to Evans that any proposal that eliminates Gleason Road violates the MBMPU, the California Constitution, and the Coastal Act. Accordingly, the City Council should direct staff to require that Evans re-submit its Project application with reference to the currently effective MBMPU, not the defunct version of the MBMPU that forms the basis of the current Project proposal. If Evans insists on moving forward with its Project proposal, the City Council should not consider the Project as proposed without an amendment to the MBMPU and all necessary documentation supporting such an amendment. Finally, the City Council should direct staff to schedule new hearings before the Park and Recreation Board and Mission Bay Park Committee, and ensure that each entity has an opportunity to review the Project in light of its conformance – or lack thereof – with the currently effective version of the MBMPU.

Sincerely,

Tony LoPresti

CC: Mayor Faulconer (kevinfaulconer@sandiego.gov)
Council President Myrtle Cole (myrtlecole@sandiego.gov)
Council Member Barbara Bry (barbarabry@sandiego.gov)

---

[3] *See, e.g.*, "Protestors paddle out to protest a Bahia Resort expansion plan" (Mar. 10, 2018); "Baygoers rally against Bahia Hotel Expansion" (Apr. 15, 2018), available online at: <http://fox5sandiego.com/2018/04/15/baygoers-rally-against-bahia-hotel-expansion/>; "Dozens rally in Mission Beach to protect Bahia Point" (Apr. 15, 2018) available online at: <http://www.cbs8.com/story/37961324/dozens-rally-in-mission-beach-to-protect-bahia-point>; *see also* "Controversy over Mission Bay hotel's expansion plan" (Jan. 17, 2018), available online at: <http://www.cbs8.com/story/37291008/controversy-over-mission-bay-hotels-expansion-plan>.

*Mayor Faulconer and Council Members*
*May 11, 2018*
*Page 5 of 5*

        Council Member Lorie Zapf (loriezapf@sandiego.gov)
        Council Member Christopher Ward (christopherward@sandiego.gov)
        Council Member Mark Kersey (markkersey@sandiego.gov)
        Council Member Chris Cate (chriscate@sandiego.gov)
        Council Member Scott Sherman (scottsherman@sandiego.gov)
        Council Member David Alvarez (davidalvarez@sandiego.gov)
        Council Member Georgette Gomez (georgettegomez@sandiego.gov)

# Attachment A





**Bahia Point Development Area**
*figure 12*

# Attachment B





**Bahia Point Development Area**
*figure 12*

# Attachment C

I. EXECUTIVE SUMMARY



**Proposed Roadway System**
*figure 6*

LEGEND
— Existing Park Road
▨ New Park Road
••••••• Removed Park Road
▮▮▮▮▮ Special Event Access & Parking
- - - - Maintenance/Emergency Access
⊙ Proposed Underpass

*Page 17*



**Proposed Roadway System**
*figure 28*

LEGEND
- Existing Park Road
- New Park Road
- Removed Park Road
- Special Event Access & Parking
- Maintenance/ Emergency Access
- ⊙ Proposed Underpass

*Page 115*