William M. Low, Bar No. 106669
wlow@higgslaw.com
Edwin M. Boniske, Bar No. 265701
boniske@higgslaw.com
Geoffrey M. Thorne, Bar No. 284740
thorneg@higgslaw.com
Jacob T. Spaid, Bar No. 298832
spaidj@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, California 92101-7913
Telephone: 619.236.1551
Facsimile: 619.696.1410

Attorneys for Plaintiffs
EVANS HOTELS, LLC; BH PARTNERSHIP LP;
and EHSW, LLC

(*Counsel continued on next page*)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; BH PARTNERSHIP LP, a California limited partnership; EHSW, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>UNITE HERE! LOCAL 30; BRIGETTE BROWNING, an individual; SAN DIEGO COUNTY BUILDING and CONSTRUCTION TRADES COUNCIL, AFL-CIO; TOM LEMMON, an individual; and DOES 1-10,<br><br>Defendants. | CASE NO. 3:18-CV-02763-LL-AHG<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**<br><br>Date:<br>Judge:  Hon. Robert S. Huie<br>Mag. Judge: Hon.<br><br>Complaint Filed: 12/07/2018 |

Case 3:18-cv-02763-RSH-AHG    Document 179    Filed 03/21/25    PageID.5063    Page 2 of 9

Lawrence D. Levien (*Pro Hac Vice*)
LLevien@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006
Telephone: 202.842.3400
Facsimile: 202.842.0011

Daniel J. Mogin, Bar No. 95624
dmogin@moginrubin.com
Jennifer M. Oliver, Bar No. 311196
joliver@moginrubin.com
Timothy Z. LaComb, Bar No. 314244
tlacomb@moginrubin.com
MOGIN RUBIN LLP
600 West Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610

Attorneys for Plaintiffs
EVANS HOTELS, LLC; BH PARTNERSHIP LP; and EHSW, LLC

HIGGS FLETCHER & MACK LLP

2

CASE NO. 3:18-CV-02763-LL-AHG

10924434.1

# PLAINTIFFS' SUPPLEMENTAL STATEMENT

This Court should deny Defendants' request for attorneys' fees because they achieved no practical benefit from bringing their anti-SLAPP motion.

A defendant is not entitled to recover attorney fees and costs in connection with an anti-SLAPP motion when "the results obtained are insignificant and of no practical benefit to the moving party." *Fremont Reorganizing Corp. v. Faigin*, 198 Cal. App. 4th 1153, 1177 (2011) (citing *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 339-40 (2006).)  In analyzing whether the party obtained a practical benefit, courts consider: (1) "the extent to which the defendant's litigation posture was advanced by the motion;" (2) "whether the same factual allegations remain to be litigated;" (3) "whether discovery and motion practice have been narrowed;" and (4) "the extent to which future litigation expenses and strategy were impacted by the motion." *Mann*, 139 Cal. App. 4th at 345.  None of these factors support an award of fees in this case.

As to the first factor, Defendants' litigation posture was not advanced by the motion.  Early in the case, Plaintiffs made clear that their state law claims for interference with contract and attempted extortion were pled in the alternative to their secondary boycott claims based on Section 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 187.  As Plaintiffs explained, Defendants were arguing that the secondary boycott statute did not extend to the alleged wrongful conduct but were simultaneously arguing that the state law claims were preempted by the statute. *See, e.g.*, Dkt. 82 at 24-25 ("Defendants cannot argue that Congress intended for the LMRA to preempt the entire field of conduct alleged in the SAC while simultaneously arguing that the LMRA does not apply to their conduct."); *see also* Dkt. 76 at ¶ 360; Dkt. 35 at 20; Dkt. 19 at ¶ 282.  Defendants could not have it both ways.

When this Court ruled on the motions to dismiss the Second Amended Complaint, it allowed the secondary boycott claims to proceed.  Dkt. 93 at 28-31.

Having found the secondary boycott claim actionable, it necessarily rejected Defendants' argument that the conduct fell outside the LMRA. Consequently, it proceeded to find the state law claims preempted because they merely "repackage[d] the underlying labor dispute" between the parties. *Id.* at 53. It acknowledged that Plaintiffs had "attempt[ed] to plead their state laws claims 'in the alternative to [their] First Claim for Relief for Secondary Boycott,' " but preemption applied because "the state law claims are based on the same threats that formed the basis for Plaintiffs' first cause of action under Section 303 of the LMRA." *Id*.

Having obtained a ruling that the LMRA applied to Defendants' conduct, Plaintiffs no longer had any reason to plead the state law claims in the alternative in the Third Amended Complaint. Thus, those claims were abandoned for reasons entirely independent of the anti-SLAPP motion.[1]

This is precisely the situation where an anti-SLAPP motion resulted in an "insignificant" or "minimal" effect on the case. *Mann*, 139 Cal. App. 4th at 340. When claims would have been dismissed for reasons unrelated to the anti-SLAPP motion, Defendants can claim "only the most illusory victory[.]" *Moran v. Endres*, 135 Cal. App. 4th 952, 954 (2006). The "motion accomplished nothing, except that plaintiffs were put to the cost of defending the motion." *Id*. at 955.

As to the other factors, the anti-SLAPP motion removed none of the factual allegations, had no impact on discovery or motion practice (to the contrary, increased motion practice), and did not impact future litigation expenses and strategy. Defendants themselves argued that the three state law claims "are based on the same alleged conduct that Plaintiffs claim violates Section 8(b)(4)(ii) (and gives rise to a cause of action under Labor Management Relations Act ('LMRA')

---

[1] Indeed, if the Court had agreed with Defendants and held that direct threats to a secondary employer like SeaWorld and other conduct were not a form of secondary boycott under the LMRA, the Court would have had no grounds for dismissing the state law claims on the basis of federal preemption.

§303, 29 U.S.C. § 187)." Dkt. 79-1 at 24-25.

Defendants have argued that, by abandoning the state law claims, Plaintiffs gave up their claims for injunctive relief and punitive damages. As a practical matter, however, if Plaintiffs prevail in obtaining a judgment that Defendants engaged in an unlawful secondary boycott, it will foreclose future conduct of the same nature.

As for punitive damages, Defendants' Third Amended Complaint sought treble damages in connection with the antitrust claims predicated on the same conduct – claims that Defendants valued in excess of $100 million. Dkt. 114 at 103. The amount of treble damages is likely to equal or exceed any punitive damages on the state law claims. Consequently, Plaintiffs' decision not to replead the intentional interference with contract and attempted extortion claims did not reduce Defendants' exposure.

Finally, as previously argued, if this Court were to award fees, it should award only the fees incurred in connection with Defendants' anti-SLAPP motion and preemption argument. The anti-SLAPP motion addressed only a minor part of the issues the parties briefed.

For these reasons, the Court should deny any award of fees to Defendants or, in the alternative, should limit the fees to those incurred on the narrow issues raised by the anti-SLAPP motion.

| | | |
|---|---|---|
| 1 | DATED: March 21, 2025 | HIGGS FLETCHER & MACK LLP |
| 2 | | |
| 3 | | By: /s/ William M. Low |
| 4 | | WILLIAM M. LOW, ESQ.<br>EDWIN M. BONISKE, ESQ.<br>GEOFFREY M. THORNE, ESQ. |
| 5 | | JACOB T. SPAID, ESQ.<br>Attorneys for Plaintiffs |
| 6 | | EVANS HOTELS, LLC; BH<br>PARTNERSHIP LP; and EHSW, |
| 7 | | LLC |

# PROOF OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within-entitled action; my business address is 401 West "A" Street, Suite 2600, San Diego, California 92101-7913. On March 21, 2025, I served the within documents, with all exhibits (if any):

- **PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**

☒ BY ELECTRONIC FILING: I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below on today's date via American Messenger Service.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed <u>overnight</u> envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a <u>Delivery Service</u> agent for delivery.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | | |
|---|---|---|
| Daniel J. Mogin, Esq.<br>Timothy Z. LaComb, Esq.<br>MOGINRUBIN LLP<br>600 West Broadway<br>Suite 3300<br>San Diego, CA  92101 | Phone:<br>Fax:<br>Email: | 619-687-6611<br>619-687-6610<br>dmogin@moginrubin.com<br>joliver@moginrubin.com<br>tlacomb@moginrubin.com |
| Richard G. McCracken, Esq.<br>Paul L. More, Esq.<br>Luke Dowling, Esq.<br>MCCRACKEN, STEMERMAN & HOLSBERRY, LLP<br>595 Market Street<br>Suite 800<br>San Francisco, CA 94105 | Attorney for Defendants<br>UNITE HERE! LOCAL 30 and<br>BRIGETTE BROWNING<br><br>Phone:<br>Fax:<br>Email: | <br><br><br><br>415-597-7200<br>415-597-7201<br>pmore@msh.law<br>rmccracken@msh.law<br>ldowling@msh.law |
| Stacey M. Leyton, Esq.<br>Meredith A. Johnson, Esq.<br>Stephen P. Berzon, Esq.<br>ALTSHULER BERZON LLP<br>177 Post Street<br>Suite 300<br>San Francisco, CA 94108 | Attorney for Defendants<br>SAN DIEGO COUNTY BUILDING AND CONSTRUCTION TRADES COUNSEL, AFL-CIO and TOM LEMMON<br><br>Phone:<br>Fax:<br>Email: | <br><br><br><br><br>415-421-7151<br>415-362-8064<br>sleyton@altshulerberzon.com<br>awang@altshulerberzon.com |
| Steven T. Coopersmith, Esq.<br>Philippa Grumbley, Esq.<br>THE COOPERSMITH LAW FIRM<br>555 West Beech Street<br>Suite 230<br>San Diego, CA 92101 | Attorney for Defendant<br>TOM LEMMON<br><br>Phone:<br>Fax:<br>Email: | <br><br><br>619-238-7360<br>619-785-3357<br>stc@stevecoopersmithlaw.com<br>psg@stevecoopersmithlaw.com |

| | | |
|---|---|---|
| 1 | David L. Barber | A copy has been mailed |
| 2 | McCracken, Stemerman & Holsberry, LLP | |
| 3 | 475 14th Street | |
| 4 | Suite 1200 | |
| 5 | Oakland, CA 94612 | |
| 6 | Lawrence David Levien | Attorneys for Plaintiffs EVANS HOTELS LLC, BH PARTNERSHIP, LP, and EHSW, LLC |
| 7 | Akin Gump Strauss Hauer & Feld 1333 New Hampshire Avenue NW | |
| 8 | Washington, DC 20036 | |
| 9 | | A copy has been mailed |

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    Executed on March 21, 2025, at San Diego, California.

/s/ Jennifer Steiger
Jennifer Steiger