Paul L. More, SBN 228589
Luke Dowling, SBN 328014
McCRACKEN, STEMERMAN & HOLSBERRY, LLP
475 14th Street, Suite 1200
Oakland, CA 94612
Tel:    415-597-7200
Fax:    415-597-7201
Email:  pmore@msh.law
        ldowling@msh.law

*Attorneys for Defendants UNITE HERE Local 30 and Brigette Browning*

*(Additional counsel on following page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, a California limited liability company; BH PARTNERSHIP LP, a California limited partnership; EHSW, LLC, a Delaware limited liability company,<br><br>            Plaintiffs,<br><br>v.<br><br>UNITE HERE LOCAL 30; BRIGETTE BROWNING, an individual; SAN DIEGO COUNTY BUILDING and CONSTRUCTION TRADES COUNCIL, AFL-CIO; TOM LEMMON, an individual; and DOES 1-10,<br><br>            Defendants. | CASE NO. 18-cv-02763-RSH-AHG<br><br>**DEFENDANTS' SUPPLEMENTAL JOINT BRIEF IN SUPPORT OF MOTION TO STRIKE**<br><br>The Honorable Robert S. Huie |

Steven Todd Coopersmith, SBN 184646
Phillipa Grumbley, SBN 265135
THE COOPERSMITH LAW FIRM
2 Columbia Place
1230 Columbia Street, Suite 680
San Diego, CA 92101
Tel:     619-238-7360
Fax:    619-785-3357
Email:  stc@stevecoopersmithlaw.com
        psg@stevecoopersmithlaw.com

*Attorneys for Defendant Tom Lemmon*

Stacey Monica Leyton, SBN 203827
Alice Xiaohe Wang, SBN 335224
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel:     415-421-7151
Fax:    415-362-8064
Email:  sleyton@altshulerberzon.com
        awang@altshulerberzon.com

*Attorneys for Defendants Tom Lemmon and
San Diego Building and Construction Trades Council*

## INTRODUCTION

Pursuant to the Court's Order (Doc. 177), Defendants submit this supplemental brief in support of their Motion to Strike (Doc. 168-1). Defendants address three meritless arguments that Plaintiffs raised before Magistrate Judge Goddard in response to the Court's Order (Doc. 170) requesting a paragraph-by-paragraph list of the parties' positions on allegations in the Third Amended Complaint ("TAC").

Before Judge Goddard, Plaintiffs argued that the TAC's allegations about Defendants' past petitioning against unrelated hotel developments are relevant to Defendants' "secondary objective" in purportedly threatening SeaWorld. They also argued that Defendants' past petitioning is relevant to show why SeaWorld was allegedly fearful of Defendants' purported threats. Finally, they argued that the constitutional protection that applies to Defendants' past petitioning should not shield it from being the subject of this lawsuit or discovery. All three arguments are misguided and ignore bedrock Supreme Court and Ninth Circuit precedent.

## ARGUMENT

### I. Defendants' Past Petitioning is Irrelevant to Secondary Motive.

As the Supreme Court has explained, Section 8(b)(4)(ii)(B) does not proscribe all union activities designed to cause a cessation of business, but only those with a "secondary objective"—that is, activities "tactically calculated to satisfy union objectives elsewhere." *National Woodwork Mfrs. Ass'n v. NLRB*, 386 U.S. 612, 644 (1967); *NLRB v. Hotel & Rest. Emps. & Bartenders' Union Loc. 531*, 623 F.2d 61, 65–66 (9th Cir. 1980) ("The tactical objective of secondary pressure is not to influence the labor policy of the neutral employer against whom it is directed, but to influence the labor policy of the primary employer."). So, for example, if the pressure that Plaintiffs allege Defendants inflicted on SeaWorld was intended to convince SeaWorld to adopt a policy of requiring labor agreements on any co-branded hotel that SeaWorld developed, this would be primary, not secondary, pressure.

Plaintiffs' only remaining claim in this lawsuit is a different and narrow one: that Defendants threatened SeaWorld's future attractions through SeaWorld's environmental consultant Allison Rolfe, in order to achieve the "secondary objective" of forcing Plaintiffs to adopt labor agreements *at the Bahia Resort*.

Defendants acknowledge that TAC's limited allegations about Defendants' purported "secondary" threats against SeaWorld are material under Rule 12(f). See Doc. 114, ¶¶200-221, 279-291. Nor do Defendants seek to strike Plaintiffs' allegations that Defendant UNITE HERE Local 30 once picketed Plaintiffs' hotel in the 1990s with a secondary objective (although Defendants do dispute the allegations and their relevance). Defendants also accept that limited background allegations about Defendants' alleged demands for labor agreements on the Bahia project are permissible as context for Plaintiffs' Section 8(b)(4)(ii)(B) claim.

But Defendants strongly object to Plaintiffs' attempt to shoe-horn their attack on Defendants' constitutionally protected opposition to the Bahia redevelopment project into their narrow remaining Section 8(b)(4)(ii)(B) claim. Allegations concerning Defendants' lobbying against the Bahia project, meetings with Councilmembers, purported "bribery" of City officials (which this Court has repeatedly rejected as conclusory and speculative, Doc. 93, at 48; Doc. 156, at 18 n.11), purported violations of open-meeting and lobbying laws, and protected speech opposing the Bahia expansion were all constitutionally protected petitioning against the "primary" employer—Evans Hotels—and immaterial to whether Defendants had a secondary objective in their purported threats against *SeaWorld*. Allegations about Defendants' constitutionally protected petitioning and speech concerning the Bahia project (an ongoing political dispute) are immaterial, highly prejudicial, and will undoubtedly confuse fact-finders, extend the length of trial, and increase the cost of discovery. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993).

Plaintiffs' justifications for the need to allege and conduct discovery into Defendants' past petitioning on other, unrelated hotel developments (despite the

2

Court's recognition that this past petitioning is immaterial to Defendants' motives and is *Noerr-Pennington*-protected, Doc. 156, at 23) are also meritless.

First, Plaintiffs argued to Judge Goddard that unrelated past petitioning shows Defendants' purported "control over controlling bodies needed for development approval." But the TAC alleges the opposite: that this past petitioning was a "sham" and largely unsuccessful. See Doc. 114, ¶171. This Court disagreed, holding that a majority of the petitioning was successful, but the TAC does not offer Defendants' past petitioning as evidence of "control" over government decisionmakers. And on its face, the past petitioning allegations do not establish such "control"—as with most litigants, Defendants have won some of their objections, and lost some. *See* Doc. 93, at 20. Nor is political "control" or acumen in raising legal challenges evidence of "secondary motive."

Second, Plaintiffs argued this past petitioning is evidence of a "pattern and practice of enmeshing neutral third parties into [Defendants'] labor disputes." But Defendants' alleged "playbook" of constitutionally protected petitioning involved primary targets, not secondary ones. Each involved petitioning directly against the owner or developer of a hotel project (like the alleged "primary" target in this case, Evans Hotels). Doc. 114, ¶¶66-175.[1]

///
///

---

[1] Judge Goddard questioned whether allegations related to Defendants' alleged threats to Oliver McMillan, which was seeking a development opportunity with the Port of San Diego along with Plaintiffs, and subsequent partnership with a different developer for this opportunity were material to the remaining claim. *See* Doc. 114, ¶¶136-137. Those allegations are also immaterial to any secondary objective in the purported threats against SeaWorld. Defendants' alleged threats against Oliver McMillan were (if they existed) threats against a *primary target*, not a secondary target. Defendants were allegedly seeking labor agreements with their primary target—Oliver McMillan—not trying to use pressure against McMillan to "satisfy union objectives elsewhere." *National Woodwork*, 386 U.S. at 644.

## II. Defendants' Past Petitioning is Irrelevant to SeaWorld's Alleged Fear.

Plaintiffs also argued to Judge Goddard that allegations about (and discovery on) unrelated past petitioning are necessary to prove "that SeaWorld was fearful enough of Defendants' sabotage threats" to acquiesce. But whether secondary activity is "coercive" is based on an objective standard, not the alleged target's subjective feelings. *BE&K Const. Co. v. United Bhd. of Carpenters*, 90 F.3d 1318, 1331 (8th Cir. 1996) ("[T]he specific language and the surrounding facts and circumstances are examined, not the subjective interpretation of the listener.").

In any case, Plaintiffs' argument is a *non-sequitur*. Evidence as to why SeaWorld was purportedly fearful of future challenges to its attractions can *only* come from SeaWorld officials. Allegations about past petitioning that SeaWorld officials may have been unaware of when they made their decision to end their joint venture with Plaintiffs are immaterial. Certainly, *Plaintiffs' discovery* into this past, constitutionally protected petitioning is completely unnecessary to prove what SeaWorld knew about Defendants' past petitioning and whether that knowledge created some sense of apprehension.

## III. Defendants' Constitutionally Protected Petitioning Should Not Be a Continued Subject of this Litigation.

Plaintiffs argued that "[e]vidence of First Amendment protected activity, including petitioning activity otherwise protected by the *Noerr Pennington* doctrine, is admissible to prove intent." They cited *Wisconsin v. Mitchell*, 508 U.S. 476 (1993), an off-point decision rejecting a First Amendment challenge to the use of speech expressing racial motive for an assault in a penalty enhancement.

As explained, the nature of Defendants' past petitioning against unrelated hotel developments and against the Bahia redevelopment is not relevant to any secondary objective in purported threats to SeaWorld. In addition, the risk that *Noerr-Pennington-*protected petitioning will be burdened by discovery requests or prejudicially made the subject of contentions on unrelated matters is very much a reason to strike allegations

and limit the scope of discovery. Discovery into political associations and activities are subject to "exacting scrutiny" and only allowed where "the information sought is highly relevant to the claims or defenses in the litigation." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160, 1161 (9th Cir. 2010). This applies equally in cases that seek to burden petitioning. *Franchise Realty Interstate Corp. v. S.F. Loc. Joint Exec. Bd. Of Culinary Workers*, 542 F.2d 1076, 1082 (9th Cir. 1976) ("[A]n action like this one can be, from the very beginning, a most potent weapon to deter the exercise of First Amendment rights. The Supreme Court has consistently recognized the sensitivity of First Amendment guarantees to the threat of harassing litigation, and has erected barriers to safeguard those guarantees."); *Calvary Chapel San Jose v. Cody*, No. 20-CV-03794-BLF, 2022 WL 5264651, at *6 (N.D. Cal. Oct. 6, 2022) (striking allegations about past petitioning: "Because sending the letters was privileged conduct under the *Noerr Pennington* doctrine, it cannot supply a basis for any of Plaintiffs' claims and thus becomes immaterial."); *Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F.Supp.3d 1003, 1027 (N.D. Cal. 2018) (striking allegations about prior litigation and settlement agreements held protected under *Noerr-Pennington*).

      Here, Defendants' constitutionally protected past petitioning and speech has no direct (or even indirect) relationship with the remaining civil offense Plaintiffs accuse them of committing.

///
///
///
///
///
///
///
///
///


Dated: April 1, 2025        Respectfully Submitted,

/s/Paul L. More
Paul L. More, SBN 228589
Luke Dowling, SBN 328014
McCRACKEN, STEMERMAN & HOLSBERRY, LLP
475 14th Street, Suite 1200
Oakland, CA 94612
Tel: 415-597-7200
Fax: 415-597-7201
Email:  pmore@msh.law
             ldowling@msh.law

*Attorneys for Defendants UNITE HERE Local 30 and Brigette Browning*

/s/Steven Todd Coopersmith
Steven Todd Coopersmith, SBN 184646
Phillipa Grumbley, SBN 265135
THE COOPERSMITH LAW FIRM
2 Columbia Place
1230 Columbia Street, Suite 680
San Diego, CA 92101
Tel:   619-238-7360
Fax:   619-785-3357
Email:  stc@stevecoopersmithlaw.com
             psg@stevecoopersmithlaw.com

*Attorneys for Defendant Tom Lemmon*

*(Additional counsel on following page)*

|   |   |
|---|---|
| 1 |  |
| 2 | */s/Stacey Monica Leyton*<br>Stacey Monica Leyton, SBN 203827 |
| 3 | Alice Xiaohe Wang, SBN 335224 |
| 4 | ALTSHULER BERZON LLP<br>177 Post Street, Suite 300 |
| 5 | San Francisco, CA 94108 |
| 6 | Tel: 415-421-7151<br>Fax: 415-362-8064 |
| 7 | Email: sleyton@altshulerberzon.com |
| 8 | awang@altshulerberzon.com |

*Attorneys for Defendants Tom Lemmon and San Diego Building and Construction Trades Council*

# PROOF OF SERVICE

I am employed in the city and county of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: 475 14th Street, Suite 1200 / Oakland, CA 94612.

On April 1, 2025, I served a copy of the foregoing documents:

**DEFENDANTS' SUPPLEMENTAL JOINT BRIEF IN SUPPORT OF MOTION TO STRIKE**

on the interested party(s) in this action, as follows:

<u>*By ECF System - Court's Notice of Electronic Filing:*</u>

| | |
|---|---|
| Daniel J. Mogin, Esq.<br>Jennifer M. Oliver, Esq.<br>Timothy Z. LaComb, Esq.<br>MOGINRUBIN LLP<br>600 West Broadway, Suite 3300<br>San Diego, CA 92101<br>Tel: (619) 687-6611<br>Fax: (619) 687-6610<br>Email: dmogin@moginrubin.com<br>joliver@moginrubin.com<br>tlacomb@moginrubin.com | William M. Low<br>Edwin M. Boniske<br>Geoffrey M. Thorne<br>Jacob T. Spaid<br>HIGGS FLETCHER & MACK LLP<br>401 West "A" Street, Suite 2600<br>San Diego, California 92101-7913<br>Telephone: 619-236-1551<br>Fax: 619-696-1410<br>Email: wlow@higgslaw.com<br>boniske@higgslaw.com<br>thorneg@higgslaw.com<br>spaidj@higgslaw.com<br>*Attorneys for Plaintiffs* |
| Lawrence D. Levien (*Pro Hac Vice*)<br>LLevien@littler.com<br>LITTLER MENDELSON, P.C.<br>815 Connecticut Avenue, NW, Suite 400<br>Washington, DC 20006<br>Telephone: 202.842.3400<br>Facsimile: 202.842.0011<br><br>*Attorneys for Plaintiffs* | Steven Todd Coopersmith, SBN 184646<br>Phillipa Grumbley, SBN 265135<br>THE COOPERSMITH LAW FIRM<br>2 Columbia Place<br>1230 Columbia Street, Suite 680<br>San Diego, CA 92101<br>Tel:   619-238-7360<br>Fax:   619-785-3357<br>Email: stc@stevecoopersmithlaw.com<br>psg@stevecoopersmithlaw.com<br>*Attorneys for Defendant Tom Lemmon* |

1

PROOF OF SERVICE                                       CASE NO. 18-cv-02763-RSH-AHG

Stacey Monica Leyton, SBN 203827
Alice Xiaohe Wang, SBN 335224
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel:    415-421-7151
Fax:    415-362-8064
Email:  sleyton@altshulerberzon.com
        awang@altshulerberzon.com

*Attorneys for Defendants Tom Lemmon
and San Diego Building and
Construction Trades Council*

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on this 1st day of April, 2025, at Oakland, California.

_____
Katherine Pierre

2

PROOF OF SERVICE                                    CASE NO. 18-cv-02763-RSH-AHG