UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, et al.<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITE HERE! LOCAL 30, et al.<br><br>　　　　　　　　　　Defendants. | Case No.:  18-cv-2763-RSH-AHG<br><br>**ORDER AWARDING ATTORNEYS' FEES** |

On April 3, 2025, the Court determined that Defendants were "prevailing parties" within the meaning of California's anti-SLAPP statute, California Code of Civil Procedure § 425.16, and that Defendants were therefore entitled to recover attorneys' fees. ECF No. 183 at 12.[1] Given that the fee motion was filed years ago—prior to Defendants' successful cross-appeal of this Court's denial of that motion—the Court invited supplemental briefing

---

[1] The Court's prior order addresses the procedural history applicable to Defendants' fee motion. ECF No. 183 at 2–4.

on the amount of fees incurred. The Parties have filed their supplemental briefs. ECF Nos. 184, 185.[2]

Defendants seek to recover a total of $316,783, based on three categories: (1) time spent briefing the anti-SLAPP motions, defending against state-law claims that were the subject of those motions, and briefing the fees motion, prior to that motion being denied; (2) time spent briefing Defendant's successful cross-appeal; and (3) time spent in post-appeal supplemental briefing in support of the fees motion. ECF No. 184 at 1–5.

Plaintiffs claim that the requested fee award should be reduced, because: (1) the hourly rates are unreasonably high; (2) the number of hours billed was excessive; and (3) Defendants were only partially successful in their anti-SLAPP motions. ECF No. 185 at 3. Plaintiffs contend that the fee award should be no greater than $90,000. *Id.* at 7.

## I. LEGAL STANDARD

"State law governs attorney's fees awards based on state fee-shifting laws, like California's anti-SLAPP statute." *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014). California courts use the "lodestar" method to determine fee awards under the anti-SLAPP statute. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). Under that method, the "lodestar" or "prevailing hourly rate" is "the basic fee for comparable legal services in the community." *Id.* at 1132. In determining the prevailing hourly rate in a community, California courts look to "[t]he rates of comparable attorneys in the forum district" and consider "the experience, skill, and reputation of the attorney requesting fees." *Nishiki v. Danko Meredith, APC*, 25 Cal. App. 5th 883, 898 (Ct. App. 2018) (internal quotation marks omitted). The standard of reasonable market value "applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house

---

[2] The prior relevant briefing is found at ECF Nos. 125 (Defendants' fee request), 127 (Plaintiffs' opposition), 128 (Defendants' reply), 178 (Defendants' first supplemental brief), and 179 (Plaintiffs' first supplemental brief).

counsel." *Ctr. for Biological Diversity v. Cty. of San Bernardino*, 188 Cal. App. 4th 603, 619 (Ct. App. 2010) (quotation marks and citation omitted); *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party."). The lodestar "may be adjusted by the court based on factors including … (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. The purposes of these adjustments "is to fix a fee at the fair market value for the particular action." *Id.*

An award fee "should ordinarily include compensation for all the hours reasonably spent." *Ketchum*, 24 Cal. 4th at 1134. Under California law, "[t]he right to attorney fees extends to attorney fees on appeal as well." *Morrow v. Los Angeles Unified Sch. Dist.*, 149 Cal. App. 4th 1424, 1446 (2007); *see also Baharian-Mehr v. Smith*, 189 Cal. App. 4th 265, 275 (2010) (holding that attorneys' fees on appeal are recoverable under the anti-SLAPP statute).

## II. ANALYSIS

### A. Hourly Rate

Defendants have submitted schedules of fees claimed for each attorney or biller. The first schedule pertains to the work performed in briefing the anti-SLAPP motions, defending against state-law claims that were the subject of those motions, and briefing the fees motion; and ranges from $200 to $800 per hour for the same attorneys. ECF No. 184 at 2. The second and third schedules pertain to the more recent work, including the cross-appeal and the post-appeal briefing, and ranges from $225 to $900 per hour. *Id.* at 5–6. Defendants have filed declarations supported the claimed rates as to each attorney. *See* ECF Nos. 125-2 ¶¶ 12–24; 125-3 ¶¶ 12–20; 125-4 ¶¶ 12–25; 184-1 ¶¶ 13–27; 184-2 ¶¶ 9–12; 184-3 ¶¶ 11–18. Defendants' brief, filed over three years ago, cites dozens of cases in the San Diego area approving rates generally consistent with those claimed by Defendants.

ECF No. 125-1 at 28–31. Defendants' supplemental brief cites additional, more recent cases in the San Diego area approving higher rates. ECF No. 184 at 4.

Plaintiffs argue in their opposition that the claimed hourly rates are unreasonable. ECF No. 127 at 24–25. In support, Plaintiffs cite a declaration from one of their attorneys regarding the rates that his law firm bills. *See* ECF No. 127-2 ¶ 5. Plaintiffs also argue that one of Defendants' three law firms is charging Defendants less than the amount that firm is claiming in connection with this motion. ECF No. 185 at 6–7. Defendants previously argued that this firm "provides its services primarily to civil-rights litigants, non-profit organizations, and labor unions representing workers in lower-wage industries," ECF No. 125-2 ¶ 24, and that the firm should not be penalized for charging Plaintiff discounted or below-market rates, ECF No. 128 at 16.

Considering the declarations submitted and cases cited by the Parties, the Court concludes that the rates claimed by Defendants are consistent with rates of attorneys in the area having comparable experience, skill, and reputation. Neither the rates charged by Plaintiffs' attorneys nor the fact that one of Defendants' law firms was billing at a below-market rate undermines the Court's conclusion that the rates claimed here are consistent with the prevailing, comparable rates in the San Diego area for the legal services provided here.

### B.   Number of Hours Billed

Defendants' claims for hours billed are supported by declarations attaching detailed, contemporaneous time records. *See* ECF Nos. 125-2 ¶¶ 6–11 & Ex. 1; 125-3 ¶¶ 6–11 & Ex. 1; 125-4 ¶¶ 5–11; 184-1 ¶¶ 7–12 & Ex. 1; 184-2 ¶¶ 4–6, 8 & Ex. 1; 184-3 ¶¶ 5–10 & Ex. 1. Using the claimed rates, this amounts to 373 hours billed totaling $194,553 for the pre-appeal fee requests; 143.1 hours billed totaling $93,983 for the cross-appeal; and 43.9 hours billed totaling $28,247.50 for the post-appeal briefing. ECF No. 184 at 3, 5–6. As set forth in the attorney declarations, Defendants are making claims only for (1) hours actually billed, (2) limited to defending against Plaintiffs' state claims or pursuing Defendants' fee motion (or thereafter, limited to the cross-appeal or the post-appeal briefing on the fee

1  motion), (3) less any time entries that the firm deleted as duplicative, redundant, or
2  excessive. The total claimed is $316,783. *Id.* at 6.

3        Plaintiffs contend that the quantity of hours claimed is excessive. ECF Nos. 127 at
4  25–27; 185 at 3–6. Specifically, Plaintiffs contend that given the actual number of pages
5  involved in the briefing, and the overlap between the issues presented in the successive
6  anti-SLAPP motions and cross-appeal, Defendants should have been able to accomplish
7  the same results using fewer attorney hours. ECF No. 185 at 3–6. Plaintiffs also assert that
8  Defendants overstaffed this case. *Id.* at 6. In addition, Plaintiffs previously argued that
9  Defendants failed to limit their claimed hours to "SLAPP issues (as opposed to others in
10 their motion to dismiss)." ECF No. 127 at 25. Plaintiffs have not identified any particular
11 billing entries with which they take issue.

12       The Court has reviewed the declarations and billing records. Given the questions
13 litigated and the briefing produced, the Court determines that the hours claimed are not
14 excessive. As a practical matter, relitigating similar legal issues in differing procedural
15 postures may reasonably require significant additional time.

16       Additionally, Defendants are entitled to recover fees in connection with each of their
17 three anti-SLAPP motions, not merely the most recent one. *See Manufactured Home*
18 *Cmtys. v. County of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011). Although each of the
19 anti-SLAPP motions was denied as moot in light of the amendment or dismissal of the state
20 claims at issue—and Plaintiffs ultimately chose not to re-assert those state claims—the
21 Court of Appeals determined here that Plaintiffs would have partially prevailed in striking
22 the state claims. *Evans Hotels, LLC v. United Here! Local 30*, No. 23-55692, 2025 WL
23 17120, at *3 (9th Cir. Jan. 2, 2025). Plaintiffs acknowledge the overlap of issues between
24 the three rounds of motions, and indeed assert that "all of these motions were essentially
25 the same." ECF No. 185 at 5. Accordingly, Defendants would have met similar success on
26 any of its anti-SLAPP motions if those motions had been adjudicated on the merits; aware
27 of the arguments made in those motions, Plaintiffs twice chose to reassert their state
28

claims—resulting in further motions by Defendants—before ultimately abandoning those claims.

Finally, the Court determines that Defendants' billing records, in connection with the attorney declarations submitted, are adequate to distinguish compensable from non-compensable time. The claimed time here appropriately includes time spent on efforts to dismiss the state-law claims, which were intertwined with Defendants' parallel and concurrent request to strike the same claims. *See Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014) (holding "the district court's decision to award fees other than those exclusively incurred in responding to the anti-SLAPP motion was not an abuse of discretion."); *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008) ("All expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned.").

### C.    Further Adjustments

Defendants have not requested a multiplier or upward adjustment to the lodestar. *See* ECF Nos. 125-1; 184. However, the Court addresses whether a downward adjustment is warranted in light of the determination by the Court of Appeals that Defendants would have only *partially* prevailed on their anti-SLAPP motion. *Evans Hotels*, 2025 WL 17120 at *3.

In determining that Defendants "would have partially prevailed on their anti-SLAPP motion," the Court of Appeals explained:

> [Cal. Civ. Proc. Code] Section 425.16 protects the Unions' alleged threats to raise administrative and legal challenges to the Bahia redevelopment. *See* Cal. Civ. Proc. Code § 425.16(e)(2). Therefore, the Unions would have prevailed in striking these allegations from the state law claims. However, the Unions would not have prevailed in striking their alleged threats to organize SeaWorld's employees, and to raise administrative challenges to SeaWorld's future park attractions.

*Id.* The Court of Appeals continued:

> A defendant who partially prevails on an anti-SLAPP motion is generally the prevailing party, unless there is a determination that that party achieved no practical benefit from bringing the motion. *Mann v.*

>*Quality Old Time Serv. Inc.*, 42 Cal. Rptr. 3d 607, 614 (Cal. Ct. App. 2006). "The determination ... lies within the broad discretion of a trial court." *Id.* We remand for the district court to make the determination in the first instance.

*Id.* at *4. On remand, this Court determined that despite only partially prevailing, Defendants were "prevailing parties" within the meaning of the anti-SLAPP statute and therefore entitled to fees in an amount to be determined. ECF No. 183 at 12.

In *Mann*, a case cited by the U.S. Court of Appeals as well as by the Parties in their briefing, the California Court of Appeal addressed the situation of a defendant who partially prevailed on an anti-SLAPP motion, and who sought to recover fees for work that was "overlapping" as to the "the successful and unsuccessful claims." *Mann v. Quality Old Time Serv. Inc.*, 139 Cal. App. 4th 328, 344 (Ct. App. 2006).

The California Court of Appeal held that "a defendant should not be entitled to obtain *as a matter of right* his or her entire attorney fees incurred on successful and unsuccessful claims merely because the attorney work on those claims was overlapping." *Id.* at 344–45. A trial court should first determine the lodestar amount for the hours expended on the successful claims, "and, if the work on the successful and unsuccessful causes of action was overlapping, the court should then consider the defendant's relative success on the motion in achieving his or her objective, and reduce the amount if appropriate." *Id.* at 345.

The California Court of Appeal continued:

>This analysis includes factors such as the extent to which the defendant's litigation posture was advanced by the motion, whether the same factual allegations remain to be litigated, whether discovery and motion practice have been narrowed, and the extent to which future litigation expenses and strategy were impacted by the motion. The fees awarded to a defendant who was only partially successful on an anti-SLAPP motion should be commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way. The court should also consider any other applicable relevant factors, such as the experience and abilities of the attorney and the novelty and difficulty of the issues, to adjust the lodestar amount as

appropriate. (*See Ketchum, supra*, 24 Cal. 4th at p. 1132.) *Id.* The California Court of Appeal determined that the trial court "erred in failing to reduce the attorney fees award for fees attributable to the causes of action that remained in the litigation." *Id.*

Here, Defendants do not endeavor to distinguish between fees incurred in connection with that portion of the anti-SLAPP motion that would have been successful, and fees incurred in connection with the portion that would have been unsuccessful. Nor, realistically, given the contemporaneous time records, could Defendants have made such a distinction with any precision. The fact remains, however, that they are seeking to recover fees based on efforts that would have been only "partially" successful, as the U.S. Court of Appeals determined.

In determining that Defendants obtained a "practical benefit" in connection with their anti-SLAPP motion, the Court has already addressed Defendant's partial success—both in terms of the benefit Defendants would have achieved if their anti-SLAPP motion had been partly granted, and in terms of the benefit they did receive when Plaintiffs abandoned the state-law claims altogether. ECF No. 183 at 6–11. The benefits were meaningful if also limited. The Court also now considers the relevant factors generally applicable to adjusting the lodestar; among those, the most prominent here are the difficulty of the legal issues presented, and the skill of counsel, both of which favor Defendants. The Court also considers, more generally, the arguments advanced by both sides with respect to the significant amount of the total fees claimed; the overlap between anti-SLAPP efforts and other, inextricable efforts to defend the state claims; and the fact that Plaintiffs are now facing an award reflecting years of attorneys' fees in relation to underlying anti-SLAPP motions that were never granted, and if adjudicated would not have been granted in their entirety. These last considerations favor Plaintiffs. Assigning numerical values to each relevant consideration would be an exercise in false precision, but on balance, pursuant to *Mann* the Court exercises its discretion to reduce the total award of fees to 70% of $316,783, or **$221,748.10**.

## III. CONCLUSION

For the foregoing reasons, and as set forth in the Court's order of April 3, 2025, Defendants' motion for fees [ECF No. 125] is **GRANTED**.[3] The Court awards attorneys' fees to Defendants, payable by Plaintiffs jointly and severally, in the amount of **$221,748.10**.

**IT IS SO ORDERED**.

Dated: April 28, 2025

Hon. Robert S. Huie
United States District Judge

---

[3] Defendants' evidentiary objections [ECF No. 127-1] to the declarations of Richard Pearl are denied as moot. The Court does not rely on those declarations herein.