UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| EVANS HOTELS, LLC, et al. | Case No.: 18-cv-2763-RSH-AHG |
|---|---|
| Plaintiffs, | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO STRIKE** |
| v. | |
| UNITE HERE! LOCAL 30, et al. | |
| Defendants. | [ECF Nos. 168, 200] |

Pending before the Court is Defendants' Motion to Strike (the "Motion") directed to Plaintiff's Third Amended Complaint. ECF No. 168. On August 7, 2025, U.S. Magistrate Judge Allison H. Goddard issued a Report and Recommendation (the "Report") in favor of granting the Motion. ECF No. 200. Judge Goddard issued the Report following briefing by the Parties and intensive attempts at compromise led by Judge Goddard. *Id.* at 5.

Plaintiffs have filed objections to the R&R, and Defendants have responded. ECF Nos. 201, 205. As set forth below, the Court adopts the R&R and grants the Motion.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides that a party may serve and file objections to the order of a magistrate judge, on a non-dispositive matter referred to the

magistrate judge to hear and decide, within 14 days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## II. ANALYSIS

Defendants object to the Report on two grounds. First, they contend that the Report applies the incorrect legal standard for a motion to strike. ECF No. 201 at 5. Second, they argue that the Report goes beyond the scope of Rule 12(f) by improperly limiting discovery. *Id.* at 10.

### A. The U.S. Magistrate Judge Applied the Correct Legal Standard

Federal Rule of Civil Procedure 12(f) allows a court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). The Ninth Circuit has explained:

> "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial …." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 711. Superfluous historical allegations are a proper subject of a motion to strike. *See, e.g.*, *Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz.1959).

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); *accord Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

Plaintiffs contend that the Report "consistently, and incorrectly, applies a 'necessity standard' to determine whether allegations should be stricken from the TAC." ECF No. 201 at 5. Plaintiffs cite portions of the Report that describe certain matter in the TAC as "redundant or unnecessary," as "not essential or necessary," or simply as "unnecessary." *Id.* at 5-6. Plaintiffs argue that the correct legal standard is that articulated by the district

court in *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012), under which "courts generally grant a motion to strike only where 'is it clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Rosales*, 882 F. Supp. 2d at 1179 (quoting *Walters v. Fidelity Mortg. Of Cal.*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010)).

The Report recites and applies the correct legal standard under Ninth Circuit precedent. The Report determines that the challenged allegations are "immaterial and redundant" to Plaintiffs' remaining claim in the TAC, terms used in Rule 12(f) itself. ECF No. 200 at 11-19. The Report indeed describes certain allegations as "unnecessary," consistent with the Ninth Circuit's explication of "impertinent," another term used in Rule 12(f), which overlaps in meaning with "immaterial" and "redundant." *See Fantasy*, 984 F.2d at 1527. The Report also determines, as an alternative basis for granting the motion, that the challenged allegations should be stricken to avoid unnecessary confusion and prejudice. ECF No. 200 at 19-20; *see also Ollier v. Sweetwater Union H.S. Dist.*, 735 F. Supp. 2d 1222, 1224 (S.D. Cal. 2010) ("Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will prejudice the party seeking to strike matters."). The magistrate judge was not required by precedent, as Plaintiffs argue, to inquire only whether "the matter to be stricken could have no possible bearing on the subject matter of the litigation." The legal standard applied in the Report was not clearly erroneous or contrary to Ninth Circuit law, and the Court overrules Plaintiffs' objection.

### B.    The U.S. Magistrate Judge Did Not Improperly Limit Discovery

Plaintiffs next argue that the Report goes beyond the scope of Rule 12(f) by improperly limiting the scope of discovery. ECF No. 201 at 10. Plaintiffs state, "[t]his Rule 12(f) motion is not the occasion for deciding discovery issues." *Id.*

While the Report appropriately considers the extent to which the allegations at issue may bear on future discovery, the Report does not purport to, and does not, constitute a

ruling on the limits of discovery under Rule 26. The analysis contained in the Report is not determinative of any future discovery dispute that may come before the Court. The Court overrules Plaintiffs' objection.

* * *

Plaintiffs opine that the Report's granting of the motion to strike has "little practical significance." ECF No. 201 at 1, 10. The Court does not construe Plaintiffs' filing as raising objections beyond the two addressed above. Having overruled those objections, the Court adopts grants the Motion and adopts the Report for the reasons stated therein as well as set forth above.

### III.  CONCLUSION

The Court's **ADOPTS** Judge Goddard's Report and Recommendation [ECF No. 200] and **GRANTS** Defendants' Motion to Strike [ECF No. 168].

**IT IS SO ORDERED**.

Dated:  September 12, 2025

_____
Hon. Robert S. Huie
United States District Judge