UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, et al.,<br><br>                                  Plaintiffs,<br><br>v.<br><br>UNITE HERE! LOCAL 30, et al.,<br><br>                                  Defendants. | Case No.:  3:18-cv-02763-RSH-AHG<br><br>**ORDER RESOLVING JOINT MOTIONS FOR DETERMINATION OF DISCOVERY DISPUTES REGARDING:**<br><br>**(1) DEFENDANTS' CLAIMS OF PRIVILEGE [ECF No. 242],**<br><br>**(2) PLAINTIFFS' CLAIMS OF PRIVILEGE [ECF No. 244], and**<br><br>**(3) THIRD-PARTY SEAWORLD, LLC'S CLAIMS OF PRIVILEGE [ECF Nos. 246, 254]** |

Before the Court are three joint motions relating to claims of privilege by Plaintiffs, Defendants, and third-party SeaWorld, LLC. ECF Nos. 242, 244, 246.[1] Having considered

---

[1] Due to administrative filing errors, third-party SeaWorld filed its motion a second time. *See* ECF No. 246 (filed in person, due to technological difficulties); ECF No. 254 (filed electronically pursuant to proper protocol). The Court appreciates that SeaWorld corrected its filing errors by filing electronically. *See* ECF Nos. 250, 252. As this motion is a duplicate, though, it is **DENIED AS MOOT**. ECF No. 254.

the parties' arguments, the applicable legal authority, and the documents submitted for *in camera* review, (*see* ECF Nos. 243, 245, 251, 257), the Court **ORDERS** as follows.

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

The first seven years of litigation in this case was a slow crawl through pleading disputes. These disputes focused primarily on Defendants' contention that the *Noerr-Pennington* doctrine precluded Plaintiffs' claims because they targeted political activity and speech protected by the First Amendment. *E.g.*, ECF Nos. 15, 79, 143. Several district judges agreed with Defendants, dismissing all or most of Plaintiffs' complaint on those grounds. *E.g.*, ECF No. 60 (Hayes, J.); ECF No. 75 (Robinson, J.); ECF No. 156 (Huie, J.).

On January 2, 2025, the U.S. Court of Appeals for the Ninth Circuit affirmed the dismissal of all of Plaintiffs' claims, except for a secondary boycott claim based on third-party SeaWorld's cancellation of a joint venture with Plaintiffs. *Evans Hotels, LLC v. Unite Here! Loc. 30*, No. 23-55692, 2025 WL 17120, at *1 (9th Cir. Jan. 2, 2025). Following remand, Defendants filed a motion to strike several allegations from the Third Amended Complaint to align it with the Ninth Circuit's opinion. ECF No. 168. The undersigned issued a Report and Recommendation granting the motion to strike, which Judge Huie adopted over Plaintiffs' objections. ECF Nos. 200, 206. Consistent with Judge Huie's order, Plaintiffs filed the operative Fourth Amended Complaint on January 25, 2026, asserting a single claim for Unlawful Secondary Boycott relating to SeaWorld. ECF No. 222 at ¶¶ 79–81.

Defendants answered the Fourth Amended Complaint on January 26, 2026. ECF Nos. 224, 225. Thus, the long pleading odyssey came to an end and the parties embarked on a new journey: discovery. Discovery has proceeded, by comparison, at a much faster pace. To the parties' credit, they have managed to work through several disputes and are nearing completion of the discovery phase. The current disputes, however, present issues of privilege that are not amenable to compromise.

Plaintiffs, Defendants, and a third party, SeaWorld, therefore ask the Court to resolve their claims of privilege and work product protection. Defendants contend that 48

3:18-cv-02763-RSH-AHG

documents they have withheld and identified on a log should not be produced because they are not relevant to Plaintiffs' remaining claim, or are otherwise privileged under the First Amendment. ECF No. 242. Plaintiffs contend that eleven documents they have withheld and identified on a log should not be produced because they are protected from disclosure by the attorney-client privilege or work product doctrine. ECF No. 244.[2] SeaWorld contends that two documents it has withheld should not be produced because they are protected from disclosure by the attorney-client privilege. ECF No. 246. The Court finds it most efficient to address all of these contentions in a single order.

## II.    APPLICABLE LEGAL STANDARDS

The Court applies federal and statutory common law to the parties' disputes, since Plaintiffs' claim against Defendants is based on a federal statute. *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009). The following standards govern the Court's resolution of the disputes.[3]

### A.    The Scope of Discovery

The scope of permissible discovery is dictated by Rule 26 of the Federal Rules of Civil Procedure, which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). In considering relevance and proportionality, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties'

---

[2] The Joint Motion regarding Plaintiffs' privilege assertions only requested *in camera* review of ten documents. The Court agreed at a discovery conference on June 18, 2026, however, to review an additional disputed document that Plaintiffs lodged with the Court by email. ECF No. 257.

[3] Defendants also assert a privilege against discovery rooted in the First Amendment. The Court need not reach this assertion because, for the reasons explained herein, the Court will not compel production of documents that relate solely to the Bahia redevelopment and not to SeaWorld because they are neither relevant nor proportional under FED. R. CIV. P. 26(b)(1).

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A party seeking to compel discovery has the burden of demonstrating that it is relevant and proportional. *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018). "The court has broad discretion in determining relevancy for discovery purposes." *Id.* at 270. A party asserting a privilege or protection from discovery has the burden of demonstrating that the privilege or protection is applicable. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076, 1081 (N.D. Cal. 2002).

### B.    Attorney-Client Privilege

Application of the attorney-client privilege turns on the presence of eight elements: "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2. (9th Cir. 1992)).

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). In serving this purpose, the privilege protects only communications – disclosures of fact are not protected. *Id.* at 395. In addition, "[t]he fact that a person is a lawyer does not make all communications with that person privileged." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). Courts strictly construe the privilege "[b]ecause it impedes full and free discovery of the truth." *Id.* (quoting *Weil v. Inv. Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981)).

//

//

4

3:18-cv-02763-RSH-AHG

### C.      Work Product Doctrine

The work product doctrine is set forth in Fed. R. Civ. P. 26(b)(3), which provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." A document is prepared "in anticipation of litigation" if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 907 (9th Cir. 2004). There is an exception to this protection when a party demonstrates "substantial need for the materials" and that it "cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.*

## III.   DOCUMENTS WITHHELD BY DEFENDANTS

Defendants withheld 48 documents from their production on the grounds that they are privileged under the First Amendment, and neither relevant nor proportional to Plaintiffs' case. The documents largely relate to Defendants' opposition to Plaintiffs' proposed Bahia redevelopment.

Plaintiffs contend that Defendants waived any relevance objections by agreeing to produce "all non-privileged, responsive documents." ECF No. 242 at 9. Plaintiffs attached Defendants' discovery responses as Exhibit D to their joint motion as evidence of waiver. ECF No. 242-4. These responses demonstrate, however, that Defendants did object to several requests on relevance grounds. Request for Production No. 1 seeks "All DOCUMENTS and COMMUNICATIONS related to PLAINTIFFS during the RELEVANT PERIOD." *Id*. at 5.[4] Defendants objected to this request on the grounds that it "seeks information that is neither relevant to any party's claim or defense nor

---

[4] Due to discrepancies between original and imprinted page numbers, page numbers for docketed materials cited in this Order refer to those imprinted by the court's electronic case filing system.

3:18-cv-02763-RSH-AHG

proportional to the needs of the case, … ." *Id*. All of the documents that Defendants are currently withholding are responsive to this request. Defendants also objected on relevance grounds to other requests that are implicated by the withheld documents here. *E.g.*, *Id*. at 19 (Request No. 24 for documents concerning Bill Evans); *Id*. at 22 (Request No. 31 for agreements concerning the Bahia); *Id*. at 24 (Request No. 34 for documents regarding coordinated strategies concerning the Bahia); *Id*. at 25–26 (Request No. 37 for documents related to any labor disputes with the Bahia); *Id*. at 26 (Request No. 38, which is duplicative of Request No. 37). Plaintiffs' waiver argument has no merit.[5]

Even if Defendants' objections were somehow deficient, the Court must examine whether the documents that Defendants have withheld are relevant and proportional as a precursor to compelling their production. *See NEI v. The Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652, 656 (D. Mont. 2018); *In Re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016).; FED R. CIV. P. 26, Advisory Comm. Notes for 2015 Amends. (following the 2015 amendment to Rule 26, "the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes"). It remains Plaintiffs' burden to demonstrate that the information they seek is relevant as a threshold to obtaining an order to compel its production. *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (affirming denial of motion to compel because there was no showing that the documents listed on the privilege log at issue were relevant); *Owen v. Hyundai Motor Am.*, 344 F.R.D. 531, 535 (E.D. Cal. 2023).

Plaintiffs have not met this burden here. As Plaintiffs have acknowledged, the elements of Plaintiffs' claim for secondary boycott are:

---

[5] Similarly, Plaintiffs' contention that Defendants should be compelled to produce information because it would be subject to a California Public Records Act ("CPRA") request has no merit. Rule 26, not the CPRA, governs the scope of discovery in this case.

(1) Defendants engaged "in conduct that threatens, coerces, or restrains any person (here SeaWorld);" and

(2) Defendants' object was to "force or require that person (SeaWorld) to cease or refrain from doing any business with another person (Plaintiffs)."

ECF No. 189-1 at 1. Both of these elements require a nexus with SeaWorld: a threat directed *at SeaWorld*, with the object to get *SeaWorld* to stop doing business with Plaintiffs. As detailed below, none of the documents Defendants have withheld even mention SeaWorld. They are focused on the Mission Bay Master Plan and the proposed redevelopment of the Bahia property. Pressuring Plaintiffs to unionize the Bahia may have been Defendants' "primary objective," but evidence of Defendants' "primary objective" that has *no connection* to SeaWorld is, at best, marginally relevant – but still not proportional. *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. at 566 (declining to compel production of information that is "only marginally relevant.").

Plaintiffs are correct that the undersigned's prior Report and Recommendation on Defendants' motion to strike was not a ruling on the scope of discovery. Such a ruling would have been premature and out of bounds given the Court's task in considering a motion to strike. Now that the scope of discovery is appropriately before the Court, however, the Court cannot ignore that the Ninth Circuit's opinion defined the scope of the litigation and also, therefore, the scope of discovery. The Ninth Circuit expressly found that "[t]he *Noerr-Pennington* doctrine shields [Defendants] from statutory liability for their efforts to oppose the [Bahia] lease amendment before the Mayor of San Diego and the San Diego City Council … [and] for their threats to raise administrative and legal challenges to the Bahia redevelopment." *Evans Hotels, LLC*, 2025 WL 17120, at *1. It would be an abuse of discretion for this Court to find, as Plaintiffs ask here, that even though the Ninth Circuit held that Defendants are constitutionally protected from liability for their activities

//

//

//

7

3:18-cv-02763-RSH-AHG

opposing the Bahia redevelopment, evidence of those activities – without any nexus to SeaWorld – is within the scope of discovery.[6]

Following the legal standard and principles discussed herein, the Court finds as follows with respect to each document withheld by Defendants.

UNITE-PRIV-0446

This document is a draft letter from Defendants' counsel regarding the proposed elimination of Gleason Road that is marked "Confidential Attorney-Client Communications and Attorney Work Product." It does not mention SeaWorld. The Court finds that it is neither relevant nor proportional, would be protected by the attorney-client privilege and work product doctrine even if relevant and proportional, and need not be produced.

UNITE-PRIV-0452

This document is an email relating to the Bahia redevelopment that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0453

This document is an email exchange with employees of the City of San Diego regarding Mission Bay Park that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0457

This document is an email exchange with employees of the City of San Diego

---

[6] Plaintiffs also argue that evidence of Defendants' "primary objective" to unionize the Bahia is relevant to "SeaWorld's *perception* of Defendants' threats." ECF No. 242 at 10 (emphasis in original). Plaintiffs point to a letter that consultant Allison Rolfe sent to a SeaWorld representative that appears to be a duplicate of a letter included on Defendants' log of withheld documents. The letter itself, without any indication that SeaWorld was aware of it, is not evidence of SeaWorld's perception at all. The communication from Allison Rolfe to SeaWorld's representative attaching the letter may be relevant to the issue of SeaWorld's perception, and Plaintiffs have that document.

3:18-cv-02763-RSH-AHG

regarding Mission Bay Park that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0462

This document is an email exchange with employees of the City of San Diego regarding Mission Bay Park that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0469

This document is an email exchange with employees of the City of San Diego regarding Mission Bay Park that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0477

This document is an email exchange with employees of the City of San Diego regarding Mission Bay Park that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0478

This document is an email exchange with employees of the City of San Diego regarding Mission Bay Park that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0485

This document is a letter from Defendants' counsel to a City of San Diego employee regarding the proposed elimination of Gleason Road that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0498

This document is an email regarding the Bahia redevelopment that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0499

This document is an email regarding the Bahia redevelopment that does not mention

3:18-cv-02763-RSH-AHG

SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0500

This document is a spreadsheet of contacts regarding the Bahia redevelopment. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0510

This document is a letter from a City of San Diego employee regarding the proposed elimination of Gleason Road that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0514

This document is a string of text messages about lobbying the City Council regarding the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0520

This document is a string of text messages about lobbying the City Council regarding the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0525

This document is a string of text messages about lobbying the City Council regarding the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0528

This document is a string of text messages about lobbying the City Council regarding the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0530

This document is a string of text messages about lobbying the City Council regarding

the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0533

This document is a memorandum dated November 13, 2018, to the City Council President from several City Council members regarding a docketing request for the lease amendment to the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0534

This document is a string of text messages about lobbying the City Council regarding the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0535

This document is a string of text messages about lobbying the City Council regarding the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0537

This document is a string of text messages about lobbying the City Council regarding the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0540

This document is a string of text messages about lobbying the City Council regarding the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0541

This document is a string of text messages about lobbying the City Council regarding the Bahia. The document does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

/ /

3:18-cv-02763-RSH-AHG

UNITE-PRIV-0627

This document is a letter from Defendants' counsel to the Mayor and City Council regarding the proposed elimination of Gleason Road that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0639

This document includes attachments to a letter from Defendants' counsel to the Mayor and City Council regarding the proposed elimination of Gleason Road that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0646

This document is a letter to the California Coastal Commission from a City Council member regarding the Mission Bay Master Plan that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0648

This document is an email regarding the Mission Bay Master Plan that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0649

This document is a description of the Bahia proposed lease expansion that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0650

This document is a description of the Bahia proposed lease expansion that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

//

//

//

3:18-cv-02763-RSH-AHG

UNITE-PRIV-0651

This document is a description of the Bahia proposed lease expansion that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0652

This document is a letter from the City of San Diego to Defendants' counsel regarding the proposed elimination of Gleason Road that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0655

This document is a draft letter regarding an environmental review of the Bahia lease amendment that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional, would be protected by the attorney-client privilege and work product doctrine even if relevant and proportional, and need not be produced.

UNITE-PRIV-0657

This document is an unsigned letter to a City Council member regarding the Bahia expansion proposal that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0661

This document is a letter from Defendants' counsel to the Mayor and City Council regarding access to information regarding environmental review of the Bahia lease amendment that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0663

This document is a letter from Defendants' counsel to the Mayor and City Council regarding access to information regarding environmental review of the Bahia lease amendment that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

/ /

3:18-cv-02763-RSH-AHG

UNITE-PRIV-0665

This document is a letter from Defendants' counsel to the Mayor and City Council regarding access to information regarding environmental review of the Bahia lease amendment that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0667

This document is a spreadsheet listing letters sent to City Council members that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0679

This document is a spreadsheet listing letters sent to City Council members that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0680

This document is a letter from Defendants' counsel to the Mayor and City Council regarding access to information regarding proposed elimination of Gleason Road that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0685

This document is a spreadsheet listing contact information for City Council members that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0686

This document is a spreadsheet listing contact information for City Council members that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0687

This document is an email regarding the Mission Bay Master Plan that does not

3:18-cv-02763-RSH-AHG

mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0688

This document is a memorandum to California Coastal Commission members regarding the Mission Bay Master Plan that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0730

This document is a letter from Defendants' counsel to a City of San Diego employee regarding the proposed elimination of Gleason Road that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-0743

This document is a letter from Defendants' counsel to a City of San Diego employee regarding the proposed elimination of Gleason Road that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

UNITE-PRIV-7796

The redactions on this document are text messages regarding the Bahia redevelopment that do not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

**IV.   DOCUMENTS WITHHELD BY PLAINTIFFS**

Plaintiffs withheld eleven documents from their production on the grounds that they are protected by the attorney-client privilege or the work product doctrine. As discussed above, the Court must consider relevance and proportionality as a threshold matter. If a document is not relevant and proportional, the Court need not reach the claim of attorney-client privilege or work product doctrine. *Stevens*, 899 F.3d at 678 (affirming denial of motion to compel documents listed on privilege log because there was no showing that the documents were relevant).

Following the legal standard and principles discussed herein, the Court finds as follows with respect to each document withheld by Plaintiffs.

3:18-cv-02763-RSH-AHG

Document No. 453

This document is an email dated December 5, 2018, from Robert Gleason to in-house and outside counsel that attaches Mr. Gleason's notes from meetings with representatives of Defendants between December 2017 and February 2018. Defendants move to compel production of Mr. Gleason's notes. These notes summarize Mr. Gleason's interactions with labor representatives regarding their efforts to unionize Plaintiffs' employees. The notes do not mention SeaWorld. The Court therefore finds that the notes are neither relevant nor proportional and need not be produced.

Document Nos. 530 and 542

These documents are duplicates of each other. They are emails dated February 9, 2018, from Mr. Gleason to Julia De Beers, Plaintiffs' in-house counsel. Defendants move to compel production of the attachments to the emails. The attachments are documents regarding Defendants that appear to be publicly available. They do not mention SeaWorld. The Court finds that they are neither relevant nor proportional and need not be produced.

Document No. 534

This document is an email dated January 31, 2018, from Mr. Gleason to William Evans with a copy to Ms. De Beers. Defendants move to compel production of the attachment to the email. The attachment is a document regarding Defendants that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

Document No. 570

This document is an email from Mr. Evans to outside counsel dated March 10, 2018, attaching a law review article. Defendants move to compel production of the attachment to the email. The attachment does not mention Defendants or SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

Document No. 635

This document is an email dated September 13, 2018, from Mr. Gleason to

3:18-cv-02763-RSH-AHG

Mr. Evans with a copy to Ms. De Beers. Defendants move to compel production of the attachment to the email. The attachment is a document prepared by Ms. De Beers that contains her impressions as an attorney. It does not mention Defendants or SeaWorld. The Courts finds that it is neither relevant nor proportional and need not be produced.

Document No. 677

This document is an email dated October 10, 2018, from Mr. Gleason to outside counsel with a copy to Mr. Evans attaching Mr. Gleason's notes of calls in October 2018. Defendants move to compel production of the attachment to the email. The email expressly refers to the notes as "work product," and it references SeaWorld. The attachment is an integral part of the communication between Mr. Gleason and outside counsel seeking legal advice. It is protected by the attorney-client privilege and need not be produced.

Document No. 686

This document is an email dated October 30, 2018, from outside counsel to Mr. Evans, Mr. Gleason, and Ms. De Beers attaching a draft document request to the City of San Diego. Defendants move to compel production of the attachment to the email. The attachment is a draft document prepared by outside counsel and sent to members of Plaintiffs' executive leadership team as part of providing legal advice. It is protected by the attorney-client privilege and need not be produced.

Document No. 740

This document is an email dated December 7, 2018, from Ms. De Beers. The document indicates that the email was in fact sent, but it is unclear to whom it was sent. Defendants move to compel production of the attachment to the email. The attachment is a document regarding Defendants that does not mention SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

Document No. 1794

This document is an email dated January 13, 2018, from Mr. Gleason to Mr. Evans. Defendants move to compel production of the email. The attachment does not mention

//

Defendants or SeaWorld. The Court finds that it is neither relevant nor proportional and need not be produced.

Additional Document Submitted for *In Camera* Review on June 18, 2026

At a status conference on June 18, 2026, the Court agreed to review an additional document that Plaintiffs withheld from their production. *See* ECF No. 257. The document is minutes from a meeting of the Evans Hotels Executive Management Cabinet on September 25, 2018. The minutes do not mention Defendants or SeaWorld. The Court finds that this document is neither relevant nor proportional and need not be produced.

## V.   DOCUMENTS WITHHELD BY THIRD PARTY SEAWORLD

Third-party SeaWorld, LLC, asserts that two documents it withheld from its production and identified on a log are protected by the attorney-client privilege and work product doctrine. Following the legal standard and principles discussed herein, the Court finds as follows with respect to each document withheld by third-party SeaWorld.

PRIV_543-544

This document is an email dated August 16, 2018, from Corrine Brindley, who is not a lawyer, to Tony Taylor, SeaWorld's General Counsel. The email attaches notes that Ms. Brindley took at a meeting with Plaintiffs regarding their joint venture at Mr. Taylor's request. The Court finds that this document is relevant to Plaintiffs' secondary boycott claim. SeaWorld contends that the notes are protected work product because they were prepared at the direction of counsel and in anticipation of potential litigation.

Plaintiffs argue that the notes are not work product because SeaWorld has failed to demonstrate that the "primary motivating purpose" for creating the notes was anticipated litigation. ECF No. 247 at 3. Plaintiffs contend that SeaWorld's description of the meeting notes indicates that the meeting primarily involved discussion of business matters, and the fact that the meeting was with Plaintiffs means that the notes of the meeting cannot be privileged. Defendants take no position with respect to the discoverability of this document.

18

3:18-cv-02763-RSH-AHG

The Court agrees with SeaWorld that the document is protected work product. Although the notes were taken by a non-lawyer, Ms. Brindley, work product protection "extends not only to work by the attorney but also to litigation preparation work by the party or its representatives." *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1081. Even though the meeting involved business discussions, having reviewed the notes, the Court cannot discretely separate a business purpose from a litigation purpose in creating the notes. *See In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d at 910 ("The documents are entitled to work product protection because, taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole"). The Court therefore denies Plaintiffs' request to compel production of PRIV_543-544.

PRIV_595-599

This document is a string of email exchanges between October 31, 2018, and November 1, 2018. The first part of the string includes emails between Corrine Brindley and David Watson, outside counsel to SeaWorld. The most recent emails in the string are between Ms. Brindley and Allison Rolfe, a non-attorney consultant to SeaWorld. The Court finds that this document is relevant to Plaintiffs' secondary boycott claim. SeaWorld contends that the first part of the string is a privileged communication between Ms. Brindley and SeaWorld's outside counsel, and the fact that Ms. Brindley forwarded those emails to Ms. Rolfe is not a waiver of the privilege because Ms. Rolfe assisted with rendering legal advice and functioned as part of SeaWorld's litigation team. SeaWorld also argues in the alternative that this document is protected work product because it was prepared in anticipation of litigation.

Plaintiffs only respond to SeaWorld's alternative claim that the document is work product. Plaintiffs again argue that the document was not prepared because of anticipated litigation because the log description indicates that the document relates to business discussions that would have occurred regardless of litigation. Plaintiffs do not respond to SeaWorld's principal claim that the document is an attorney-client communication that is

privileged. Defendants take no position with respect to the discoverability of this document.

The Court agrees with SeaWorld that the document is protected from discovery under the attorney-client privilege and the work product doctrine. The attorney-client privilege "protects the giving of professional advice by the lawyer and the giving of information to the lawyer to enable him to give sound and informed advice." *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 508 (S.D. Cal. 2003). Where the client is a corporation, the privilege extends to communications between non-attorneys for the purpose of providing information to an attorney to inform the attorney's legal advice. *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1077. Ms. Rolfe was acting as a consultant to SeaWorld and responding to a specific request from Ms. Brindley for information to provide to SeaWorld's attorney for the purpose of obtaining legal advice.

The Court also agrees with SeaWorld that the document is protected work product. Having reviewed the document, the Court could not segregate information relating to a business purpose from information exchanged in relation to anticipated litigation. The Court therefore denies Plaintiffs' request to compel production of PRIV_595-599.

## VI. CONCLUSION

For the reasons stated herein, the Court **DENIES** the parties' requests to compel production any of the withheld documents. ECF Nos. 242, 244, 246.

**IT IS SO ORDERED**.

Dated:  June 23, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:18-cv-02763-RSH-AHG