UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS HOTELS, LLC, et al., Plaintiffs, v. UNITE HERE! LOCAL 30, et al., Defendants. | Case No.: 3:18-cv-02763-RSH-AHG **ORDER RESOLVING OPPOSED JOINT MOTION AND GRANTING DEFENDANTS' MOTION TO CONTINUE EXPERT DISCLOSURE AND DISCOVERY DEADLINES** **[ECF No. 293]** |

Before the Court is the parties' opposed joint motion. ECF No. 293. Defendants seek to stay the expert disclosure and discovery deadlines until after their motion for summary judgment has been adjudicated, which Plaintiffs oppose. *Id*. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

**I. BACKGROUND**

In this matter, the deadline for initial expert designations and disclosures is presently November 6, 2026; the deadline for rebuttal expert designations and disclosures is December 7, 2026; and the expert discovery period closes on January 27, 2027. ECF No. 258 at 2. On October 2, 2026, Defendants filed a motion for summary judgment. ECF No. 283. Plaintiffs' opposition brief is due on October 30, 2026, and Defendants' reply brief is due on November 13, 2026. *See* ECF No. 292.

On October 8, 2026, the parties filed the instant opposed joint motion. ECF No. 293. Therein, Defendants argue that no expert discovery is necessary for supporting or opposing their summary judgment motion, and requiring the parties to engage in expert discovery while the dispositive motion is pending would cause great cost and burden. *Id*. at 6–8. Plaintiffs argue that a stay of expert discovery would cause an unnecessary delay to the progression of a case that has already been pending for eight years. *Id*. at 9, 15.[1] This order follows.

## II. LEGAL STANDARD

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause.[2] FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Ellis v. Arias*, 3:24-cv-00713-TWR-AHG, 2025 WL 3553673, at *1 (S.D. Cal. Dec. 11, 2025); *see also Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("district court has wide discretion in controlling discovery"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609. When a party requests to continue discovery based on the filing of a dispositive motion, good cause may

---

[1] Both parties also argue the merits of Defendants' motion for summary judgment. *See* ECF No. 293 at 8–11, 17–21. The undersigned declines to make any ruling or assessment of the merits of the summary judgment motion, as that is a matter for the district judge.

[2] Further, "[w]hile the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause." *Hicks v. Bzoskie*, No. 2:25-cv-1234-DAD-CSK-P, 2026 WL 191921, at *1 (E.D. Cal. Jan. 23, 2026) (collecting cases).

be found when the pending motion may "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed," and "whether the pending, potentially dispositive motion can be decided absent additional discovery." *Mirabelli v. Olson*, No. 23-cv-00768-BEN-VET, 2024 WL 5689955, at *2 (S.D. Cal. Apr. 15, 2024) (quoting *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630-JAM-KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)). "This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost-and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery." *Noland v. Organo Gold Int'l, Inc.*, No. 2:18-cv-01275-JAD-CWH, 2019 WL 1779568, at *2 (D. Nev. Apr. 23, 2019).

## III. DISCUSSION

"With Rule 1[3] as its prime directive, this [C]ourt must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Here, the Court finds the latter to be most just in this case.

Defendants met their burden to show good cause. First, the pending motion for summary judgment, if granted, would dispose of this case in its entirety. ECF No. 293 at 6. Second, the motion for summary judgment can be decided without expert discovery. *Id*. at 6–7 (Defendants contend, and Plaintiffs do not dispute, that expert testimony is not required for the first issue and impermissible on the second issue). Third, pausing expert discovery until the summary judgment motion is resolved is the most efficient way to proceed. *See Little*, 863 F.2d at 685 (affirming district court's decision to stay discovery until the summary judgment motion was decided because "[t]he stay furthers the goal of efficiency for the court and litigants" and discovery "could not have affected the [summary judgment]

---

[3] FED. R. CIV. P. 1 (rules should be construed by courts "to secure the just, speedy, and inexpensive determination of every action and proceeding").

decision"). Staying expert discovery here, in a case that has been zealously litigated during fact discovery, (*see* ECF Nos. 229, 231, 236, 240, 244, 246, 257, 267, 272, 274), will best accomplish the objectives of Rule 1. *See Robertson v. Garcia*, No. 1:17-cv-01022-DAD-BAM, 2019 U.S. Dist. LEXIS 85648, at *2–*3 (E.D. Cal. May 21, 2019) (staying discovery because "[p]roceeding with discovery for defendants and claims that may be disposed of by the pending summary judgment motion will result in unnecessary motion practice, litigation costs, and a waste of judicial resources"); *see also* ECF No. 293 at 5 (Defendants have spent "hundreds of thousands of dollars in litigation expenses … [and would need] to spend tens of thousands more on expert discovery and reports").

The Court therefore finds that a stay of expert discovery is warranted here, and that it is most efficient to vacate the scheduling order and reset deadlines following the district judge's ruling on the summary judgment motion. *See, e.g.*, *Chadwick v. BMO Harris Bank NA*, 675 F. App'x 654, 655 (9th Cir. 2017) (summarily finding that the district court did not abuse its discretion when it stayed discovery until the pending summary judgment motion was adjudicated); *Dickson v. Gomez*, No. 1:17-cv-00294-DAD-BAM, 2020 U.S. Dist. LEXIS 52842, at *4 (E.D. Cal. Mar. 26, 2020) (continuing discovery deadlines until summary judgment motion was decided, explaining that "Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadlines if necessary following a ruling on the pending motion").

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion to continue the expert disclosure and discovery deadlines. ECF No. 293. The Court **VACATES** all dates and deadlines set forth in its June 18, 2026, First Amended Scheduling Order. ECF No. 258. The Court will issue an amended scheduling order *sua sponte* or will set a Case Management Conference after the pending Motion for Summary Judgment (ECF No. 283) is resolved.

**IT IS SO ORDERED.**

Dated: October 12, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge